1
2
3
4
5

Honorable J. Richard Creatura

6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12

IAN SIMMERS,

                Plaintiff,

      v.

KING COUNTY, *et al.*,

                Defendants.

No. 2:21-cv-00100-JRC

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT

**JURY DEMAND**

13
14

      Major McSwain and retired Captains Baxter and Raftis ("the individual Deputies")
answer Plaintiff's Complaint (Dkt. 1) as follows:

15

**ANSWER**

16

**Answer to "Complaint"**

17
18
19
20

      1.     In answer to paragraph 1 of the Complaint, it's admitted that Ian Simmers
was convicted of the 1995 murder of Rodney Gochanaur and that Mr. Simmers was 16
years old at the time of the murder. The remaining allegations in paragraph 1 of the
Complaint are denied.

21
22

      2.     In answer to paragraph 2 of the Complaint, it's admitted that Mr. Simmers
was interviewed by detectives with the Bothell Police Department and the King County

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 1

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1  Sheriff's Office and that Mr. Simmers confessed to having committed the murder. The

2  remaining allegations in paragraph 2 of the Complaint are denied.

3      3.      The allegations in paragraph 3 of the Complaint are denied. In fact, the

4  judge who presided over the criminal case has already rejected these allegations. The

5  judge ruled both that the confession was properly obtained and that Mr. Simmers gave

6  the confession knowingly, intelligently, and voluntarily. Furthermore, his confession

7  included details that only the killer would have known.

8      4.      The allegations in paragraph 4 of the Complaint are denied.

9      5.      In answer to paragraph 5 of the Complaint, it's admitted that a jury

10  convicted Mr. Simmers of Murder in the 1st Degree. It's further admitted that Mr.

11  Simmers received a lengthy sentence, which was to be served concurrently with the

12  sentence for his convictions for numerous other crimes committed around the same

13  time. The remaining allegations in paragraph 5 of the Complaint are denied.

14      6.      The allegations in paragraph 6 of the Complaint are denied. By way of

15  further answer and clarification, it's also specifically denied that DNA testing exonerated

16  Mr. Simmers or played any role in the decision to vacate his conviction.

17      7.      The allegations in paragraph 7 of the Complaint are denied.

18              **Answer to "Jurisdiction and Venue"**

19      8.      Paragraph 8 of the Complaint contains no allegations requiring any

20  response. By way of further answer and clarification, it's specifically denied that Mr.

21  Simmers' rights were violated in any way.

22      9.      In answer to paragraph 8 of the Complaint, it's admitted that the U.S.

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 2

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    District Court for the Western District of Washington is a proper venue for this action.

2                              **Answer to "The Parties"**

3        10.    The allegations in paragraph 10 of the Complaint are denied.

4        11.    The allegations in paragraph 11 of the Complaint are admitted.

5        12.    In answer to paragraph 12 of the Complaint, it's admitted that Chief Ericks

6    was Chief of Police for the Bothell Police Department during the investigation and

7    prosecution of Mr. Simmers for the murder of Mr. Gochanaur. The individual Deputies

8    lack information sufficient to form a belief about the truth of the remaining allegations in

9    paragraph 12 of the Complaint.

10       13.    In answer to paragraph 13 of the Complaint, it's denied that any police

11   misconduct occurred during the murder investigation. The individual Deputies lack

12   information sufficient to form a belief about the truth of the remaining allegations in

13   paragraph 13 of the Complaint.

14       14.    In answer to paragraph 14 of the Complaint, it's admitted that at the time

15   of the murder investigation Detective Sergeant Rusk and then-Detective McSwain were

16   members of the King County Police Department, which is now called the King County

17   Sheriff's Office. It's denied, however, that Detective Sergeant Rusk is a proper party to

18   this action. He died in 2007, so any potential claims against him or his estate abated

19   years ago.

20       15.    In answer to paragraph 15 of the Complaint, it's admitted that at the time

21   of the murder investigation Major Beard was a member of the King County Police

22   Department, which is now called the King County Sheriff's Office. It's denied, however,

23

INDIVIDUAL DEPUTIES' ANSWER TO          **SEAMARK LAW GROUP PLLC**
PLAINTIFF'S COMPLAINT                   400 WINSLOW WAY E, STE 230
(No. 2:21-cv-00100-JRC) - 3             BAINBRIDGE ISLAND, WA 98110
                                        (206) 502-2510

1  that Major Beard is a proper party to this action. He died in 2016, so any potential

2  claims against him or his estate abated years ago.

3      16.     In answer to paragraph 16 of the Complaint, it's admitted that at the time

4  of the murder investigation Major Beard was the Precinct Commander for Precinct 2.

5  The individual Deputies lack information sufficient to form a belief about the truth of the

6  remaining allegations in paragraph 16 of the Complaint.

7      17.     In answer to paragraph 17 of the Complaint, it's denied that any police

8  misconduct occurred during the murder investigation. The individual Deputies lack

9  information sufficient to form a belief about the truth of the remaining allegations in

10  paragraph 17 of the Complaint.

11      18.     Paragraph 18 of the Complaint contains no allegations requiring any

12  response. To the extent any response is required, the individual Deputies object that

13  Plaintiff's defined terms are vague and confusing as used throughout the Complaint.

14      19.     In answer to paragraph 19 of the Complaint, it's admitted that the

15  individual Deputies were acting in the course and scope of their employment at all

16  relevant times. The individual Deputies lack information sufficient to form a belief about

17  the truth of the remaining allegations in paragraph 19 of the Complaint.

18      20.     In answer to paragraph 20 of the Complaint, it's admitted that King County

19  is a home charter county operating under the laws of the State of Washington; the City

20  of Bothell is a municipal corporation; the individual Deputies were acting within the

21  course and scope of their employment with King County at all relevant times; and the

22  individual Deputies are entitled to a defense and indemnification by King County. The

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 4

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

individual Deputies lack information sufficient to form a belief about the truth of the

remaining allegations in paragraph 20 of the Complaint. By way of further answer and

clarification, it's specifically denied that Mr. Simmers' rights were violated in any way.

**Answer to "The Rodney Gochanaur Murder and Initial Investigation"**

21.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 21 of the Complaint.

22.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 22 of the Complaint.

23.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 23 of the Complaint.

24.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 24 of the Complaint.

25.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 25 of the Complaint.

26.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 26 of the Complaint.

27.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 27 of the Complaint.

28.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 28 of the Complaint.

29.    The individual Deputies lack information sufficient to form a belief about

the truth of the allegations in paragraph 29 of the Complaint.

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 5

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1          **Answer to "The Defendants Coerce . . ."**

2     30.    The allegations in paragraph 30 of the Complaint are denied.

3     31.    The allegations in paragraph 31 of the Complaint are denied.

4     32.    The individual Deputies lack information sufficient to form a belief about

5     the truth of the allegations in paragraph 32 of the Complaint.

6     33.    In answer to paragraph 33 of the Complaint, it's admitted only that

7     Detective Sergeant Rusk assisted Detective Hopkins in interviewing Mr. Simmers about

8     the murder. The individual Deputies lack information sufficient to form a belief about the

9     truth of the remaining allegations in paragraph 33 of the Complaint.

10    34.    In answer to paragraph 34 of the Complaint, it's admitted that Mr.

11    Simmers and another teenager named Jonathan Wyatt were initially arrested by patrol

12    officers for illegally discharging flare guns they had stolen from boats. Mr. Simmers and

13    Mr. Wyatt then confessed to numerous crimes, including vehicle prowls, thefts,

14    malicious mischief, and arson.

15    35.    The allegations in paragraph 35 of the Complaint are denied.

16    36.    The allegations in paragraph 36 of the Complaint are denied.

17    37.    The allegations in paragraph 37 of the Complaint are denied.

18    38.    The allegations in paragraph 38 of the Complaint are denied.

19    39.    The allegations in paragraph 39 of the Complaint are denied.

20    40.    The allegations in paragraph 40 of the Complaint are denied.

21    41.    The allegations in paragraph 41 of the Complaint are denied.

22    42.    The allegations in paragraph 42 of the Complaint are denied.

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 6

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    43.    The allegations in paragraph 43 of the Complaint are denied.

2    44.    The allegations in paragraph 44 of the Complaint are denied.

3    45.    The allegations in paragraph 45 of the Complaint are denied.

4    46.    The allegations in paragraph 46 of the Complaint are denied.

5    47.    The allegations in paragraph 47 of the Complaint are denied.

6    48.    The allegations in paragraph 48 of the Complaint are denied.

7    49.    The allegations in paragraph 49 of the Complaint are denied.

8    50.    The allegations in paragraph 50 of the Complaint are denied. In fact, Mr.

9    Simmers confessed that he committed the murder.

10    51.    The allegations in paragraph 51 of the Complaint are denied.

11    52.    The allegations in paragraph 52 of the Complaint are denied.

12    53.    The allegations in paragraph 53 of the Complaint are denied.

13    54.    The allegations in paragraph 54 of the Complaint are denied.

14    55.    The allegations in paragraph 55 of the Complaint are denied.

15    56.    The allegations in paragraph 56 of the Complaint are denied.

16    57.    The allegations in paragraph 57 of the Complaint are denied.

17    58.    The allegations in paragraph 58 of the Complaint are denied.

18    59.    The allegations in paragraph 59 of the Complaint are denied.

19    60.    The allegations in paragraph 60 of the Complaint are denied.

20    61.    The allegations in paragraph 61 of the Complaint are denied.

21    62.    The allegations in paragraph 62 of the Complaint are denied.

22    63.    The allegations in paragraph 63 of the Complaint are denied.

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 7

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    64.    The allegations in paragraph 64 of the Complaint are denied.

2    65.    The allegations in paragraph 65 of the Complaint are denied.

3    66.    The allegations in paragraph 66 of the Complaint are denied.

4    67.    The allegations in paragraph 67 of the Complaint are denied.

5    68.    The allegations in paragraph 68 of the Complaint are denied.

6    69.    The allegations in paragraph 69 of the Complaint are denied.

7    70.    The allegations in paragraph 70 of the Complaint are denied.

8                    **Answer to "The Defendants Fabricate . . ."**

9    71.    The allegations in paragraph 71 of the Complaint are denied.

10    72.    The allegations in paragraph 72 of the Complaint are denied.

11    73.    The allegations in paragraph 73 of the Complaint are denied.

12    74.    The allegations in paragraph 74 of the Complaint are denied.

13    75.    The allegations in paragraph 75 of the Complaint are denied.

14    76.    The allegations in paragraph 76 of the Complaint are denied.

15    77.    The allegations in paragraph 77 of the Complaint are denied.

16    78.    The allegations in paragraph 78 of the Complaint are denied.

17    79.    The allegations in paragraph 79 of the Complaint are denied.

18    80.    The allegations in paragraph 80 of the Complaint are denied.

19    81.    The allegations in paragraph 81 of the Complaint are denied.

20    82.    The allegations in paragraph 82 of the Complaint are denied.

21    83.    The allegations in paragraph 83 of the Complaint are denied.

22    84.    The allegations in paragraph 84 of the Complaint are denied.

23

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

85.    The allegations in paragraph 85 of the Complaint are denied.

86.    The allegations in paragraph 86 of the Complaint are denied.

87.    The allegations in paragraph 87 of the Complaint are denied.

88.    The allegations in paragraph 88 of the Complaint are denied.

89.    The allegations in paragraph 89 of the Complaint are denied.

**Answer to "Defendants Commit . . ."**

90.    The allegations in paragraph 90 of the Complaint are denied.

91.    The allegations in paragraph 91 of the Complaint are denied.

92.    The allegations in paragraph 92 of the Complaint are denied.

93.    The allegations in paragraph 93 of the Complaint are denied.

94.    The allegations in paragraph 94 of the Complaint are denied.

95.    The allegations in paragraph 95 of the Complaint are denied.

**Answer to "The Defendants Suppress . . ."**

96.    The allegations in paragraph 96 of the Complaint are denied.

97.    The allegations in paragraph 97 of the Complaint are denied.

98.    The allegations in paragraph 98 of the Complaint are denied.

99.    The allegations in paragraph 99 of the Complaint are denied.

100.    In answer to paragraph 100 of the Complaint, it's admitted that Mr. Simmers was subject to criminal prosecution as an adult, was convicted of Murder in the 1st Degree, and was sentenced to 560 months in prison. The remaining allegations in paragraph 100 of the Complaint are denied.

101.    In answer to paragraph 101 of the Complaint, it's denied that there were

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 9

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

"flaws" in the investigation. The individual Deputies lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 101 of the Complaint.

102.    In answer to paragraph 102 of the Complaint, it's admitted or averred that the investigation was conducted properly and in conformance with statewide training and standard police procedures. It's also admitted that the individual Deputies were not disciplined for anything related to the murder investigation because they did not do anything wrong. The individual Deputies lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 102 of the Complaint.

103.    The allegations in paragraph 103 of the Complaint are denied.

104.    The allegations in paragraph 104 of the Complaint are denied.

105.    The allegations in paragraph 105 of the Complaint are denied.

106.    The allegations in paragraph 106 of the Complaint are denied. Among other things, paragraph 106 of the Complaint fails to fully and accurately state applicable law and facts.

107.    The allegations in paragraph 107 of the Complaint are denied. Among other things, paragraph 107 of the Complaint fails to fully and accurately state applicable law and facts.

108.    The allegations in paragraph 108 of the Complaint are denied.

109.    The allegations in paragraph 109 of the Complaint are denied.

110.    The allegations in paragraph 110 of the Complaint are denied.

**Answer to "Ian's DNA . . ."**

111.    The allegations in paragraph 111 of the Complaint are denied.

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 10

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

112.    In answer to paragraph 112 of the Complaint, it's admitted or averred that in 2019 Mr. Simmers filed a motion to vacate his murder conviction. The motion argued the risk of false confessions, especially by juveniles, was better understood in 2019 than it was in 1996 when Mr. Simmers was convicted. The allegation in paragraph 112 of the Complaint that DNA test results exonerated Mr. Simmers, however, is denied.

113.    In answer to paragraph 113 of the Complaint, it's admitted or averred that the State of Washington, represented by the criminal division of the King County Prosecutor's Office, also moved to vacate the murder conviction and that the Court granted the motion. The remaining allegations, if any, in paragraph 113 of the Complaint are denied.

### Answer to "Plaintiff's Damages"

114.    The allegations in paragraph 114 of the Complaint are denied.

115.    The allegations in paragraph 115 of the Complaint are denied.

116.    The allegations in paragraph 116 of the Complaint are denied.

117.    The allegations in paragraph 117 of the Complaint are denied.

118.    The allegations in paragraph 118 of the Complaint are denied.

119.    The allegations in paragraph 119 of the Complaint are denied.

120.    The individual Deputies lack information sufficient to form a belief about the truth of the allegations in paragraph 120 of the Complaint.

121.    The allegations in paragraph 121 of the Complaint are denied.

### Answer to "Count 1 . . . 5th Amendment . . . Self-Incrimination, Right to Counsel"

122.    In response to paragraph 122 of the Complaint, the individual Deputies

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 11

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    incorporate the corresponding paragraphs of their Answer.

2        123.    In answer to paragraph 123 of the Complaint, it's admitted that at all

3    relevant times the individual Deputies were acting in the course and scope of their

4    employment. The remaining allegations in paragraph 123 of the Complaint are denied.

5        124.    The allegations in paragraph 124 of the Complaint are denied.

6        125.    The allegations in paragraph 125 of the Complaint are denied.

7        126.    The allegations in paragraph 126 of the Complaint are denied.

8        127.    The allegations in paragraph 127 of the Complaint are denied.

9        128.    The allegations in paragraph 128 of the Complaint are denied.

10        129.    The allegations in paragraph 129 of the Complaint are denied.

11            **Answer to "Count 2 . . . 14th Amendment . . . Due Process"**

12        130.    In response to paragraph 130 of the Complaint, the individual Deputies

13    incorporate the corresponding paragraphs of their Answer.

14        131.    In answer to paragraph 131 of the Complaint, it's admitted that at all

15    relevant times the individual Deputies were acting in the course and scope of their

16    employment. The remaining allegations in paragraph 131 of the Complaint are denied.

17        132.    The allegations in paragraph 132 of the Complaint are denied.

18        133.    The allegations in paragraph 133 of the Complaint are denied.

19        134.    The allegations in paragraph 134 of the Complaint are denied.

20        135.    The allegations in paragraph 135 of the Complaint are denied.

21        136.    The allegations in paragraph 136 of the Complaint are denied.

22

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 12

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1

**Answer to "Count 3 . . . 6th Amendment . . . Fair Trial"**

2       137.    In response to paragraph 137 of the Complaint, the individual Deputies

3  incorporate the corresponding paragraphs of their Answer.

4       138.    In answer to paragraph 138 of the Complaint, it's admitted that at all

5  relevant times the individual Deputies were acting in the course and scope of their

6  employment. The remaining allegations in paragraph 138 of the Complaint are denied.

7       139.    The allegations in paragraph 139 of the Complaint are denied.

8       140.    The allegations in paragraph 140 of the Complaint are denied.

9       141.    The allegations in paragraph 141 of the Complaint are denied.

10       142.    The allegations in paragraph 142 of the Complaint are denied.

11       143.    The allegations in paragraph 143 of the Complaint are denied.

12       144.    In answer to paragraph 144 of the Complaint, it's admitted or averred that

13  the investigation was conducted properly and in conformance with statewide training

14  and standard police procedures. The remaining allegations, if any, in paragraph 144 of

15  the Complaint are denied.

16       **Answer to "Count 4 . . . 4th Amendment . . . Detention"**

17       145.    In response to paragraph 145 of the Complaint, the individual Deputies

18  incorporate the corresponding paragraphs of their Answer.

19       146.    In answer to paragraph 146 of the Complaint, it's admitted that at all

20  relevant times the individual Deputies were acting in the course and scope of their

21  employment. The remaining allegations in paragraph 146 of the Complaint are denied.

22       147.    The allegations in paragraph 147 of the Complaint are denied.

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 13

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

148.    The allegations in paragraph 148 of the Complaint are denied.

149.    In answer to paragraph 149 of the Complaint, it's admitted that in 2019 Mr. Simmers and the State of Washington moved to vacate the murder conviction and that the Court granted the motion. The remaining allegations in paragraph 149 of the Complaint are denied.

150.    The allegations in paragraph 150 of the Complaint are denied.

151.    The allegations in paragraph 151 of the Complaint are denied.

152.    In answer to paragraph 152 of the Complaint, it's admitted or averred that the investigation was conducted properly and in conformance with statewide training and standard police procedures. The remaining allegations, if any, in paragraph 152 of the Complaint are denied.

**Answer to "Count 5 – Federal Law Failure to Intervene"**

153.    In response to paragraph 153 of the Complaint, the individual Deputies incorporate the corresponding paragraphs of their Answer.

154.    The allegations in paragraph 154 of the Complaint are denied.

155.    The allegations in paragraph 155 of the Complaint are denied.

156.    The allegations in paragraph 156 of the Complaint are denied.

157.    In answer to paragraph 157 of the Complaint, it's admitted or averred that the investigation was conducted properly and in conformance with statewide training and standard police procedures. The remaining allegations, if any, in paragraph 157 of the Complaint are denied.

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 14

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1      **Answer to "Count 6 . . . Conspiracy to Deprive Constitutional Rights"**

2      158.    In response to paragraph 158 of the Complaint, the individual Deputies

3      incorporate the corresponding paragraphs of their Answer.

4      159.    In answer to paragraph 159 of the Complaint, it's admitted that at all

5      relevant times the individual Deputies were acting in the course and scope of their

6      employment. The remaining allegations in paragraph 159 of the Complaint are denied.

7      160.    The allegations in paragraph 160 of the Complaint are denied.

8      161.    The allegations in paragraph 161 of the Complaint are denied.

9      162.    The allegations in paragraph 162 of the Complaint are denied.

10      163.    The allegations in paragraph 163 of the Complaint are denied.

11      164.    The allegations in paragraph 164 of the Complaint are denied.

12      165.    In answer to paragraph 165 of the Complaint, it's admitted or averred that

13      the investigation was conducted properly and in conformance with statewide training

14      and standard police procedures. The remaining allegations, if any, in paragraph 165 of

15      the Complaint are denied.

16      **Answer to "Count 7 – Federal Law . . . Municipal Liability"**

17      166.    In response to paragraph 166 of the Complaint, the individual Deputies

18      incorporate the corresponding paragraphs of their Answer.

19      167.    The allegations in paragraph 167 of the Complaint are denied.

20      168.    In answer to paragraph 168 of the Complaint, it's admitted or averred that

21      the investigation was conducted properly and in conformance with statewide training

22      and standard police procedures. The remaining allegations, if any, in paragraph 168 of

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 15

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    the Complaint are denied.

2        169.    The allegations in paragraph 169 of the Complaint are denied.

3        170.    The allegations in paragraph 170 of the Complaint are denied.

4        171.    The allegations in paragraph 171 of the Complaint are denied.

5        172.    The allegations in paragraph 172 of the Complaint are denied.

6        173.    The allegations in paragraph 173 of the Complaint are denied.

7        174.    The allegations in paragraph 174 of the Complaint are denied.

8        175.    The allegations in paragraph 175 of the Complaint are denied.

9        176.    The allegations in paragraph 176 of the Complaint are denied.

10       177.    The allegations in paragraph 177 of the Complaint are denied.

11       178.    The allegations in paragraph 178 of the Complaint are denied.

12       179.    The allegations in paragraph 179 of the Complaint are denied.

13       180.    The allegations in paragraph 180 of the Complaint are denied.

14       181.    The allegations in paragraph 181 of the Complaint are denied.

15                    **Answer to "Count 8 . . . Malicious Prosecution"**

16       182.    In response to paragraph 182 of the Complaint, the individual Deputies

17   incorporate the corresponding paragraphs of their Answer.

18       183.    The allegations in paragraph 183 of the Complaint are denied.

19       184.    The allegations in paragraph 184 of the Complaint are denied.

20       185.    The allegations in paragraph 185 of the Complaint are denied.

21       186.    In answer to paragraph 186 of the Complaint, it's admitted that in 2019 Mr.

22   Simmers and the State of Washington moved to vacate the murder conviction and that

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 16

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    the Court granted the motion. The remaining allegations in paragraph 186 of the

2    Complaint are denied.

3            187.    The allegations in paragraph 187 of the Complaint are denied.

4            188.    The allegations in paragraph 188 of the Complaint are denied.

5                          **Answer to "Count 9 . . . Outrage"**

6            189.    In response to paragraph 189 of the Complaint, the individual Deputies

7    incorporate the corresponding paragraphs of their Answer.

8            190.    The allegations in paragraph 190 of the Complaint are denied.

9            191.    The allegations in paragraph 191 of the Complaint are denied.

10           192.    The allegations in paragraph 192 of the Complaint are denied.

11           193.    The allegations in paragraph 193 of the Complaint are denied.

12                   **Answer to "Count 10 – State Law Civil Conspiracy"**

13           194.    In response to paragraph 194 of the Complaint, the individual Deputies

14   incorporate the corresponding paragraphs of their Answer.

15           195.    The allegations in paragraph 195 of the Complaint are denied.

16           196.    The allegations in paragraph 196 of the Complaint are denied.

17           197.    The allegations in paragraph 197 of the Complaint are denied.

18           198.    The allegations in paragraph 198 of the Complaint are denied.

19                  **Answer to "Count 11 . . . Respondeat Superior"**

20           199.    In response to paragraph 199 of the Complaint, the individual Deputies

21   incorporate the corresponding paragraphs of their Answer.

22           200.    In answer to paragraph 200 of the Complaint, it's admitted that at all

23

INDIVIDUAL DEPUTIES' ANSWER TO                    **SEAMARK LAW GROUP PLLC**
PLAINTIFF'S COMPLAINT                             400 WINSLOW WAY E, STE 230
(No. 2:21-cv-00100-JRC) - 17                      BAINBRIDGE ISLAND, WA 98110
                                                 (206) 502-2510

1    relevant times the individual Deputies were acting in the course and scope of their

2    employment with King County. The remaining allegations, if any, regarding the

3    individual Deputies in paragraph 200 of the Complaint are denied.

4        201.    In answer to paragraph 201 of the Complaint, it's admitted that at all

5    relevant times the individual Deputies were acting in the course and scope of their

6    employment with King County. The remaining allegations, if any, regarding the

7    individual Deputies in paragraph 201 of the Complaint are denied.

8                    **Answer to "Count 12 – State Law Negligence"**

9        202.    In response to paragraph 202 of the Complaint, the individual Deputies

10    incorporate the corresponding paragraphs of their Answer.

11        203.    It's denied that paragraph 203 of the Complaint fully and accurately states

12    applicable law.

13        204.    The allegations in paragraph 204 of the Complaint are denied.

14        205.    The allegations in paragraph 205 of the Complaint are denied.

15        206.    The allegations in paragraph 206 of the Complaint are denied.

16        207.    The allegations in paragraph 207 of the Complaint are denied.

17                    **Answer to "Count 13 – State Law Indemnification"**

18        208.    In response to paragraph 208 of the Complaint, the individual Deputies

19    incorporate the corresponding paragraphs of their Answer.

20        209.    In answer to paragraph 209, it's admitted only that the individual Deputies

21    acted within the course and scope of their employment with King County at all relevant

22    times. The remaining allegations, if any, regarding the individual Deputies in paragraph

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 18

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    209 of the Complaint are denied.

2        210.    In answer to paragraph 210, it's admitted only that the individual Deputies

3    are entitled to a defense and indemnification by King County. The remaining allegations,

4    if any, regarding the individual Deputies in paragraph 210 of the Complaint are denied.

5                    **DENIAL OF "PRAYER FOR RELIEF"**

6        It's denied that Plaintiff is entitled to any of the relief he has requested in the

7    Complaint.

8                        **DENIAL OF LIABILITY**

9        Except as specifically admitted above, Plaintiff's allegations are denied. Any

10    liability to Plaintiff is denied.

11                        **AFFIRMATIVE DEFENSES**

12        Without conceding that they have the burden of proof on any issue, the individual

13    Deputies assert the following additional defenses:

14        1.    The Complaint fails to state a claim upon which relief can be granted.

15        2.    Plaintiff's alleged injuries and damages were caused by the comparative

16    fault of Plaintiff, other parties, or unknown nonparties, and RCW 4.22.070 applies.

17        3.    Plaintiff's alleged damages were caused by his own wanton, willful,

18    intentional, and criminal misconduct.

19        4.    Plaintiff assumed the risk of harm.

20        5.    Plaintiff might have failed to mitigate his alleged injuries and damages.

21        6.    The individual Deputies' actions were reasonable and justified under the

22    circumstances.

23

INDIVIDUAL DEPUTIES' ANSWER TO                    **SEAMARK LAW GROUP PLLC**
PLAINTIFF'S COMPLAINT                             400 WINSLOW WAY E, STE 230
(No. 2:21-cv-00100-JRC) - 19                      BAINBRIDGE ISLAND, WA 98110
                                                  (206) 502-2510

1    7.    The individual Deputies' actions were privileged and, therefore, cannot be

2    the basis for liability.

3    8.    The individual Deputies have qualified immunity under both federal law

4    and state law.

5    9.    Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's claims are

6    barred because they imply the invalidity of his criminal convictions.

7    10.    Plaintiff's state-law claims may be barred by his failure to comply with the

8    claim-filing statute.

9    11.    Plaintiff's claims are precluded by the doctrine of judicial estoppel.

10    12.    Plaintiff's claims are precluded by the doctrine of collateral estoppel.

11    13.    Plaintiff's claims are barred by the statute of limitations.

12    14.    Plaintiff has unclean hands.

13    15.    Plaintiff's claims are barred by the doctrine of laches.

14    16.    Plaintiff lacks standing to bring any claim related to the interrogation of

15    Jonathan Wyatt.

16    17.    Major Beard and Detective Sergeant Rusk are deceased. The claims

17    against them or their estates abated years ago and are barred by RCW 11.40.051 and

18    42 USC 1988.

19    The individual Deputies reserve the right to amend their Answer to assert

20    additional affirmative defenses revealed in the course of investigation and discovery.

21    **JURY DEMAND**

22    The individual Deputies demand that all issues be tried to a jury.

23

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 20

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

**PRAYER FOR RELIEF**

The individual Deputies pray for relief as follows:

1.      Dismissal of Plaintiff's action with prejudice;

2.      An award to them of their attorney's fees and costs, pursuant to 42 USC § 1988, RCW 4.84.185, and other applicable law; and

3.      Any other relief the Court deems just and equitable.

DATED: March 8, 2021

> SEAMARK LAW GROUP PLLC
> Attorneys for Major McSwain and
> Captains Baxter and Raftis
>
> *s/Geoff Grindlenad*
> Geoff Grindeland, WSBA No. 35798
> Nikki Carsley, WSBA No. 46650
> Seamark Law Group PLLC
> 400 Winslow Way E, Ste 230
> Bainbridge Island, WA 98110
> (206) 502-2510
> geoff@seamarklaw.com
> nikki@seamarklaw.com

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 21

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following:

**Attorneys for Plaintiff**
David B. Owens
John Hazinski

**Attorney for King County**
Samantha D. Kanner

**Attorneys for Bothell Defendants**
Shannon M. Ragonesi
Paul Joseph Triesch

I further certify that on the date below I mailed by U.S. Postal Service a copy of the

foregoing document to the following non-CM/ECF participants:

**N/A**

DATED: March 8, 2021

*s/Geoff Grindeland*
Geoff Grindeland

INDIVIDUAL DEPUTIES' ANSWER TO
PLAINTIFF'S COMPLAINT
(No. 2:21-cv-00100-JRC) - 22

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510