1

2

The Honorable Richard A. Jones
The Honorable Magistrate J. Richard Creatura

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

IAN SIMMERS,

Plaintiff,

No. 2:21-CV-00100-RAJ-JRC

8

9

vs.

KING COUNTY, et al.,

KING COUNTY'S FRCP 12(c)
MOTION TO DISMISS

10

11

Defendants.

*Noted for April 16, 2021*

12

13

## I.     IDENTITY OF PARTY AND RELIEF REQUESTED

14

15

Defendant King County respectfully ask this Court to dismiss Plaintiff Ian Simmers'

claims against King County with prejudice, pursuant to Fed. R. Civ. P. 12(c).  Simmers' various

16

claims against King County must be dismissed as a matter of law pursuant to collateral estoppel,

17

judicial estoppel, *Heck[1]*, the statute of limitations, standing, and failure to state a basis for

*Monell[2]* liability.

18

19

## II.     EVIDENCE RELIED UPON

20

For purposes of deciding a motion to dismiss pursuant to FRCP 12(c), in addition to

21

considering the complaint and answers thereto, this court may also take judicial notice of rulings,

22

23

[1] *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994)
[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

transcripts and court documents from the underlying criminal proceedings in state court.

Pursuant to Federal Rule of Evidence 201, the Court is permitted to take judicial notice of

adjudicative facts "not subject to reasonable dispute," and "capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned."  FRE 201;

*Rupert v. Bond*, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014).  Further, in a Rule 12 motion the

court may also consider evidence upon which a complaint "necessarily relies" if:  (1) the

complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no

party questions the authenticity of the document. *United States v. Corinthian Colleges*, 655 F.3d

984, 999 (9th Cir. 2011).  Accordingly, Defendants have submitted witness lists, motions, and

orders contained in the criminal case docket as well as transcript from pretrial motions from the

criminal trial, which may be considered in the course of this motion.  *See* Dkt. ___ (Declaration

of Kanner).

## III.   ISSUES

1.      Is Simmers collaterally estopped from making claims based on issues that

Washington State courts already decided?  Yes.

2.      Is Simmers judicially estopped from making claims based on his confession

where he made recently made contradictory representations to the state court in order to vacate

his conviction?  Yes.

3.      Is Simmers barred from making claims based on his confession pursuant to *Heck*

*v. Humphrey* where his confession provided a factual basis for convictions that have not been

vacated?  Yes.

4.      Are Simmers' state law claims and Fourth Amendment arrest claims barred by the

statute of limitations?  Yes.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1      5.      Are Simmers' claims regarding the interrogation of another individual barred

2   because he lacks standing?  Yes.

3      6.      Does Simmers fail to sufficiently state a claim against King County pursuant to

4   *Monell*?  Yes.

5                              **IV.    FACTS**

6   **A.  SIMMERS' CONVICTIONS FOR ARSON, VEHICLE PROWL AND MURDER**

7           In 1995, Simmers was arrested for vehicle prowl, arson, and malicious mischief and

8   interrogated on those charges.  *See Kanner Decl., Ex A, B, N*.  Police also questioned another

9   suspect who was with Simmers, Jonathan Wyatt.  *Id*.  In the course of these interrogations,

10  Simmers and Wyatt were also questioned regarding a murder that had occurred near the location.

11  Simmers confessed to the arsons, vehicle prowls, and thefts.  *Id*.  Wyatt also confessed to the

12  arsons, vehicle prowls, and thefts.  *Id*.  Wyatt further informed police that Simmers had

13  committed the murder.  Simmers confessed to the murder.  *Id*.  The lead agency in investigating

14  the murder was the City of Bothell, whereas King County police were initially investigating the

15  prowls and arsons and then assisted Bothell when Simmers and Wyatt were connected to the

16  murder.  *Id*.

17          Although Simmers was a teenager at the time of the crimes, he was charged as an adult in

18  King County Superior Court in two separate cases: one case for arson, vehicle prowl, and

19  malicious mischief, and another case for murder.  On December 20, 1995, Simmers pled guilty

20  to two counts of Arson in the Second Degree and ten counts of Vehicle Prowl in the First

21  Degree.  *Id. at Ex. N, O*.

22          In litigating the murder charge, Simmers claimed in pre-trial proceedings that his

23  confession was coerced and therefore inadmissible.  *Id. at A-C*.  The Superior Court heard

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   testimony from all of the officers present during the course of the custodial interrogation of

2   Simmers.  They were cross examined by his well-respected criminal defense attorney, John

3   Hicks, regarding allegedly coercive and/or deceptive tactics.  *Id.*  Mr. Hicks cross examined the

4   officers about portions of the interrogation that were not tape recorded and whether the officers

5   purposely or inadvertently fed Simmers information that led his taped confession to include facts

6   that would only have been known to the killer.  *Id.*  Both the tape-recorded confession and the

7   forms advising Simmers of his rights (including specific juvenile warnings) were admitted into

8   evidence at the hearing.[3]  *Id.*  Additionally, as is required under CrR 3.5, Simmers was advised of

9   his right to testify at the hearing and ultimately declined to do so.  *Id.*

10      Simmers submitted briefing and oral argument to the state court asserting that the police

11   officers' tactics, the setting, and Simmers' age and maturity were such that his confession should

12   be suppressed as violative of his constitutional rights.  *Id.*  After considering the facts and

13   argument, the Superior Court issued oral rulings from the bench and later issued a written ruling.

14   *Id. at Ex. A (VRP 3/13/96, p. 133-140), G.*  It found that the confession was properly obtained by

15   police and that Simmers was properly Mirandized.  *Id.*  It further determined that the confession

16   was knowingly, intelligently, and voluntarily given and that Simmers' will had not been

17   overborne by deceptive tactics, suggestions and ruses.  *Id.*

18      The confession was admitted at Simmers' trial for Murder in the First.  He presented an

19   alibi defense.  *Id. at J.*  Simmers was convicted by a jury at trial.  *Id. at C, E, F.*  Simmers was

20   sentenced for his Arson, Vehicle Prowl and Murder convictions on May 10, 1996; he received

21

22

23   _____
[3] The transcript of the taped portion of the confession is a part of *Ex. K* as the transcript was a
part of Simmers' 2019 motion to vacate.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  concurrent sentences.  *Id. at F, O.*  He did not appeal his convictions for Arson and Vehicle

2  Prowl, nor has he ever challenged those convictions.

3      In the Murder case, pending appeal to the Washington State Court of Appeals, Simmers

4  filed a post-trial motion for a new trial alleging *Brady* violations related to jailhouse informant

5  Kevin Olsen.  *Id. at H, I.*  The trial court held an evidentiary hearing on the motion and entered

6  extensive findings on the motion.  *Id.*  The motion was denied.

7      Following the post-trial motion, in his appeal Simmers claimed the trial court erred by

8  failing to instruct the jury on a lesser included offense and argued that a new trial was warranted

9  by the withholding of *Brady* information related to Kevin Olsen.  *Id. at J.*  Although he had the

10  opportunity, he did not appeal the pre-trial rulings related to his confession.  *Id.*  The Court of

11  Appeals affirmed the murder conviction in 1999.  In affirming Simmers' conviction and the trial

12  court's denial of instructing on a lesser included offense the Court of Appeals expressly relied on

13  the substance of Simmers' unchallenged confession as the basis for upholding the trial court's

14  ruling.  *Id.*

15  **B.  2019 MOTION TO VACATE MURDER CONVICTION**

16      In 2019, Simmers again moved to vacate his murder conviction and order a new trial

17  under CrR 7.8.  *Id. at K.*  He alleged "newly discovered evidence," namely recent research

18  regarding the teenage brain and the reliability of juvenile confessions.  *Id.*  While the State of

19  Washington did not agree that Simmers was innocent of the crime, it agreed to vacate Simmers'

20  murder conviction due to the newly discovered evidence.  *Id. at L.*  Given the time that Simmers

21  had already served, the State also indicated that it would not seek to retry him for the murder.  *Id.*

22  The Superior Court vacated Simmers' murder conviction on February 26, 2019.  *Id. at M.*

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

### C.  THE CURRENT LAWSUIT

2

Simmers current lawsuit alleges state law claims of malicious prosecution, outrage,

3

conspiracy, and negligence.  Dkt. 1.  He also alleges federal claims for violations of his Fourth,

4

Fifth, Sixth, and Fourteenth Amendment rights, as well as allegations of Failure to Intervene and

5

Conspiracy to Violate his Constitutional Rights.  He claims that King County is liable for his

6

state law claims under *respondeat superior* and for his federal claims under *Monell*.  His factual

7

allegations break down into three categories: (1) that Simmers was interrogated by King County

8

and Bothell police officers in violation of *Miranda*[4] and that his confession was coerced; (2) that

9

John Wyatt was interrogated by King County and Bothell police officers in violation of *Miranda*

10

and that his confession was coerced; and (3) that Bothell police officers convinced Kevin Olsen

11

(a jailhouse informant) to give false testimony claiming that Simmers had confessed to the

12

murder while in jail.  In addition, Simmers alleges that the officers conspired to carry out these

13

unlawful acts.

14

### V.     LEGAL ARGUMENT

15

### A.  STANDARD OF REVIEW

16

A Rule 12(c) motion for judgment on the pleadings is considered utilizing the same

17

standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

18

relief can be granted.  *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988).  A

19

plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.  *Bell*

20

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  A complaint may be

21

dismissed if: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

22

23

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

alleged insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).  Although the court must accept all material allegations in the complaint as true, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.  *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir.1987).

### B.  COLLATERAL ESTOPPEL BARS SIMMERS' CLAIMS

Washington state law determines the binding effect of rulings from a prior state criminal court proceeding.  *Haring v. Prosise*, 462 U.S. 306, 313, 103 S.Ct. 2368 (1983); <u>*Davis v. Clark County, Wash.*</u>, 966 F.Supp.2d 1106 (W.D.Wash. 2013); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411 (1980); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.1990).  In Washington, the doctrine of collateral estoppel "may be applied in a civil action in which a party seeks to retry issues resolved against a defendant in a previous criminal case, as well as in a civil rights action in which issues raised are the same as those determined in a criminal case."  *Hanson v. Snohomish*, 121 Wn.2d 552, 561–62, 852 P.2d 295 (1993).  The requirements for application of the doctrine of collateral estoppel in Washington are that (1) the issue decided in the prior adjudication must be identical to the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice.  *Id*. at 562.  Collateral estoppel bars re-litigation of "issues actually litigated" and "necessarily decided" in a prior adjudication.  *City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd*., 164 Wn.2d 768, 792, 193 P.3d 1077 (2008).  Rulings from a criminal trial of issues that were fully litigated may serve as the basis for collateral estoppel in other proceedings.  *Thompson v. State, Dept. of Licensing*, 138 Wn.2d 783, 800, 982 P.2d 601 (1999).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    In order to prevail on a § 1983 claim based on allegations of a false arrest or false

2    imprisonment[5] a plaintiff "must demonstrate that there was no probable cause to arrest him."

3    *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998).  In order to prevail on a

4    § 1983 claim for malicious prosecution[6] a plaintiff must demonstrate "that the defendants

5    prosecuted [him] with malice and without probable cause, and that they did so for the purpose of

6    denying [him] equal protection or another specific constitutional right."  *Awabdy v. City of*

7    *Adelanto*, 368 F.3d 1062, 1066 (9th Cir.2004).  Collateral estoppel bars plaintiff from

8    challenging his arrest and prosecution in this action because the issue of probable cause was

9    already determined in plaintiff's state court criminal proceedings.  As such, probable cause is a

10   complete defense to these claims.  *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558, 852 P.2d

11   295 (1993).  *See also Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994) (holding that state

12   judge's finding that probable cause existed to hold a defendant over for trial barred subsequent

13   re-litigation as to whether probable cause existed).

14   The Washington State Supreme Court's decision in *Hanson,* 121 Wn.2d 552, is binding

15   authority on the applicability of collateral estoppel in this case.  In *Hanson*, the plaintiff was

16   charged with assault for shooting a convenience store clerk.  *Id.* at 554.  The victim identified

17   Hanson as her assailant.  *Id.*  Hanson was initially convicted, after unsuccessfully challenging the

18   identification procedure, but the conviction was reversed on appeal based on a separate

19   evidentiary error.  *Id.*  On remand, Hanson was acquitted on the same evidence that had been

20

---

21   [5] False imprisonment appears to be the basis for Simmers' Fourth Amendment claim titled
22   Detention without Probable Cause.
     [6] Malicious prosecution appears to be the basis for the rest of Simmers' federal claims as
23   Simmers alleges that the police officer defendants conspired to falsify/coerce evidence against
     him for the purpose of maliciously prosecuting him.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

presented in the original trial. *Id.* Hanson sued the police agency that investigated the crime for defamation, malicious prosecution, false arrest and imprisonment, negligent investigation and civil rights claims. Hanson's claims were based on allegations that the identification procedures used by police that led to the primary evidence in the case, an eye witness identification, were impermissibly suggestive and that police purposefully manipulated the composite drawing, the photographic montage and the videotape lineup leading to his wrongful identification. In the underlying criminal action, Hanson had moved for suppression of the identification evidence claiming the identification was manipulated, impermissibly suggestive and improper on the part of the police.

The Washington Supreme Court affirmed dismissal of the malicious prosecution claims on collateral estoppel grounds on the basis that probable cause is a complete bar. The Court reasoned that the initial conviction was "conclusive evidence of probable cause" even though Hanson was subsequently acquitted on the same evidence. *Id.* at 560.[7] As to the dismissed claims (all but the defamation claim) the Washington Supreme Court affirmed on collateral estoppel grounds because Hanson raised the same issues in his criminal case and they had been decided against him.[8]

The facts of this case are akin to those in *Hansen* and justify application of collateral estoppel: (1) Simmers asserted his confession was involuntary and not in compliance with

---

[7] The court held that the malicious prosecution action was precluded because "a conviction is strong evidence that there was enough of a case to persuade a jury of guilt beyond a reasonable doubt, and thus is evidence that there was, at the very least, probable cause." *Id*. at 559.
[8] As the Supreme Court held there "[t]he issue was and is whether the Snohomish police impermissibly manipulated identification evidence." *Id.* at 563. Here, the issue was and is whether the police violated Simmers' *Miranda* rights or otherwise coerced his confession. As such, the same bar should apply.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   *Miranda* in a pretrial hearing where the court determined the confession to be knowing,

2   intelligently, and voluntarily and determined that Simmers was properly advised of his rights

3   pursuant to *Miranda*; (2) Simmers was convicted at trial and his conviction was upheld on appeal

4   (both constituting a final judgment on the merits); and (3) Simmers was the defendant in the

5   criminal case.[9]  Although newly discovered evidence supported vacation of the conviction, these

6   prior adjudications preclude Simmers' averments that the police violated his rights in the mid-

7   1990s – well before the newly discovered evidence became available.  Under the facts and law

8   applicable to officers at that time, Simmers' challenges to his conviction were fully litigated to

9   conclusion and his conviction was deemed wholly proper.

10         The same logic applies to the allegations made here that police officers conspired with

11   jailhouse informant Olsen or otherwise incentivized Olsen to provide false testimony in the

12   criminal case against Simmers.[10]  Not only does Simmers' claim fail to offer sufficient

13   allegations of any conspiracy or inducement made by police to Olsen, but the Washington State

14   trial court held a post-trial hearing in 1997 regarding whether Olsen was incentivized in any way

15   to offer testimony against Simmers.  The state trial court heard testimony from a deputy

16   prosecutor and from one of the investigating police officers (Defendant Hopkins in this matter)

17   ───────────────

18   [9] Similarly to the identification in *Hansen*, the Court of Appeals relied on Simmers' confession
    in its holding on appeal.  The circumstances of this case for application of collateral estoppel are
19   even stronger than that argued in Hansen, was never acquitted, rather the State merely has
    indicated that it does not intend to re-try Simmers.

20   [10] This allegation appears only to be directed at Bothell police officers as Simmers' complaint
    only names Bothell officers as participants in this alleged conspiracy and a plaintiff in a § 1983
21   suit must plead that each defendant, through their own individual actions, has violated the
    Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868
22   (2009).  Most of Simmers' allegations amount to improper group pleading and should not be
    deemed sufficient to state claims against individual or municipal defendants.  However, to the
23   extent that this allegation is intended against King County officers, it is barred by collateral
    estoppel.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

regarding any alleged inducements/benefits.  Following the testimony, the State court concluded

that "Olsen did not receive special consideration or any kind of benefit from the State in

exchange for his testimony in the defendant's case.  There is no evidence of any agreement

between the State and Olsen in exchange for testimony."[11]  *Kanner Decl, Ex. I*, (conclusion of

law 4).  As the trial court ruled on the very issue alleged in this matter, a claim that alleges that

Olsen was induced to offer testimony against Simmers, the State court's prior findings are

binding on Simmers.

Finally, application of collateral estoppel would not work an injustice in this case.  Under

Washington law, courts consider whether the party against whom the estoppel is asserted had an

incentive to vigorously litigate the issue in the prior litigation, as well as a full and fair

opportunity to do so.  *Hadley v. Maxwell*, 144 Wn.2d 306, 312, 27 P.3d 600 (2001).  Simmers

had a strong incentive to vigorously litigate the criminal case, and did so with the assistance of

counsel.[12]  The fact that the reliability of Simmers' confession was the subject of his 2019

motion for relief under CrR 7.8 (requesting the court vacate his conviction and order a new trial)

does not change the justification for application of collateral estoppel here.  In his motion to

vacate, Simmers acknowledged that the new evidence he was presenting would not render his

confession inadmissible in a retrial.  *Kanner Decl., Ex. K* (p. 13).  Instead Simmers argued that a

new trial was warranted so that he could present expert evidence that would call into question the

---

[11] Brady obligations include evidence in the prosecutor's file as well as evidence in the
possession of the police working with the prosecution on a given case. *State v. Lord*, 161 Wn.2d
276, 292, 165 P.3d 1251 (2007) (*citing Kyles v. Whitley*, 514 U.S. 419, 438, 115 S. Ct.
1555(1995)).  As such, the conclusions made by the trial court take into account information
known to both police and the prosecutor as well as any inducements made by either.
[12] As Simmers defense at trial were those of alibi and general denial, he contested the reliability
of both his confession and the jailhouse informant's testimony at trial.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

reliability and/or weight of such a confession.  *Id.*  At the very worst, the vacation of his

conviction proves that the state criminal justice system was able to accommodate the possible

effects of newly discovered evidence, not that Simmers was wrongly convicted or otherwise

innocent of the charge.

### C.  JUDICIAL ESTOPPEL BARS SIMMERS' CLAIMS

"Judicial estoppel is an equitable doctrine that precludes a party from asserting one

position in a court proceeding and later seeking an advantage by taking a clearly inconsistent

position." *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538, 160 P.3d 13 (2007).  It protects the

integrity of the judicial process. *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808

(2001).  It also "seeks …to avoid inconsistency, duplicity, and ... waste of time." *Arkison*, 160

Wn.2d at 538 (internal quotations removed).  Judicial estoppel applies to questions of both fact

and law.  *Kellar v. Estate of Kellar*, 172 Wn.App. 562, 579–80 n. 3, 291 P.3d 906 (2012) (*citing*

*Anfinson v. FedEx Ground Package System Inc.,* 174 Wn.2d 851, 865–66, 281 P.3d 289 (2012)),

*review denied*, 178 Wn.2d 1025, 312 P.3d 652 (2013).  The Washington State Supreme Court

has outlined three "core factors" to guide the application of judicial estoppel:

(1) whether a party's later position is clearly inconsistent with its earlier position;
(2) whether judicial acceptance of an inconsistent position in a later proceeding would create
    the perception that either the first or the second court was misled; and
(3) whether the party seeking to assert an inconsistent position would derive an unfair
    advantage or impose an unfair detriment on the opposing party if not estopped.

*Arkison*, 160 Wn.2d at 538–39, 160 P.3d 13 (internal quotation marks omitted) (*quoting New*

*Hampshire*, 532 U.S. at 750–51).[13]

---

[13] The Ninth Circuit has adopted the same test as outlined by the U.S. Supreme Court in *New*
*Hampshire v. Maine, supra* for federal claims.  *United Steelworkers of Am. v. Ret. Income Plan*
*For Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 563 (9th Cir. 2008).

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1     In the State criminal court proceeding, Simmers sought relief from his conviction for

2   murder under Washington's CrR 7.8 based on "newly discovered evidence" that could not have

3   been discovered with reasonable diligence in time to move for a new trial withing 10 days of the

4   original verdict.  *Kanner Decl., Ex. K.*  By claiming newly discovered evidence, he was able to

5   avoid an otherwise applicable time-bar to collateral relief.

6     The specific newly discovered evidence that Simmers presented as the basis for relief

7   was recent research and literature regarding the unreliability of juvenile confessions and the

8   susceptibility of juveniles to offer false confessions when standard police interrogation tactics are

9   used.  *Id.*  In support of his motion to vacate Simmers expressly argued that at the time of

10  Simmers' arrest, the Reid interrogation techniques used by the police in Simmers' interrogation

11  (and that of his cohort, Jonathan Wyatt) were considered **widely acceptable** to be used by police

12  with juvenile suspects.[14]  In fact, Simmers' briefing  stated that "[l]ittle or none of this

13  information was available at the time to police, prosecutors, defense attorneys, judges or juries in

14  confession cases." *Id. at K* (p. 12).  These representations, made just two years ago in state court

15  to vacate his conviction, stand in **direct conflict** with Simmers' claims made in his complaint

16  here.

17    In the criminal case, Simmers motion can be essentially summed up as follows: <u>The</u>

18  <u>police interrogated Simmers using techniques that were acceptable at the time but which we now</u>

19  <u>know have a tendency to result in false confessions</u>.  The motivation for Simmers to make that

20  argument was to vacate his conviction and to grant him a new trial where he could raise this new

21

22  _____

    [14] See extensive discussion in Simmers' 2019 brief (*Ex. K, p. 7-8*) in support of relief under CrR
23  7.8 and the specific discussion of the techniques employed by police (ruses, deception, making
    statements rather than asking questions).  See also *Ex. A-C* for the state court's consideration of
    the same in 1996.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   evidence and perhaps result in an acquittal and his freedom.  He was successful in achieving this

2   end.  Conversely, Simmers alleges the exact opposite here:  <u>The police purposely used coercive</u>

3   <u>tactics and conspired to do so knowing it would result in a false confession</u>.  His motivation here

4   is different than that in the criminal case and is to obtain monetary compensation from multiple

5   defendants through a civil action.

6           These opposing stories create a textbook application of judicial estoppel.  First, Simmers

7   claims are strikingly in conflict with one another meeting the first element of collateral estoppel.

8   In the criminal court he painted a picture where police were well intentioned but did not realize

9   their tactics would tend to result in false confessions, whereas here he paints a picture of

10  malicious conspiratorial police who knew their tactics would result in false confessions and

11  intended that outcome.  Second, acceptance of his inconsistent position here would create the

12  perception that Simmers misled either court.  Assuming *arguendo* that the picture Simmers'

13  attempts to paint here were the truth (that the officers knew their tactics would lead to false

14  confession by Simmers), Simmers would have had a direct incentive to mislead the criminal

15  court as these facts would not have met the requirements of CrR 7.8 for granting a new trial and

16  would have been untimely.[15]  There is no question that asserting these contradictory facts

17  indicates that he either misled the criminal court or is misleading this court.  And as such, if

18  allowed to persist in this case asserting a so obviously inconsistent position, Simmers would

19  derive an unfair advantage over police and their employers by allowing Simmers to pursue a

20  wholly inconsistent theory against parties who had no opportunity to participate in the CrR 7.8

21

22  ─────────────────

23  [15] Conversely, if the story he told the State criminal court is true then he has no cause of action against police and their employers even if his confession is false as qualified immunity would bar recovery given that the tactics used were acceptable in 1995/1996.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   motion but are now being sued for civil damages.  This blatant manipulation of the courts should

2   not be permitted and Simmers must be bound by his representations made in the earlier

3   proceeding and barred by judicial estoppel from making inconsistent claims here.

4       **D.  CLAIMS BASED ON ALLEGED VIOLATIONS OF SIMMERS' MIRANDA
            RIGHTS OR THAT SIMMERS' CONFESSION WAS COERCED ARE**

5           **BARRED BY *HECK***

6           Where one conviction has been vacated but another conviction still stands, a plaintiff is

7   barred by *Heck* if his challenge would necessarily imply the invalidity of the conviction that still

8   stands.  *Taylor v. Cty. of Pima*, 913 F.3d 930, 935 (9th Cir. 2019), *cert. denied sub nom. Taylor*

9   *v. Pima Cty., Arizona*, 140 S. Ct. 2508, 206 L. Ed. 2d 463 (2020).  In this case, Simmers'

10  challenges to the confession necessarily imply the invalidity of his convictions for Arson and

11  Vehicle Prowl, which have not been vacated.  Although he pled guilty to these offenses, the

12  validity of his confession was necessary to support his pleas and relied upon by the Superior

13  Court.

14          *Heck* bars § 1983 claims premised on allegedly coerced confessions where success on

15  such claim would call into question the validity of the conviction or sentence.  *Matz v. Klotka*,

16  769 F.3d 517, 531 (7th Cir. 2014) (holding that *Heck* barred claims where the criminal court

17  relied upon the challenged evidence in determining the plaintiff's sentence).  Conversely, § 1983

18  claims alleging coerced confessions are not *Heck*-barred where the  conviction or sentence did

19  not rely upon the challenged evidence.  *See Smith v. City of Hemet*, 394 F.3d 689, 698- 699 (9th

20  Cir. 2005) (holding that Smith's claims were not presumptively barred where it was unknown

21  whether the factual basis for the plaintiff's guilty plea relied upon the confession).  *See also*

22  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir.1996) (holding that claims alleging a coerced

23

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    confession and destroyed evidence were *Heck*-barred because they "would necessarily imply the

2    invalidity of [the defendant's] subsequent convictions and sentences").

3         Thus, whether *Heck* bars claims alleging a coerced confession turns on whether the

4    confession was relied upon by the court for a conviction or sentence that has not been

5    invalidated.  Here, Simmers cannot challenge the voluntariness of his confession because the

6    same confession is necessary to support his separate convictions of two counts for Arson in the

7    Second Degree and ten counts of Vehicle Prowl in the First Degree.  In the Arson/Vehicle Prowl

8    case, Simmers stipulated to the court's reliance upon the certification of probable cause crimes in

9    establishing a factual basis to accept Simmers' *Alford*[16] pleas.  *Kanner Decl., Ex. N, O*.  The

10   primary evidence contained in the probable cause certification and relied upon by the Superior

11   Court in accepting Simmers' guilty plea to these charges in 1995 was his confession.  *Id*.  In fact,

12   for most or all of the vehicle prowl convictions, the only evidence contained in the probable

13   cause certification linking him to the specific vehicles that are the subject of the charges is his

14   confession.  *Id*.  As such, invalidation of Simmers' confession serves to undermine the basis for

15   his convictions for Arson and Vehicle Prowl.  This is precisely what *Heck* bars.

### E.  SIMMERS' STATE LAW CLAIMS AND FOURTH AMENDMENT ARREST CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

17        The statute of limitations for Simmers' state law claims is three years. RCW 4.16.080.

18   When the statute of limitations commenced (accrual) for Simmers' state law claims is governed

19   by Washington State law.  Simmers' claims rest on allegations related to his confession and the

20   testimony of the jailhouse informant.  As such, the claims accrue on the latter of the following:

21   the date Simmers confessed/the date Olsen provided testimony at trial; or at the time of

---

[16] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 16

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

sentencing (where Simmers alleges he was held in custody pending trial and sentencing under RCW 4.16.190). *Gausvik v. Abbey*, 126 Wn. App. 868, 877, 107 P.3d 98, 103–04 (2005) (holding that state law claims accrued when the plaintiff was sentenced per RCW 4.16.190 where he knew the factual basis for claims when the alleged violations happened or when the evidence was admitted at trial and affirming dismissal of state law claims of negligent investigation, outrage, negligent infliction of emotional distress, negligent supervision and training, malicious prosecution, false arrest, false imprisonment, and intentional interference with family relationships as barred by the statute of limitations); *Rodriguez Hidalgo v. Ricardo Perez*, 128 F. App'x 577, 581 (9th Cir. 2005) (same).  In *Gausvik*, the plaintiff contended that his claim could not have accrued until his conviction was invalidated.  *Id.* at 880-81.  But Washington law does not allow tolling under such circumstances.  As the Ninth Circuit recognized in *Hidalgo,* Washington law does not provide for tolling on state law claims even where a plaintiff would be unable to prevail on his/her state claims due to a conviction.  *Id.*  Simmers was present at the time of his allegedly coerced confession and during the use of the confession at trial as well as admission of the jailhouse informant's testimony at trial.  These claims were reflected in his pre and post-trial motions and appeal.  Due to his awareness of the claims, the statute of limitations would have accrued by no later than the date of his sentencing, or due to his age, within three years of his 18th birthday.  *See* RCW 4.16.190.  Thus, all state law claims brought by Simmers needed to be brought by 1999 in order to be deemed timely, which predates this lawsuit by over 20 years.

Additionally, Simmers' Fourth Amendment claim, to the extent it is based on an allegedly false arrest/imprisonment prior to criminal charges being filed, is likewise barred by the statute of limitations.  As explained by the US Supreme Court, false arrest/imprisonment

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

consists of detention without legal process and ends once the person becomes held pursuant to

such process- when he or she is charged and held on such crime. *Wallace v. Kato*, 549 U.S. 384,

389, 127 S. Ct. 1091, 1096 (2007).  Under such circumstances, the federal claim accrues when

legal process is instituted against the person not at their later release.  *Id*. at 390.  To the extent

that Simmers' Fourth Amendment claim is based on his initial arrest and detention prior to

criminal charges being filed, such claim accrued when he turned 18 and expired at the same time

as his state law claims expired.[17]  As such, any false arrest/imprisonment claim based on that

detention is barred by the applicable statute of limitations.

## F.  SIMMERS' CLAIMS BASED ON WYATT'S INTERROGATION ARE BARRED

To satisfy Article III standing, a party must demonstrate: 1) an injury in fact, 2) a causal

connection between the injury and the conduct of which the party complains, and 3) that it is

likely a favorable decision will provide redress.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, at

560–561, 112 S.Ct. 2130 (1992).  A plaintiff must assert his own legal rights and interests, and

cannot rest his claim to relief on the legal rights or interests of third parties.  *Kowalski v. Tesmer*,

543 U.S. 125, 129, 125 S.Ct. 564 (2004).

With regard to claims based on alleged violations of Jonathan Wyatt's rights in the course

of his interrogation, Simmers lacks standing.  Jonathan Wyatt did not testify in Simmers' murder

trial nor was any evidence introduced regarding Wyatt's statements.  *Kanner Decl., Ex. D*.[18]  As

---

[17] Fourth and Fourteenth Amendment claims based on allegations more akin to malicious prosecution (allegations that he was detained without probable cause after being charged) are not barred by the statute of limitations but are barred by other legal doctrines discussed herein.  As Simmers' Fourth Amendment claim does not clearly articulate the term of detention that it is intended to assert, King County raises this statute of limitations bar in an abundance of caution.
[18] Both the State and Simmers agreed that they were not seeking to call Wyatt or introduce evidence of his statements at trial.  *Kanner Decl., Ex. A (VRP 3/11/96 p. 22-28).*

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 18

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Simmers' original conviction establishes probable cause (as explained above) and was not based on any evidence related to Wyatt's interrogation, Simmers cannot claim any injury in fact caused by the alleged violations of Wyatt's rights.  In short, Simmers' claims related to allegations of violations of Jonathan Wyatt's rights are barred due to lack of standing.

### G.  SIMMERS FAILS TO STATE FEDERAL CLAIMS AGAINST KING COUNTY PURSUANT TO MONELL

Because Simmers' claims of constitutional violations are barred for all of the above-mentioned reasons, he cannot plead *Monell* liability against the County based on those claims. However, even if Simmers' federal claims are not otherwise barred, he fails to state a claim against King County pursuant to *Monell*.  In his complaint Simmers alleges two theories of *Monell* liability: policy and practice; and ratification.  In *Rasku v. City of Ukiah*, 460 F. Supp. 3d 934, 944 (N.D. Cal. 2020), the District Court aptly summarized the legal framework for proving *Monell* liability:

To impose *Monell* entity liability for a violation of constitutional rights, a plaintiff *must show* that (1) the plaintiff possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, *and* (4) the policy was the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  The second element of this test may be proven by demonstrating one of the following:

(1) that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom;
(2) that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy; or
(3) that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 19

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342,

2   1346–47 (9th Cir. 1992); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

3          With regard to his ratification theory, Simmers fails to allege any final policy-maker

4   ratified any actions of the individual officers that led to alleged constitutional violations.

5   Simmers alleges only that Defendant Beard and unknown persons in the sheriff's office ratified

6   the actions of officers and that the King County Prosecutor's Office ratified the actions of the

7   officers by the filing of criminal charges on behalf of the State of Washington.  These allegations

8   are insufficient to state a claim for *Monell* liability because Simmers fails to allege any decision

9   or action by a final policy-maker.  Defendant Beard, a Major at the time, was not and is not a

10  final policy-maker within the King County Sheriff's Office.  Likewise, the King County

11  Prosecutor is a separately elected official under state law and indisputably has no policy-making

12  authority over the Sheriff's Office.  As there are no identified policy-makers or actions taken by

13  policy-makers to ratify individual officer's actions, Simmers' ratification theory fails as a matter

14  of law.[19]

15         Simmers pattern and practice allegations similarly fail.  With regard to policies and

16  practices, Simmers offers only mere allegations that unlawful policies and practices existed

17  based on the fact that officers were not disciplined for interrogation tactics used against

18

19

20  [19] From the passage of the King County Charter through 1996, the King County Executive was
    the final policymaker for the King County Sheriff's Office as the sheriff was an appointed
21  position and reported to the executive.  *See Carrick v. Locke*, 125 Wn. 2d 129, 143, 882 P.2d 173
    (1994) (explaining that the County Executive at that time was ultimately responsible for police
22  conduct).  See also King County Ordinance 12301 (1996) putting the proposal to make the King
    County Sheriff an elected position beginning in 1997 to the voters in the1996 November general
23  election.  The ordinance is publicly available at
    https://aqua.kingcounty.gov/council/clerk/OldOrdsMotions/Ordinance%2012301.pdf.

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 20

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Simmers.  Dkt. 1, ¶102, 174.[20]  But there is no claim that any complaint was filed against them

that would provide even the possibility of discipline.  Further, allegations of single instances of

misconduct, as alleged here, are insufficient to establish a municipal custom.  *Navarro v. Block*,

72 F.3d 712, 6 714-15 (9th Cir. 1996).  Conclusory *Monell* allegations that lack factual content

from which one could plausibly infer *Monell* liability are insufficient to survive a Rule 12

motion.  *See, e.g., Rodriguez v. City of Modesto,* 535 Fed. App'x 643, 646 (9th Cir.2013)

(affirming district court's dismissal of *Monell* claim based only on conclusory allegations and

lacking factual support); *Via v. City of Fairfield,* 833 F.Supp.2d 1189, 1196 (E.D.Cal.2011)

(citing cases).  Simmers' *Monell* claim should be dismissed.  *See Hyer v. City & Cty. of*

*Honolulu*, CV 19-00586 HG-RT, 2020 WL 7038953, at \*10 (D. Haw. Nov. 30, 2020)

(Explaining pleading requirements for viable *Monell* claim.).

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, the court should dismiss Simmers' claims against King County

with prejudice.

SIGNED this 25th day of March, 2021.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

 *s/ Samantha D. Kanner*
SAMANTHA D. KANNER, WSBA #36943
Senior Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office
Attorney for Defendant King County

---

[20] The only other practice and policy allegations are unsupported with any facts to demonstrate policies, patterns or practices of either King County or Bothell. Dkt. 1, ¶175. Simmers makes sweeping conclusory allegations that these police departments had policies and customs that allowed for officers to not file reports, to falsify reports, to fabricate false evidence, and to pursue wrongful convictions but don't identify what policies or practices existed that would have allowed for these things.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

500 Fourth Avenue, Suite 900
Seattle, WA 98104

2

Telephone: 206-296-8820
Samantha.kanner@kingcounty.gov

3

4

**<u>CERTIFICATE OF SERVICE</u>**

5

I hereby certify that on March 25, 2021, I electronically filed the foregoing document(s)

6

with the Clerk of the Court using the CM/ECF System which will send notification of such filing

7

to the following participants:

8

John Hazinski
LOEVY & LOEVY (IL)

9

311 N ABERDEEN 3RD FLOOR
CHICAGO, IL 60607

10

hazinski@loevy.com

11

David B Owens
LOEVY & LOEVY

12

100 S KING STREET STE 100
SEATTLE, WA 98014

13

David@loevy.com
*Co-Counsel for Plaintiff*

14

Shannon M. Ragonesi

15

Paul J. Triesch
KEATING, BUCKLIN & McCORMACK, INC., P.S.

16

801 Second Avenue, Suite 1210
Seattle, WA 98104

17

sragonesi@kbmlawyers.com
ptriesch@kbmlawyers.com

18

*Counsel for Hopkins, Miner, Ericks, Schlaegel*
*and City of Bothell Defendants*

19

Geoffrey Grindeland

20

Nikki Carlsey
SEAMARK LAW GROUP, PLLC

21

400 Winslow Way E. Suite 230
Bainbridge Island, WA 98110

22

geoff@seamarklaw.com

23

nikki@seamarklaw.com
*Counsel for Defendants McSwain, Raftus and Baxter*

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 22

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1     I declare under penalty of perjury under the laws of the United States and the State of

2  Washington that the foregoing is true and correct.

3

4     DATED this 25th day of March 2021 at Bellevue, Washington.

5

6                                    _____

7                                    RAFAEL MUNOZ-CINTRON
                                     Legal Assistant
8                                    King County Prosecuting Attorney's Office

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819