Honorable Richard A. Jones
Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IAN SIMMERS,<br><br>                  Plaintiff,<br><br>     v.<br><br>KING COUNTY, *et al.*,<br><br>                  Defendants. | No. 2:21-cv-00100-RAJ-JRC<br><br>DEPUTIES' MOTION FOR JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S MOTION<br><br>Note on Motion Calendar:<br>April 16, 2021 |

The King County Sheriff's Deputies—Major McSwain and retired Captains Baxter and Raftis—move for judgment on the pleadings for the reasons stated in King County's motion (Dkt. 29), which the Deputies hereby join. Alternatively, the claims against the Deputies should be dismissed for two other reasons. First, Mr. Simmers hasn't pleaded plausible claims against any of the Deputies. Second, the Deputies are entitled to qualified immunity.

**FACTS**

The pertinent facts are detailed in King County's motion to dismiss (Dkt. 29) and the exhibits to the Declaration of Samantha Kanner (Dkt. 30).

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 1

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**ARGUMENT**

This is a Rule 12(c) motion for judgment on the pleadings, which is evaluated

under the same standard as a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler*

*Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (timing is different, but "the motions

are functionally identical"). Under Rule 12, dismissal of claims can be based on "the lack

of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

**The Complaint fails to state a plausible claim against the Deputies.**

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the

claim showing the pleader is entitled to relief." A complaint does not satisfy this pleading

standard if it contains only "labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Instead, to satisfy Rule 8 and survive a motion to dismiss, "a complaint must

contain sufficient factual matter accepted as true to 'state a claim to relief that is

plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). A claim has facial plausibility only "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court should apply a two-step approach when evaluating whether claims have

been adequately pleaded. *Id.* at 679. First, the court should identify and disregard all

legal conclusions and other conclusory statements, which are not entitled to an

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 2

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

assumption of truth. *Id.* Second, the court should determine whether well-pleaded, factual allegations, which are entitled to an assumption of truth, "plausibly give rise to an entitlement to relief." *Id.*

Under *Iqbal* and *Twombly*, the Court must disregard Mr. Simmers' generic allegations that "the Police Officer Defendants" violated his rights. These and similar allegations are legal conclusions, not allegations of fact. Indeed, each is a classic example of an "unadorned, the-defendant-unlawfully-harmed-me accusation" that must be disregarded when assessing the adequacy of pleadings. *Iqbal*, 556 U.S. at 678.

The remaining allegations do not state a plausible claim against any of the Deputies. In fact, the Complaint does not allege any specific act or omission by any of them. Captains Baxter and Raftis are mentioned only four times in the Complaint. Their names appear in the caption; in the preamble on the first page; in paragraph 31, which alleges only that "the Bothell PD Officers agreed to seek the prosecution of Plaintiff with officers from the King County Sheriff's Office"; and in the prayer for relief at page 28. Major McSwain's name appears in the same four places plus paragraph 14, which alleges that he was a "detective sergeant[ ] with the King County Police, now called the King County Sheriff's Department."

With respect to the Deputies, therefore, Mr. Simmers fails to satisfy the requirement that in "§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018) ("These defendants cannot be held liable for a constitutional violation under 42 U.S.C. §

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 3

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1    1983 unless they were integral participants in the unlawful conduct."). The Complaint

2    fails to plead specific facts from which it could plausibly be inferred that any of the

3    Deputies are liable. Unless Mr. Simmers cures this deficiency by amending his

4    Complaint to allege specific acts or omissions by specific Deputies, his claims must be

5    dismissed.

6         Of course, Mr. Simmers need not be given an opportunity to amend his

7    Complaint if the Court dismisses the claims on any of the grounds raised in King

8    County's motion. Because leave to amend may be denied if the proposed amendment

9    would be futile or subject to dismissal. *Wheeler v. City of Santa Clara*, 894 F.3d 1046,

10   1059 (9th Cir. 2018).

11        **The Deputies are also entitled to qualified immunity.**

12        Qualified immunity is an additional, independent basis for dismissal of Mr.

13   Simmers' claims against the Deputies. Police officers are entitled to immunity from civil

14   liability when their conduct doesn't violate clearly established law. *Pearson v. Callahan*,

15   555 U.S. 223, 243–44 (2009). And whether a right was clearly established must be

16   determined "in light of the specific context of the case, not as a broad general

17   proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other*

18   *grounds by Pearson*, 555 U.S. at 236.

19        Qualified immunity acknowledges that it can be "difficult for an officer to

20   determine how the relevant legal doctrine, here excessive force, will apply to the factual

21   situation the officer confronts." *Saucier*, 533 U.S. at 205. It serves to "protect officers

22   from the sometimes 'hazy border between excessive and acceptable force,' and to

23

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 4

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1   ensure that before they are subjected to suit, officers are on notice their conduct is

2   unlawful." *Id*. at 206 (quoting *Priester v. Riviera Beach*, 208 F.3d 919, 926–27 (11th Cir.

3   2000)). Indeed, it protects "all but the plainly incompetent or those who knowingly

4   violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

5        The determination of qualified immunity is a question of law. *Dunn v. Castro*, 621

6   F.3d 1196, 1999 (9th Cir. 2010) (referring to second prong of *Saucier* test); *see also*

7   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("On summary judgment, the judge

8   appropriately may determine, not only the currently applicable law, but whether that law

9   was clearly established at the time an action occurred."). To save resources, a court

10   may dispose of a case on the basis of qualified immunity without determining whether

11   the police conduct was actually constitutional. *See Pearson*, 555 U.S. at 236–37.

12        Moreover, qualified immunity should be decided promptly, because it is immunity

13   from suit rather than a mere defense to liability, and its benefits are lost if litigation is

14   allowed to proceed. *Id*. at 231. In fact, the "driving force" behind creation of the qualified-

15   immunity doctrine was to ensure insubstantial claims against police officers and other

16   government officials would be resolved prior to discovery. *Id.* Thus, the Supreme Court

17   has repeatedly stressed the importance of deciding qualified immunity at the earliest

18   possible stage. *Id*. at 232.

19        Keeping these principles in mind, the Deputies are entitled to qualified immunity

20   based on Mr. Simmers' own admissions in his criminal case. When moving to vacate his

21   conviction, Mr. Simmers represented to the Superior Court that, at the time of his

22   interrogation, "few if any police officers contemplated that standard psychological

23

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 5

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1   interrogation tactics, especially when used on youthful suspects, could produce false

2   confessions." (Dkt. 30 at 762.) Mr. Simmers' concession that his interrogation involved

3   techniques that were considered "standard" at the time constitutes an admission that

4   none of the Deputies knowingly violated the law.

5          Therefore, the claims against the Deputies must be dismissed on the basis of

6   qualified immunity because Mr. Simmers has not alleged violation of any law that was

7   clearly established at the time of the investigation in 1995.

8                                    **CONCLUSION**

9          All claims against the Deputies should be dismissed for the reasons stated in

10  King County's motion for judgment on the pleadings. Alternatively, Mr. Simmers has

11  failed to plead a plausible claim against any Deputy, and the Deputies are entitled to

12  qualified immunity based on Mr. Simmers' own admission that the police conduct in this

13  case was considered acceptable at the time.

14         DATED: March 25, 2021

15                                         SEAMARK LAW GROUP PLLC
                                           Attorneys for Major McSwain and
16                                         Captains Baxter and Raftis

17                                         *s/Geoff Grindeland*
                                           Geoff Grindeland, WSBA No. 35798
18                                         Nikki Carsley, WSBA No. 46650
                                           Seamark Law Group PLLC
19                                         400 Winslow Way E, Ste 230
                                           Bainbridge Island, WA 98110
20                                         (206) 502-2510
                                           geoff@seamarklaw.com
21                                         nikki@seamarklaw.com

22

23

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 6

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1

## SATISFACTION OF MEET-AND-CONFER REQUIREMENT

2      I declare under penalty of perjury that I am over the age of 18 and competent to

3  testify, and that the following is true and based on my personal knowledge:

4      1.      I am one of the attorneys for Major McSwain and retired Captains Baxter

5  and Raftis.

6      2.      On March 24, 2021, counsel for all parties met and conferred via Microsoft

7  Teams to discuss the Defendants' planned motions for judgment on the pleadings.

8  Defense counsel explained the factual and legal bases for the motions, and Plaintiff's

9  counsel explained why he disagreed. Despite conferring in good faith for approximately

10  50 minutes, counsel were unable to narrow the issues for decision by the Court.

11      Signed  March 25, 2021, at Bainbridge Island, Washington.

12                                    *s/Geoff Grindeland*
                                       Geoff Grindeland

13

14

15

16

17

18

19

20

21

22

23

DEPUTIES' MOTION FOR JUDGMENT ON THE
PLEADINGS AND JOINDER IN KING COUNTY'S
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 7

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1

**CERTIFICATE OF SERVICE**

2      I certify that on the date below I electronically filed the foregoing document with the

3   Clerk of Court using the CM/ECF system, which will send notification of such filing to the

4   following:

5      **Attorneys for Plaintiff**
       David B. Owens
6      John Hazinski

7      **Attorney for King County**
       Samantha D. Kanner
8

9      **Attorneys for Bothell Defendants**
       Shannon M. Ragonesi
       Paul Joseph Triesch
10

11      I further certify that on the date below I mailed by U.S. Postal Service a copy of the

12   foregoing document to the following non-CM/ECF participants:

13      **N/A**

14      DATED: March 25, 2021

15                                          *s/Geoff Grindeland*
                                            Geoff Grindeland

16

17

18

19

20

21

22

23

DEPUTIES' MOTION FOR JUDGMENT ON THE            **SEAMARK LAW GROUP PLLC**
PLEADINGS AND JOINDER IN KING COUNTY'S          400 WINSLOW WAY E, STE 230
MOTION (No. 2:21-cv-00100-RAJ-JRC) - 8          BAINBRIDGE ISLAND, WA 98110
                                                (206) 502-2510