Honorable Richard A. Jones
Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IAN SIMMERS,<br><br>    Plaintiff,<br><br> v.<br><br>KING COUNTY, *et al.*,<br><br>    Defendants. | No. 2:21-cv-00100-RAJ-JRC<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES<br><br>Noted on Motion Calendar:<br>April 2, 2021 |

The families of Major Beard and Sergeant Rusk, joined by Major McSwain and retired Captains Baxter and Raftis, ask the Court to deny Mr. Simmers' motion to substitute the estates of the deceased Deputies as parties to this action.[1] Mr. Simmers has requested relief the Court can't grant and, under applicable law, any claims against the estates abated years ago.

**FACTS**

Plaintiff Ian Simmers alleges that his rights were violated during a murder

---

[1] The undersigned attorneys represent the adult children of Major Beard and Sergeant Rusk in this matter. Counsel's other clients, Major McSwain and retired Captains Baxter and Raftis, join the Beard and Rusk families' opposition to Plaintiff's motion.

OPPOSITION TO PLAINTIFF'S MOTION TO
SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 1

**SEAMARK LAW GROUP PLLC**
400 W<small>INSLOW</small> W<small>AY</small> E, S<small>TE</small> 230
B<small>AINBRIDGE</small> I<small>SLAND</small>, WA 98110
(206) 502-2510

investigation 26 years ago. He has sued the City of Bothell, King County, and current and former members of the Bothell Police Department and the King County Sheriff's Office.

One of the Sheriff's Deputies named in the Complaint is Major Jackson Beard. But Major Beard died five years ago, on March 24, 2016. (Decl. of Jackson Beard ¶ 2.) Major Beard's wife was the sole heir of his estate, and she also has now died. (*Id.*)

Another Deputy named in the Complaint is Detective Sergeant Clement Rusk, who died 14 years ago, on February 5, 2007. (Decl. of Sally Rusk ¶ 2.) Sergeant Rusk's wife was the sole heir of his estate, and now she, too, has died. (*Id.*)

Mr. Simmers has moved for leave to substitute the estates of Major Beard and Sergeant Rusk as defendants. As discussed below, however, the request is improper, and it's far too late to bring claims against the estates.

## ARGUMENT

Plaintiff's motion to substitute the estates of deceased Deputies must be denied because there are no parties to substitute in or out, and the Court lacks jurisdiction to appoint personal representatives. Under Washington's nonclaim statute, moreover, any state or federal claims against either estate abated two years after each Deputy died.

**Plaintiff seeks relief the Court cannot grant.**

As a preliminary matter, the Court cannot grant the relief Mr. Simmers seeks. He has asked for an order substituting the estates of the deceased Deputies as parties. (Dkt. 25 at 1.) But there are two initial problems with his request.

The first problem with Mr. Simmers' requested relief is that there are no parties to

OPPOSITION TO PLAINTIFF'S MOTION TO
SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 2

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

replace with substitutes. As the Ninth Circuit has explained, a plaintiff cannot bring suit against a dead person "or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). So Mr. Simmers has not successfully commenced suit against either Major Beard or Sergeant Rusk, and there are no parties to substitute out.

The second problem with Mr. Simmers' request is that there are no entities that can be added as substitutes. An estate is not a legal entity that can be sued. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020). Instead, an estate acts only through its personal representative, and any legal action must be brought against the personal representative rather than the estate. *Id.* There currently are no personal representatives of Major Beard's and Sergeant Rusk's estates, so personal representatives would need to be appointed before they could be added as parties.

Perhaps in recognition of this second problem, Mr. Simmers has also asked for "entry of an order authorizing the appointment of personal representatives for the estates of deceased Defendants." (Dkt. 25 at 1.) Under the probate exception to federal jurisdiction, however, District Courts do not authorize or appoint an estate's personal representative. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006). That authority is reserved to state courts. *Id.* ("the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate").

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 3

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

**Any state-law claims are barred by Washington's nonclaim statute.**

Even if Mr. Simmers brought a motion for appointment of personal representatives in state court, it would be denied because any claims against the deceased Deputies' estates are time-barred.

After a person dies, limitations on actions against his or her estate are governed by the nonclaim statute in the probate code. *See* RCW 4.16.200 ("Limitations on actions against a person who dies before the expiration of the time otherwise limited for commencement thereof are as set forth in chapter 11.40 RCW."). The nonclaim statute provides that, even if a creditor was not provided notice to submit claims against an estate, "the creditor must present the claim within twenty-four months after the decedent's date of death." RCW 11.40.051(1)(c). This 24-month limit is a "self-executing bar" that is not subject to tolling. RCW 11.40.150. And failure to present the claim within this time limit results in the creditor being "forever barred from making a claim or commencing an action against the decedent." RCW 11.40.051(1).

The purpose of Washington's probate code is "the prompt and efficient resolution of estate claims." *In re Estate of Stover*, 315 P.3d 579, 584, 178 Wn. App. 550, 560–61 (Wash. Ct. App. 2013). Therefore, the nonclaim statute is "more strictly enforced than general statutes of limitations" because of the important interest in final settlement of estates, so "those entitled may receive the property free from incumbrances and charges which might lead to long litigation." *Davis v. Shepard*, 237 P. 21, 24, 135 Wash. 124, 131 (Wash. 1925). No exception is permitted, even for outright fraud, or else estates could never be finally closed and distributed. *Id.* at 24.

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 4

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

Mr. Simmers' claims epitomize the type of stale claims the nonclaim statute bars in favor of finality. Not only has the Deputies' property already been distributed to heirs, both Deputies' heirs have since died and had their own property distributed.

Since Mr. Simmers did not assert his state-law claims within two years from the date Sergeant Rusk died in 2007 or the date Major Beard died in 2016, the claims are forever barred.

**Washington's nonclaim statute also bars any federal claims.**

As a general rule, capacity to be sued is determined by state law. *See* FRCP 17(b)(3) ("for all other parties, by the law of the state where the court is located"). And in civil-rights cases specifically, courts look to state law to fill gaps in federal law. This is because 42 U.S.C. § 1988 says that where federal law is "deficient in the provisions necessary to furnish suitable remedies," state law will apply, if it's "not inconsistent" with federal law. Section 1988 recognizes there are certain areas where federal law is insufficient, because it does not cover every issue that may arise in civil-rights actions. *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978).

As the Supreme Court has explained, "one specific area not covered by federal law is that relating to the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant." *Id.* at 589 (internal quotation marks omitted).

*Robertson* was a civil-rights action in federal court against a district attorney and others for allegedly pursuing a criminal prosecution in bad faith. *Id.* at 586. While the civil-rights action was pending, the plaintiff died. *Id.* Under Louisiana law, any civil action abated upon the death of the plaintiff unless he or she was survived by a close relative,

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 5

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

such as a spouse or child. *Id.* at 587. And the plaintiff in *Robertson* had no such relative. *Id.* Believing that abatement of a civil-rights claim was inconsistent with federal law, the District Court declined to apply Louisiana law and, instead, ruled that the claim survived in favor of the personal representative of the deceased plaintiff. *Id.* On appeal, the Fifth Circuit affirmed. *Id.*

But the Supreme Court granted review and reversed. *Id.* at 588. The Supreme Court began its analysis by acknowledging that one way state law could be inconsistent with federal law is if the state law is contrary to federal policy underlying the cause of action. *Id.* at 590. And the policies underlying civil-rights actions include compensation of persons deprived of their rights and deterrence of misconduct by state officials. *Id.* at 591.

Nevertheless, the Supreme Court found nothing in § 1983 "or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship." *Id.* at 590. The importance of a federal remedy "does not mean that a § 1983 plaintiff (or his representative) must be allowed to continue an action in disregard of the state law to which § 1988 refers us." *Robertson*, 436 U.S. at 593.

On the contrary, a state statute is not inconsistent with federal law "merely because the statute causes the plaintiff to lose the litigation." *Id.* "If success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant." *Robertson*, 436 U.S. at 593. But that isn't what

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 6

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

§ 1988 says. Instead, "§ 1988 quite clearly instructs us to refer to state statutes; it does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby." *Robertson*, 436 U.S. at 593. Thus, a state statute resulting in abatement of a civil-rights action must be applied as long as the statute is not generally "inhospitable" to § 1983 actions. *Robertson*, 436 U.S. at 594.

The nonclaim statute in Washington's probate code is not generally inhospitable to civil-rights claims, even though it means Mr. Simmers cannot pursue claims against the estates of these two deceased Deputies. The claims are barred here only because of the rare circumstances presented: the claims relate to a police investigation that occurred decades ago, and two of the potential defendants died years ago.

Moreover, Washington's nonclaim statute has no effect on the policy of deterring police misconduct, because officers are not realistically going to consider whether their actions might expose their estates to liability long after they have died. Nor does the nonclaim statute affect the policy of compensation for victims of alleged police misconduct because most plaintiffs will sue living officers. Indeed, Mr. Simmers has named numerous living defendants who are capable of being sued.

This is what the U.S. District Court for the Northern District of Ohio concluded when it ruled against another client of Mr. Simmers' attorneys' law firm on this very issue. The court in *Jackson v. City of Cleveland*, applying Ohio law to fill the gaps in federal law, held that a civil-rights claim for wrongful conviction abated upon the death of the officers. 219 F. Supp. 3d 639, 642–43 (N.D. Ohio 2016). The court reasoned there was no inconsistency with federal law because, despite abatement of rare claims

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 7

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

against deceased officers, "the great majority of § 1983 cases will adequately provide compensation for constitutional injuries and deter state actors who violate the Constitution." *Id.* at 643.

## CONCLUSION

Mr. Simmers' motion to substitute the estates of Major Beard and Sergeant Rusk should be denied. There are no defendants to be substituted out, an estate cannot be sued, there are no personal representatives to substitute in, and the Court lacks jurisdiction to appoint personal representatives. Furthermore, under Washington's nonclaim statute—which applies both to state claims and federal claims—any potential claims against Major Beard's or Sergeant Rusk's estates abated years ago.

DATED: March 29, 2021

SEAMARK LAW GROUP PLLC
Attorneys for Major McSwain,
Captains Baxter and Raftis, and
the Beard and Rusk Families

*s/Geoff Grindeland*
Geoff Grindeland, WSBA No. 35798
Nikki Carsley, WSBA No. 46650
Seamark Law Group PLLC
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2510
geoff@seamarklaw.com
nikki@seamarklaw.com

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 8

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

# CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**
David B. Owens
John Hazinski

**Attorney for King County**
Samantha D. Kanner

**Attorneys for Bothell Defendants**
Shannon M. Ragonesi
Paul Joseph Triesch

I further certify that on the date below I mailed by U.S. Postal Service a copy of the foregoing document to the following non-CM/ECF participants:

**N/A**

DATED: March 29, 2021

*s/Geoff Grindeland*
Geoff Grindeland

OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE ESTATES
(No. 2:21-cv-00100-RAJ-JRC) - 9

**SEAMARK LAW GROUP PLLC**
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2510