The Honorable Richard A. Jones
The Honorable Magistrate J. Richard Creatura

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IAN SIMMERS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY; the CITY OF BOTHELL; DET. EDWARD J. HOPKINS; Sergeant. CLEMENT RUSK; DET. REBECCA MINER; DET. JOHN MCSWAIN; DET. PAT RAFTUS; DET. KEN BAXTER; CHIEF MARK ERICKS; DET. SGT. DAVID SCHLAEGEL; and MAJ. JACKSON BEARD; Unknown Officers of the City of Bothell Police Department; and Unknown Sheriff Deputies of King County,<br><br>　　　　　　　　　Defendants. | No. 2:21-CV-100-JRC-RAJ<br><br>CITY DEFENDANTS' REPLY TO PLAINTIFF'S OMNIBUS RESPONSE TO MOTION TO DISMISS OF DEFENDANTS CITY OF BOTHELL, EDWARD HOPKINS, REBECCA (MINER) DONLEY, MARK ERICKS AND DAVID SCHLAEGEL<br><br>NOTE ON MOTION CALENDAR: APRIL 16, 2021 |

**SUMMARY OF REPLY**

Simmers' foundational claims are that his two confessions, both of which revealed facts known only to Rodney Gochanaur's killer, were wrongfully obtained by police and improperly admitted into evidence by the criminal trial court, in violation of his constitutional rights and *Brady v. Maryland*.[1] Dkt. No. 1, *passim*. Simmers states "[t]he misconduct alleged" consists of "deliberate coercion of a juvenile in an interrogation, the fabrication of false inculpatory statements, and the suppression of exculpatory evidence." Dkt. 40, p. 9:23-25. These claims are barred by collateral estoppel because each claim was fully adjudicated

---

[1] 373 U.S. 83 (1963).

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 1
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

in the trial court during adversarial proceedings in which Simmers was represented by counsel. Dkt. #30 at pp. 344-362 (confession) and 730-738 (*Brady* claim).

Simmers is also barred by judicial estoppel from claiming that the questioning techniques used by police leading to his confession were improper, because he successfully argued to the King County Superior Court as the basis for vacating his conviction that those questioning techniques were widely used and considered acceptable for juvenile suspects. Dkt. #30 at pp. 762:19-21, 764:9-10. Simmers argued that recent scientific advances show such techniques may lead to false confession, but assured the court that "[l]ittle or none" of the new information about juvenile confession "was available at the time to police, prosecutors, defense attorneys, judges or juries in confession cases.' Dkt. #30 at 764:9-10.

To avoid the clear contradiction between his position in this case and the position he took in the trial court when moving to vacate his conviction, Simmers now recasts the basis for his CrR 7.8 motion by repeatedly claiming his conviction was vacated because he was "exonerated by DNA evidence in 2019." Dkt. 40, pp. 1:24-25, 3:8-10, 6:4-6, 15:26-27, 18:1-4, 21:16-17. This claim is belied by the record (*see* Dkt. No. 30, pp. 753-767) and disingenuous, at best. The State never claimed the blood evidence on the knife Simmers used to kill Gochanauer belonged to Simmers. To the contrary, the State stipulated at Simmers' criminal trial that the blood on the knife was Gochanauer's alone. Dkt. No. 30 at pp. 25, 366 (minute entry); Dkt. No. 30 at pp. 755:4-6 (CrR 7.8 motion). Moreover, Simmers never claimed he was cut or bled during his assault on Gochanaur. Dkt. No. 30 at pp. 780-796 (confession). There was no evidence Simmers suffered any injury in the assault.

**REPLY**

Rule 12 Legal Standard and Judicial Notice. Simmers acknowledges that Rule 12(c) permits the court to consider extrinsic evidence if it is "material which is properly submitted as part of the complaint" or "matters of public record" subject to judicial notice. Dkt. No. 40, p. 7:9-11. State court documents are public records of which judicial notice is appropriate. Simmers must therefore admit the City Defendants' motion to dismiss is procedurally proper.

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS' MOTION TO DISMISS- 2
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

This is particularly true here, where every document the City Defendants rely upon emanates from Simmers' own criminal trial or his own post-trial motions. *See e.g.* Dkt. No. 30, *passim*.

Simmers cites *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) to argue, without analysis, that the City Defendants impermissibly make "unscrupulous use of extrinsic documents" by seeking judicial notice of contested facts. Dkt. No. 40, p. 10:25-26. The *Khoja* court reviewed a Rule 12 motion in which contested documents were relied upon by the District Court in an SEC fraud action, noting that where a document is subject to varying interpretations and there is a reasonable dispute as to what it establishes, the document cannot be judicially noticed. As stated, the City Defendants rely here upon public court documents from Simmers' own criminal trial and post-trial motions. There is no reasonable dispute about what those documents presumptively establish. *Khoja* does not prevent a defendant from using the doctrine of judicial notice by reference to dispute a plaintiff's conclusory allegations and nothing in *Khoja* prevents this Court from analyzing Simmers' Complaint in context. *Khoja* at 1002 ("[T]he policy concern underlying [incorporation by reference]" is to "[p]revent[ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

<u>Collateral Estoppel Bar</u>. "[T]he doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (citing *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170–71, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984)). Simmers acknowledges that "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir.1990). Therefore, the only collateral estoppel law this Court needs to consider is Washington law.

Under Washington law, collateral estoppel requires (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 3
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

must not work an injustice on the party against whom the doctrine is to be applied. *Schroeder v. Excelsior Management Group*, LLC, 177 Wn.2d 94, 108, 297 P.3d 677 (2013). Collateral estoppel bars re-litigation of "issues actually litigated" and "necessarily decided" in a prior adjudication. *City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 164 Wn.2d 768, 792, 193 P.3d 1077 (2008); *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 307, 96 P.3d 957 (2004). An important clarification of the first requirement that an issue was "decided" in the earlier proceeding is that the issue must have been "actually litigated and necessarily determined" in that proceeding. *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 508, 745 P.2d 858 (1987).

Confession to Police. During his criminal trial, Simmers argued through counsel that his confession was not freely and voluntarily made, both because he was a juvenile and because of the circumstances surrounding his confession, including the implicating statements of Jonathan Wyatt and alleged suggestive questioning and oppressive tactics by police. Dkt. No. 30, at pp. 345-351, 53-270, 299, and pp. 301-317. Simmers made it clear during his CrR 3.5 suppression hearing that he was "impeaching the entire quality of the investigation." *Id.* at. 278:21-22. Following that hearing, the trial court entered Findings of Fact and Conclusions of Law holding Simmers' "statements to the police were freely and voluntarily given" and rejecting his claims of police misconduct. *Id*. at pp. 353-362. The trial court "necessarily decided" the "issues actually litigated" concerning Simmers' confession.

Confession to Olsen; *Brady* Claim. Post-conviction, Simmers moved for a new trial based on alleged *Brady* violations associated with Olsen's testimony, which detailed Simmers' second confession to Gochanauer's murder. Dkt. 30, at pp. 410-729. Following an adversarial hearing at which Simmers was again represented by counsel, the trial court entered Findings of Fact and Conclusions of Law holding there had been no *Brady* violation. *Id.* at pp. 731-738. That decision and Simmers' conviction were affirmed by Division I of the Court of Appeals. *State v. Simmers*, 95 Wn. App. 1049 (1999). This Washington presumptively resolved and bars relitigation of Simmers' *Brady* violation claim.

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS' MOTION TO DISMISS- 4
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Simmers argues that collateral estoppel is inapplicable for five reasons. First, he argues that a "vacated conviction is not a final judgment for purposes of collateral estoppel." Dkt. 40, p. 15:5-6. This argument confuses issue preclusion with claim preclusion.

In Washington, collateral estoppel bars relitigation of an *issue* in a subsequent proceeding involving the same parties. *Scholz v. Washington State Patrol*, 3 Wn. App.2d 584, 416 P.3d 1261 (2018) (barring relitigation in civil action of issues resolved in labor arbitration); *see also Reninger v. State Dep't of Corr.*, 134 Wn.2d 437, 454, 951 P.2d 782 (1998) (barring relitigation in civil action of issues resolved in administrative proceedings). Collateral estoppel is distinguished from claim preclusion, or *res judicata*, in that instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted. *Ullery v. Fulleton*, 162 Wn. App. 596, 602, 256 P.3d 406 (2011) (citing *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004)). "Collateral estoppel is concerned only with limiting the relitigation of factual issues." 14A Karl B. Tegland, Washington Practice: Civil Procedure § 35:33, at 552-53 (2d ed. 2009); *see also Hanson v. Snohomish*, 121 Wn.2d 552, 852 P.2d 295 (1993) (barring relitigation of police procedures in civil action following reversal of criminal conviction). That the State agreed to vacate Simmers' conviction has no bearing on whether Simmers is estopped from relitigating issues that were resolved in his state court criminal proceeding.

Second, Simmers argues that the issues presented in this case differ from those decided in the criminal case. Dkt. 40, p. 15:22-23. This argument misapprehends the scope of collateral estoppel. When collateral estoppel is asserted, the former claim and the new claim can be expected to raise at least some different ultimate issues. *Scholz*, 3 Wn. App.2d at 596-597 (*citing Island County v. Mackie*, 36 Wn. App. 385, 392, 675 P.2d 607 (1984)). What matters is whether *facts* established in the first proceeding foreclose the second claim. *Id*. (emphasis added). Here, record shows precisely what issues Simmers argued in the criminal proceeding and precisely what issues the trial court decided.

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 5
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Simmers raises as a "new issue" the straw man that "DNA evidence exonerated (him), and showed that his purported (and fabricated) confession to murder was false as a matter of fact, was (sic) unknown during the criminal case." Dkt. 40, pp. 15:26-16:2. Again, this false and factually unsupported argument is a non-issue, because the State stipulated at Simmers' criminal trial that the blood on the knife Simmers used to stab Gochanauer belonged to Gochanauer, not to Simmers. Dkt. No. 30 at pp. 25, 366. Whatever issues remain undecided, they do not include Simmers' alleged "wrongful confession" or *Brady* claims.

Third, Simmers argues he did not have a full and fair opportunity to litigate any of the issues raised in this civil case during his criminal proceedings. Dkt. 40, p. 17:3-4. The record shows this is simply untrue regarding his "wrongful confession" and *Brady* claims. *See* Dkt. 30, *passim*. Simmers vigorously litigated those issues in adversarial proceedings.

Fourth, Simmers argues that applying collateral estoppel in this case would be manifestly unjust. Dkt. 40, p. 17:17-18. Washington case law on the injustice element is most firmly rooted in procedural unfairness. "Washington courts look to whether the parties to the earlier proceeding received a full and fair hearing on the issue in question." *Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 795-96, 982 P.2d 601 (1999) (quoting *In re Marriage of Murphy*, 90 Wn. App. 488, 498, 952 P.2d 624 (1998)). A plaintiff who had an opportunity to present his evidence to the trial does not suffer an injustice in the application of collateral estoppel. *Hanson*, 121 Wn.2d at 563. "There is nothing inherently unfair about [issue preclusion] provided the party has the full and fair opportunity to litigate, there is no significant disparity of relief, and all the other requirements of collateral estoppel are satisfied." *Christensen*, 152 Wn.2d at 313.

Finally, Simmers argues that *Hanson* does not support application of collateral estoppel in this case beyond a probable cause determination. But as recognized by the Washington Supreme Court in *Thompson v. State, Dep't of Licensing*, 138 Wn. 2d 783, 799–800, 982 P.2d 601 (1999), *Hanson* expressly states, without limitation, that collateral estoppel in Washington "prevents relitigation of an issue after the party estopped has had a full and

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS' MOTION TO DISMISS- 6
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

fair opportunity to present its case." *Hanson*, 121 Wn.2d at 561. Collateral estoppel may be applied in a civil action in which a party seeks to retry any issue resolved against him in a previous criminal case, as well as in a civil rights action in which issues raised are the same as those determined in a criminal case. *Hanson*, 121 Wn.2d at 561-562 (citing *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).

Washington courts have applied the rule that "a final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *In re Dependency of H.S.*, 188 Wash. App. 654, 661, 356 P.3d 202 (2015). In Washington, "[f]actors for a court to consider in determining whether the requisite firmness is present include whether the prior decision was adequately deliberated, whether it was firm, rather than tentative, whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal or in fact was reviewed on appeal." *Cunningham v. State*, 61 Wn. App. 562, 567, 811 P.2d 225 (1991). The Ninth Circuit has also repeatedly held that when an individual has the opportunity to challenge a probable cause determination in the course of a prior state court proceeding, he will generally be barred from re-litigating the issue in a subsequent § 1983 action. *See Awabdy v. City of Adelanto,* 368 F.3d 1062, 1068 (9th Cir. 2004); *Haupt v. Dillard*, 17 F.3d 285, 288–90 (9th Cir.1994) (applying Nevada law and holding state judge's finding that probable cause existed to bind defendant for trial barred subsequent re-litigation as to whether probable cause existed to support claims under § 1983).

Moreover, this Court, applying Washington law, has held that collateral estoppel bars claims for false arrest and malicious prosecution where the issue of probable cause had already been decided by the state court in a prior criminal proceedings. *Thompson v. Copeland*, Case No. C14–1769–MJP–MAT, 2015 WL 6738861 (W.D.Wash. July 24, 2015) (citing *Fontana v. City of Auburn*, Case No. C13–245–JCC, 2014 WL 4162528, at *7 (W.D.Wash. Aug.21, 2014) (concluding that collateral estoppel barred re-litigation of probable cause finding by municipal court); *Wakgira v. City of Seattle*, Case No. C08–1108–

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 7
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

JLR, 2009 WL 2406330, at *15 (W.D.Wash. Aug.3, 2009) (holding that collateral estoppel barred claims for false arrest, false imprisonment, and malicious prosecution because issue of probable cause had already been determined by the state court). The Ninth Circuit in *Haupt*, and this court in *Fontana* and *Wakgira*, also recognized that a probable cause determination at a preliminary hearing can bar re-litigation of the issue of probable cause in a subsequent civil rights action, even where the individual was not convicted in the prior criminal action. *See Haupt*, 17 F.3d at 288–89; *Fontana*, 2014 WL 4162528, at *8; *Wakgira*, 2009 WL 2406330, at *14.

In sum, *Hanson* is not constrained to circumstances in which a lack of probable cause is alleged in civil actions following reversal of a prior criminal conviction. It applies if the second litigation raises the same *issues* between the same parties, even though a different claim or cause of action is asserted. *Plancich v. County of Skagit*, 147 F.Supp.3d 1158, 1163 (W.D. Wash. 2015) (citing *Rains v. State*, 100 Wn.2d 660,665, 674 P.2d 165 (1983)).

For example, a suppression hearing in a criminal matter has collateral estoppel effect over subsequent civil litigation involving the constitutionality of a search. *See Barlindal v. City of Bonney Lake*, 84 Wn. App. 135, 925 P.2d 1289, 1293 (1996) (suppression hearing on whether search warrant was valid had preclusive effect over City's re-litigation of validity of search); *accord Haupt*, 17 F.3d at 289 (criminal hearing on whether probable cause supported arrest warrant had preclusive effect over subsequent civil rights action claiming that the warrant was invalid). Thus, a determination at a suppression hearing that necessarily involves the question of whether a confession is constitutional and arguing the validity of that confession in a subsequent civil proceeding, represents an identical issue for collateral estoppel purposes. *Barlindal*, 84 Wn. App. at 142.

Nothing in *Hanson* indicates that it should be limited to the tort actions it addressed. In fact, the *Hanson* court held that the conviction of the plaintiff established probable cause as a matter of law not only for his claim of malicious prosecution, but also for his claims of false arrest and false imprisonment and his civil rights claim. *Accord Bergstralh v. Lowe*, 504

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 8
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

F.2d 1276 (9th Cir. 1974) (conviction establishes probable cause in the context of a §1983 action that alleged arrest was without probable cause); *Doggett v. Perez*, 348 F.Supp.2d 1198 (E.D.Wash.2004) (applying *Hanson* in §1983 action alleging absence of probable cause).

<u>Judicial Estoppel Bar</u>. The Washington Supreme Court has outlined three "core factors" to guide the application of judicial estoppel: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538–39, 160 P.3d 13 (2007). In moving to vacate his conviction, Simmers stated a clear basis for the relief he requested: scholarly study of juvenile brain development and the psychological and social reasons for false juvenile confessions warrant increased scrutiny of his confession to police. Dkt. 30, pp. 753-767. The trial court accepted that position and vacated the conviction. *Id.* at p. 836-837.

In making his motion to vacate, Simmers clearly informed the trial court that the police officers questioning him used the widely accepted Reid techniques. He assured the trial court that "few if any police officers contemplated that standard psychological interrogation tactics, especially when used on youthful suspects, could produce false confessions." Dkt. No. 30, p. 762:19-21. He further assured the trial court that "[a]t the time of Mr. Simmers' 1996 trial, the legal community did not understand juvenile brain development or the reality of false confessions the way we now do." *Id.* at p. 761:16-17. He stated "[i]n the more than two decades since (he) was arrested, there has been a sea change in understanding about adolescent brain development and the causes and consequences false confessions. Little or none of this information was available at the time to police, prosecutors, defense attorneys, judges or juries in confession cases." *Id.* at p. 764:7-9.

In contrast, Simmers now states "[t]he misconduct alleged" consists of "deliberate coercion of a juvenile in an interrogation, the fabrication of false inculpatory statements, and

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS' MOTION TO DISMISS- 9
2:21-CV-100-JRC-RAJ

**Keating, Bucklin & McCormack, Inc., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

the suppression of exculpatory evidence." Dkt. 40, p. 9:23-25. Simmers seeks to impose legal liability on the very police officers he previously assured the trial court had blamelessly employed the widely accepted Reid technique to question him, unaware of the potential for a false juvenile confession. He now alleges the individual officers used manipulative, coercive and improper interrogation techniques. *See* Dkt. No. 1, *passim*. These claims are inconsistent with the claims he made when seeking to vacate his conviction. Simmers should be bound to his prior, contrary assertion that in 1996, the police officers had no reason to believe that their actions could produce false confessions, barring his claim to the contrary.

<u>*Heck v. Humphrey* Bar</u>. Federal courts look at the allegations made in the § 1983 suit and what, if any, effect they would have on the conviction, whether it arises out of a guilty plea or a jury's verdict. If the challenge would not necessarily invalidate the conviction, the suit may proceed; if the challenge would necessarily invalidate the conviction, the suit is *Heck*-barred. The Ninth Circuit has not adopted a rule that guilty pleas cannot operate as a *Heck*-bar a § 1983 suit. The Ninth Circuit has applied a *Heck* bar to a later case involving a "no contest" plea. *Taylor v. Cty. of Pima*, 913 F.3d 930, 935 (9th Cir. 2019), *cert. denied sub nom. Taylor v. Pima Cty., Arizona*, 140 S. Ct. 2508, 206 L. Ed. 2d 463 (2020).

Regardless of whether there is a rule regarding *nolo contendere* pleas, Simmers' pleas to two counts of Arson in the Second Degree and ten counts of Vehicle Prowl in the First Degree were *Alford* pleas, rather than pleas of *nolo contendere* (*nolo contendere* pleas are not used in Washington State). Simmers' *Alford* pleas included a stipulation stating the criminal trial court could review and rely upon the probable cause certification to determine if there is a factual basis for his guilty pleas and whether to accept them. This was necessary for legally sufficient pleas that could be accepted by the trial court under Washington law.

The plea and sentencing documents, which are a part of the record, are subject to judicial notice to determine what the court necessarily relied upon in accepting his plea and in entering his conviction. Dkt. No. 30, pp. 839-860, 862-870. Inasmuch as the criminal trial court clearly relied upon Simmers' confession obtained in the course of the questioning he

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 10
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

challenges here, *Heck* bars him from making such claims. A successful challenge would invalidate his pleas to a dozen other convictions that have never been vacated. This is precisely what *Heck* bars and Simmers cannot argue his confessions to arson and vehicle prowl neither exist nor implicate his claims. As is evident in the probable cause certification, and as stated throughout the Complaint, the confession for these offenses is inextricably intertwined with his confession to Gochanauer's murder. For the purposes of evaluating the *Heck* bar, what matters is whether the court relied on the challenged evidence in accepting Simmers' guilty plea or in sentencing. *See Matz v. Klotka*, 769 F.3d 517, 531 (7th Cir. 2014) (holding that *Heck* bars claims where the criminal court relied upon the challenged evidence in determining the plaintiff's sentence where the conviction was the result of a guilty plea); *Smith v. City of Hemet*, 394 F.3d 689, 698-699 (9th Cir. 2005) (examining whether the factual basis for the plaintiff's guilty plea relied upon the confession in determining whether the claims were foreclosed by *Heck*).

Statute of Limitations Bar. The Complaint references the murder as having occurred in 1995 and states that Simmers was 16 years old at the time. Thus, on the face of the Complaint alone expiration of the applicable statute of limitations is readily apparent. As explained in both *Gausvik v. Abbey*, 126 Wn. App. 868, 877, 107 P.3d 98, 103–04 (2005) and *Rodriguez Hidalgo v. Ricardo Perez*, 128 Fed.Appx. 577, 581 (9th Cir. 2005), the state law claims Simmers makes here accrue when a plaintiff is sentenced in his state criminal case, where the alleged violations happened prior to the criminal case (here, interrogation) or where the evidence was admitted in the criminal trial.

Pleading Failures Regarding Individual Defendants. To the extent Simmers states a legal claim against the City Defendants, he should be required to comply with Rule 8 and plead with specificity their individual alleged transgressions. He does not do so with reference to Defendants Miner and Ericks at all and does not do so with reference to Defendants Schlaegel and Hopkins except to the extent he arguably alleges plausible claims for his "wrongful confession" and *Brady* claims. Except to the extent those claims are not barred

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS'
MOTION TO DISMISS- 11
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

against Schlaegel and Hopkins by collateral estoppel, judicial estoppel or *Heck*, they constitute impermissible group pleading and should be dismissed.

DATED: April 16, 2021

        KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Paul J. Triesch*
Paul J. Triesch, WSBA #17445
Shannon M. Ragonesi, #31951
Attorney for Defendants Hopkins, Miner, Ericks, Schlaegel, City of Bothell

801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: ptriesch@kbmlawyers.com
sragonesi@kbmlawyers.com

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS' MOTION TO DISMISS- 12
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DOCUMENT(S): CITY DEFENDANTS' REPLY TO PLAINTIFF'S OMNIBUS RESPONSE TO MOTION TO DISMISS OF DEFENDANTS CITY OF BOTHELL, EDWARD HOPKINS, REBECCA (MINER) DONLEY, MARK ERICKS AND DAVID SCHLAEGEL

**Attorneys for Plaintiff**

David B. Owens, WSBA #53856
LOEVY & LOEVY
100 S. King Street, Suite 100
Seattle, WA  98104
Email:  david@loevy.com

**Attorneys for Defendant King County**

Samantha D. Kanner, WSBA #36943
DANIEL T. SATTERBERG, KING COUNTY PROSECUTING ATTORNEY
500 4th Avenue, 9th Floor
Seattle, WA  98104
Email:  samantha.kanner@kingcounty.gov

**Attorneys for Plaintiff**

John Hazinski, ILB#6329791
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL  60607
Email:  hazinski@loevy.com

**Attorneys for Defendants McSwain, Raftus, Baxter**

Geoffrey Grindeland, WSBA #35798
Nikki Carsley, WSBA #46650
SEAMARK LAW GROUP, PLLC
400 Winslow Way E, Suite 230
Bainbridge Island, WA  98110
Email:  geoff@seamarklaw.com; nikki@seamarklaw.com

DATED:  April 16, 2021

By: */s/ Paul J. Triesch*
Paul J. Triesch, WSBA #17445
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861 / Fax: (206) 223-9423
Email: ptriesch@kbmlawyers.com

CITY DEFENDANTS' REPLY TO CITY DEFENDANTS' MOTION TO DISMISS- 13
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423