1
2

The Honorable Richard A. Jones
The Honorable Magistrate J. Richard Creatura

3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8
9
10
11
12

IAN SIMMERS,

                                    Plaintiff,

vs.

KING COUNTY, et al.,

                                    Defendants.

No. 2:21-CV-00100-RAJ-JRC

REPLY IN SUPPORT OF KING
COUNTY'S FRCP 12(c) MOTION TO
DISMISS

***Noted for April 16, 2021***

13
14
15
16
17
18
19
20
21

Plaintiff demands the court's blind adherence to allegations made in the complaint, but Fed. R. Civ. P. 12 is not so pedantic.  This court is not required to accept as true "allegations that contradict matters properly subject to judicial notice," "[n]or is it required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir.2008).  "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez,* 735 F.3d 1060, 1076 (9th Cir.2013).  In short, because it is necessary to consider Plaintiff's allegations against the real factual backdrop of issues previously decided against him, his own contrary judicial representations, and other convictions of record, the court should grant King County's motion to dismiss.[1]

22
23

[1] Pursuant to Western District of Washington LCR 7(f)(4), King County is entitled to file a reply brief that is 20.5 pages in length as Simmers' motion to file an overlength response brief was granted and the response brief he filed is 41 pages excluding the case title, signature block, and certificate of service.  As such, the length of this brief comports with the local rules.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

**A. Plaintiff's Current Disagreement with Prior Rulings of the State Court and Arguments Made By His Prior Counsel Does Not Remove The *Fact* of these Occurrences From Proper Judicial Notice.**

3

4

Plaintiff argues that defendants' motions are improper because they rely on "extrinsic

5

evidence," which Plaintiff claims are not subject to judicial notice because the facts are disputed.

6

They primarily cite to *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (along with

7

several unpublished district court orders) which properly holds that a court may not take judicial

8

notice of disputed matters of public record.

9

But defendants are seeking judicial notice of the arguments made in the state court

10

pleadings and the resulting rulings of the court, not any substantive facts alleged in those

11

pleadings.  As explained by the Ninth Circuit in *Lee*, "[o]n a Rule 12(b)(6) motion to dismiss,

12

when a court takes judicial notice of another court's opinion, it may do so not for the truth of the

13

facts recited therein, but for the **existence of the opinion**, which is not subject to reasonable

14

dispute over its authenticity." 250 F.3d at 690 (emphasis added, internal quotations removed).

15

Consistent with *Lee*, King County is merely asking this court to judicially notice that the

16

Superior Court and Court of Appeals made determinations on the very issues currently raised by

17

Simmers, and that those determinations, even if incorrect, now foreclose him from re-raising

18

those claims.  In addition, King County is asking this court to notice Simmers' own

19

representations, through counsel, in the 2019 Superior Court proceeding.  The plausibility of his

20

current claims is necessarily measured against these prior events.  *See Frenzel v. AliphCom*, 76

21

F. Supp. 3d 999, 1005 (N.D. Cal. 2014) (The court need not accept as true allegations that

22

contradict matters subject to judicial notice.).

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

In *Lee*, the Ninth Circuit explained that the trial court had improperly taken judicial notice of the validity of an extradition waiver, rather than limiting judicial notice to the more limited facts that an extradition hearing had taken place and that Kerry Sanders had signed the waiver. *Id*. at 689-90. Here, King County is properly seeking only that the court take judicial notice of what happened in the Superior Court and not to decide the disputed facts of whether those decisions were correct. None of the cases cited by Simmers in response hold that the type and manner of judicial notice sought by defendants here is improper.[2]

Further, several documents, such as the documents evidencing the fact of Simmers' original conviction via jury trial (jury verdict forms and original judgment and sentence), Simmers motion to vacate, the State's motion to vacate, and the state court's order vacating Simmers conviction for murder are either directly referenced or relied upon in Simmers' Complaint. For this reason alone, such documents are properly subject to judicial notice. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015) ("In deciding a motion to dismiss, the court can consider only the pleadings and documents that are incorporated by reference therein or are properly the subject of judicial notice.").

//

//

---

[2] Likewise, the suggestion (Dkt. 40, Simmers Response at p.11) that King County, who was not a party to his criminal trial, has superior knowledge of these documents vis a vis Simmers (who sat through the trial in its entirety) or that submission of these documents is unfairly prejudicial to Plaintiff prior to conducting discovery is ridiculous. The Superior Court transcripts relied upon would have been ordered by Simmers' own criminal appellate attorney for his appeal and are on file with the Washington State Court of Appeals. Further, all of the other documents submitted are publicly available records found in the Superior Court's docket. Presumably, Simmers and his counsel reviewed these documents prior to filing suit pursuant to their obligations under FRCP 11.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

**B. Washington's Collateral Estoppel Rule Precludes Simmers Efforts To Relitigate Matters Decided Against Him in State Court.**

3

Simmers claim that the application of collateral estoppel to §1983 claims is "a matter of

4

federal law" is simply wrong.  Dkt 40 (Simmers Response at p.12).  Under Full Faith and Credit,

5

"Congress has specifically required all federal courts to give preclusive effect to state–court

6

judgments whenever the courts of the State from which the judgments emerged would do

7

so." *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411 (1980).  Federal courts apply the preclusion

8

law of the state where the judgment was rendered, so long as the state in question satisfies the

9

applicable requirements of the Due Process Clause.  *Kremer v. Chemical Constr. Corp.*, 456 U.S.

10

461, 481–82, 102 S.Ct. 1883 (1982).    In short, state law governs the application

11

of collateral estoppel in a federal civil rights action.  *Ayers v. City of Richmond,* 895 F.2d 1267,

12

1270 (9th Cir.1990).

13

Simmers citation to various Ninth Circuit and district court opinions applying *local* state

14

preclusion law cannot change this rule.  All of the §1983 the cases cited by Simmers apply the law

15

of the jurisdiction from where the conviction arose.  For example, in *Mills v. City of Covina*, 921

16

F.3d 1161, 1169 (9th Cir.), *cert. denied sub nom. Mills v. City of Covina, California*, 140 S. Ct.

17

388, 205 L. Ed. 2d 219 (2019), the Ninth Circuit explicitly states that it is explicitly relying on

18

California law in its decision.  Likewise, in *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762

19

(9th Cir. 1991), the Ninth Circuit applied federal law on collateral estoppel where the Plaintiff was

20

prosecuted and convicted, and the conviction vacated in federal court.  Contrary to Simmers'

21

claim, when determining if a state court decision or judgment operates to estoppe a §1983 suit, the

22

federal courts apply state law to make such decisions.

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    In alternatively arguing that Washington law supports his position, Simmers misrepresents

2    *State v. Harrison* by claiming it holds that a vacated conviction cannot operate to bar re-litigation.

3    *State v. Harrison*, 148 Wn. 2d 550, 559–60, 61 P.3d 1104 (2003).  In *Harrison*, the State argued

4    that collateral estoppel should bar a resentencing court from reconsidering the propriety of an

5    exceptional sentence where the trial court had previously ruled and imposed an exceptional

6    sentence.  *Id*.  The Washington Supreme Court explained that collateral estoppel did not operate

7    to bar such re-litigation because the entirety of the sentence had been reversed on appeal and thus

8    the original decision on the exceptional sentence itself had been vacated.  *Id*. at 562.  Unlike in

9    *Harrison*, in the criminal case at issue here, there is no argument that the vacated conviction

10   invalidated the trial court's rulings because Washington law would hold those rulings to be the law

11   of the case.  *See State v. Worl*, 129 Wn. 2d 416, 424, 918 P.2d 905 (1996) (explaining that under

12   Washington's "law of the case," doctrine the parties, the trial court, and the subsequent court are

13   bound by the holdings of the court on a prior appeal unless the holdings were authoritatively

14   overruled).[3]

15   Simmers' attempt to distinguish *Hanson v. City of Snohomish*, 121 Wn. 2d 552, 852 P.2d

16   295 (1993), by incorrectly claiming that it was confined to the circumstances of probable cause

17   likewise fails.  As explained by the Washington Supreme Court in *Thompson v. State, Dep't of*

18

19

20   [3] The other two cases cited by Simmers for this proposition are inapposite.  One is a personal
restraint petition (PRP) where the court held that time clock for collateral attack of a criminal

21   sentence had not run because the criminal defendant was pending resentencing.  *In re Skylstad*,
160 Wn. 2d 944, 947-952, 162 P.3d 413 (2007).  This decision is about the time limit for PRP

22   challenges, not about the application of collateral estoppel in Washington.  Similarly, the other
case cited is a criminal decision regarding whether a juvenile had a constitutional right to appeal

23   an incorrect sentence rather than filing a PRP and does not involve the application of collateral
estoppel.  *State v. Delbosque*, 195 Wn. 2d 106, 125-127, 456 P.3d 806 (2020).

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

*Licensing*, 138 Wn. 2d 783, 799–800, 982 P.2d 601 (1999),[4] *Hanson* outlined the appropriate test

for collateral estoppel in Washington State, not just for examining whether a prior probable

cause hearing bars malicious prosecution claims. Simmers further claims that *Hanson* does not

apply and that *Fondren v. Klickitat Cty.*, 79 Wn. App. 850, 854, 905 P.2d 928 (1995) established

that mere allegations of fraud or misconduct operate as an exception to collateral estoppel.  To be

clear, allegations of fraud or misconduct do not operate as a blanket exception to collateral

estoppel, rather *Hanson* and *Fondren* explain that such allegations may impact whether a prior

probable cause determination can collaterally estoppe a claim that relies on the absence of

probable cause.[5]  Thus, when probable cause is not at issue, then whether perjury or fraud is

claimed is of no consequence.

Further, where the exact issues to which the perjury or fraud is claimed were already

claimed in the prior proceeding such claims cannot preclude collateral estoppel based on

probable cause or other prior determinations.  If Simmers' assertion was correct then *Hanson*

itself would have been decided differently.  In *Hanson*, the plaintiff, who had challenged the

identification procedures in his criminal case, claimed in a civil suit that the identification

procedures were impermissibly suggestive and that police purposefully manipulated the evidence

---

[4] In *Thompson*, the Washington Supreme Court held that a party to a prior litigation who had a full and fair hearing of the issues, and did not attempt to overturn an adverse outcome on appeal, was collaterally estopped from re-litigating the admissibility of a breathalyzer test even where the court believed the first court had likely erroneously deemed the evidence inadmissible.

[5] In *Fondren*, there is no discussion by Division Three regarding what was actually litigated in the prior proceedings and thus it is difficult to determine why the court held that the allegations of perjury or fraud were sufficient.  One can only presume that what was litigated in the criminal case and alleged in the civil case must have been sufficiently different given that the Court of Appeals was bound by the Washington Supreme Court's opinion in *Hanson*. *Fondren* was not appealed to the Washington Supreme Court.  If the facts of *Fondren* were similar to the facts in *Hanson*, then *Fondren* cannot be considered good law in light of *Hanson* being binding authority.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  to frame him.  Such allegations inherently rested on assertions that the police committed fraud

2  and perjury, yet the court held that collateral estoppel applied where a jury convicted *Hanson*

3  even though his conviction was later vacated.[6]  And following its rationale in *Hanson*, the

4  Washington Supreme Court in *Reninger v. State Dep't of Corr.*, 134 Wn. 2d 437, 454, 951 P.2d

5  782 (1998), held that collateral estoppel operated to bar two corrections officers from

6  maintaining civil claims where they had already made the same challenges in administrative

7  proceedings.  In that case, the correctional officers first challenged their demotions in

8  administrative proceedings and subsequently relabeled their claims as wrongful discharge and

9  tortious interference, and relitigated the identical issues before a jury in a civil trial.  In both the

10  administrative hearing and the civil trial the same decision was put to the decision-maker: "did

11  Reninger and Cohen fail to secure the shotguns, or were they "set up" by their superiors?"

12  Despite that their civil claims inherently rested on assertions that their superiors perjured

13  themselves and framed them, the Supreme Court reversed the jury's verdict and held that

14  collateral estoppel applied to bar their claims.

15      Simmers' allegations in this case are analogous to that of the *Hanson* and the *Reninger*

16  plaintiffs.  Simmers challenged the evidence in the earlier state court proceedings, which he lost

17  both before the trial court and on appeal.  He has now repackaged these same allegations as civil

18  rights and state law tort claims.[7]  A review of the transcripts of both the pre-trial and post-trial

19  _____

20  [6] Simmers response oddly suggests that the defendants are asking this court to rely on the state
judge's finding of probable cause at the time of charges being filed in this case.  Dkt 40

21  (Simmers' Response at p.16, lines 3-7).  However, as is clear in King County's motion, the
County is asking this court to hold that collateral estoppel applies to the jury's trial verdict in

22  determining that probable cause existed, not based on a ruling by the state court at the time of
filing of charges.

23  [7] Conversely, Simmers here is wholly unlike the plaintiff in *Allen v. Washington State Patrol*,
No. C05-1665-JCC, 2007 WL 1140261, at *1 (W.D. Wash. Apr. 17, 2007).  Allen was informed,

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   hearings, the findings of the trial court, and the Court of Appeals decision aptly demonstrate the

2   identity of the issues raised in the criminal trial and the issues raised by Simmers here.  In the

3   pre-trial motion, Simmers claimed a false, fabricated, and/or coerced confession as he claims

4   here. *See* Dkt 30 at p.110-123, 125, 132-135, 148-161, 192-205, 213-215, 219-220, 224, 225-

5   232, 234-236, 238-243, 249-255, 260-265, 268 (Simmers' pretrial cross examinations of the

6   officers and Simmers' defense witness testimony during the CrR 3.5 hearing), 301-17 (oral

7   arguments of the parties regarding the confession).[8]  Most notably, Simmers' state trial counsel's

8   arguments (*Id.* at p.306-313), as well as his brief filed in support (*Id*. at p.345-351), are the same

9   as the claims made in this litigation: that the interrogation violated Miranda, that the police

10  coerced and/or fabricated Simmers confession, and that the manner of the interrogation was

11  inappropriate and/or coercive given Simmers age and the circumstances.  As is clear from the

12  state court's oral rulings and written findings/rulings, all of the claims made regarding the

13  confession here were resolved in state court.  *Id*. at p.318-325, 353-362.  The Court of Appeals

14  further relied upon the confession in its opinion.  *Id*. at p.743-744.[9]

15

16  post-plea, that his conviction was being dismissed because it had been discovered that the officer
    who had arrested him had routinely falsified his arrest reports.  In that case, the District Court

17  properly held that the probable cause finding (and the plea) could not collaterally estoppe Allen's
    claims as they had been based on the officer's testimony and the officer could not have been

18  cross-examined about this routine falsification because the hearing predated this knowledge.  In
    contrast, Simmers cannot allege that the fraud or perjury was unknown to him at the time of the

19  state proceedings given his claim of innocence.
    [8] As acknowledged by the State at trial, the parties vigorously litigated the issues related to the

20  confession as there was no forensic evidence linking Simmers to the physical evidence at the
    time of trial. Dkt 30 at p.272.

21  [9] Simmers complains that defendants are imprecise regarding what facts the seek to be judicially
    noticed.  As is obvious from the County's motion, for collateral estoppel purposes, the County is

22  seeking that this court take judicial notice that a jury convicted Simmers of Murder following a
    trial (establishing probable cause) and that two of the same issues raise in this case were fully

23  challenged and adjudicated in state court: the nature of Simmers' confession and whether Kevin
    Olsen's testimony was the product of inducement by police.  Rather than determining whether

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

As explained in the County's motion, Simmers claimed in a post-trial motion that Olsen was improperly induced by police to testify against him through payments from crime stoppers. Similar to the pre-trial motion regarding the confession, the findings made by the trial court related to alleged inducement of Olsen to give false testimony against Simmers demonstrate that such issues were litigated both at trial and in the motion.[10]  The only issue not litigated in Simmers' state court proceedings is the propriety of the interrogation of Jonathan Wyatt but such claims are barred in other ways discussed in the motion.  Further, as a jury convicted Simmers at trial, such conviction, even where vacated, operates to establish probable cause to preclude all of Simmers claims since all rest on allegations that he was improperly imprisoned or prosecuted.  Given the allegations made in this suit and the application of Washington law of collateral estoppel, Simmers should be estopped from proceeding with this suit.

### C. Simmers Is Judicially Estopped From Contradicting the Representations He Made in the 2019 State Court Vacation Proceedings.

Simmers' response to defendants' arguments regarding the application of judicial estoppel is remarkable in two separate ways.  First, Simmers contends that defendants may not rely on his own 2019 motion seeking to vacate his conviction in state court.  However, the

---

the state court correctly resolved the confession and jailhouse informant issues, King County is asking this court to hold that the state court's resolution of these issues (as demonstrated by the hearings held on both, the oral and written findings entered, and the state appellate court's reliance on them) collaterally estoppes Simmers from raising claims that were resolved in state court and are necessarily inconsistent with the state court's resolution of them.  The entirety of the transcripts from the relevant hearings are provided for context and completeness and to demonstrate that these issues were fully adjudicated.

[10] King County does not discuss this with the same detail as the confession as the factual allegations regarding Olsen's testimony name only defendants Hopkins and Schlaegel from the Bothell police department.  Dkt 1 (Complaint at ¶94).  As is evident from the lack of any specific allegations made in the complaint, King County's officers had no contact with Olsen regarding his testimony against Simmers.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

motion, along with the prosecutor's response and the court's order vacating are referenced in the complaint in several places and may be considered in a FRCP 12 motion based purely on those references. See Complaint at ¶112-113, 149, 186.[11] Additionally, the motion is properly subject to judicial notice as it cannot be disputed that Simmers filed this motion in state court seeking to vacate his conviction and made representations to the state court that contradict the claims he makes in this case.

Second, Simmers has no colorable claim that his current allegations are consistent with the representations in his 2019 motion.[12] As explained in King County's motion, judicial estoppel applies to both legal assertions and factual assertions made by a party. In response Simmers essentially claims the assertions are not inconsistent because research regarding false confessions can support either a theory of an inadvertently false confession or a framed confession. But Simmers' response blatantly ignores the portions of his 2019 motion where he asserts what was known to law enforcement and the legal community at the time of the interrogation which are in direct contradiction to the claims made in his complaint.[13]

---

[11] Notably, Plaintiff's complaint incorrectly cites to the motion as the basis for his repeated claims that "DNA evidence exonerated him." No court has held that DNA evidence exonerated him of the murder. Instead, both Simmers and the State represented to the trial court that forensic evidence and new DNA testing did not link him to the physical evidence that was tested. Simmers' represented to the state court that the new forensic evidence "excluded [him] as being a possible donor." Dkt 30, p.766 (Simmers Motion to Vacate).

[12] It is worth noting that Simmers raised no fraud claims in seeking to vacate his conviction in 2019 under CrR 3.8. Under Washington law, a person waging a collateral attack is obligated to raise any applicable grounds, or risk losing the ability to raise those points. *See State v. Brand*, 120 Wn. 2d 365, 369, 842 P.2d 470 (1992) (Barring successive collateral attacks).

[13] Simmers also claims that the focus of the 2019 post-trial motion related to his confession focused on his taped confession rather than the entire interrogation. While the taped portion of the confession was the primary evidence against him at trial, Simmers' motion referenced the circumstances of both the recorded and unrecorded portions of the interrogation. Dkt. 30 at p.757-760. Simmers' argument was that the totality of the circumstances of the interrogation supported his claim of an unintentional but coerced or false confession.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    In asserting constitutional claims and intentional torts, Simmers *now* claims that police

2    officers intentionally coerced and/or fabricated his confession.  But pursuant to judicial estoppel,

3    Simmers should be bound by his contrary assertions in 2019, that in 1996 the police officers had

4    no reason to believe that their actions could produce false confessions.[14]  These representations

5    were *material* to the success of Simmer's 2019 motion because they were necessary to meet the

6    "newly established evidence" test that allowed Simmer's collateral attack of his conviction.

7    Plaintiffs current arguments of intentional fraud and coercion flatly contradict Simmer's 2019

8    claim that new research requires 1996 police interrogation practices to be looked at in a new

9    light.  Judicial estoppel prevents Simmers from making one argument in the state court to obtain

10   relief and then changing theories in federal court as necessary to support a claim for damages.

11   //

12   //

13

14

---

15   [14] The following three quotes from Simmers 2019 motion aptly demonstrate this contradiction:

16   > At the time of Mr. Simmers's 1996 trial, the legal community did not understand juvenile
     > brain development or the reality of false confessions the way we now do. It was hard to

17   > imagine a young person would admit to a violent crime that he had in fact not committed.
     > Dkt. 30 at p.761.

18
     > At the time of Mr. Simmers's interrogation, few if any police officers contemplated that

19   > standard psychological interrogation tactics, especially when used on youthful suspects,
     > could produce false confessions.

20   > *Id*. at p.762

21   > In the more than two decades since Mr. Simmers was arrested, there has been a sea
     > change in understanding about adolescent brain development and the causes and

22   > consequences of false confessions. Little or none of this information was available at the
     > time to police, prosecutors, defense attorneys, judges or juries in confession cases.

23   > *Id*. at p.764.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

**D.** ***Heck v. Humphrey*** **bars Simmers' Claims Regarding his Interrogation Where his Convictions for Arson and Vehicle Prowl Relied on Confessions Obtained During the Course of the Same Interrogation.**

The idea that *Heck v. Humphrey* cannot operate to bar Simmers' claims related to his confession because he doesn't mention or challenge his dozen convictions for arson and vehicle prowl is untenable. The court records of his plea and sentencing indisputably demonstrate that he pled guilty to these charges, and crucially, that the court relied upon the certification of probable cause (which included the confession) in finding a factual basis for and accepting his guilty pleas. A successful attack on his confession necessarily would invalidate the state court's acceptance of his guilty pleas thus invalidating a dozen convictions. Because this is precisely what *Heck* bars, Simmers cannot stick his head in the proverbial sand and pretend that his convictions for arson and vehicle prowl neither exist nor implicate his claims. As demonstrated in the probable cause certification, and as demonstrated in Simmers' complaint, the confessions for these offenses are inexplicably intertwined with his confession for murder particularly where Simmers alleges that the length and the manner of repeated interrogation is part of the evidence that demonstrates the defendants conspired to and intentionally framed him.

Contrary to Simmers' arguments in response, just because a conviction was obtained by guilty plea does not mean that *Heck* is not implicated. What matters instead is whether the court relied on the challenged evidence in accepting the guilty plea or in sentencing. See *Matz v. Klotka*, 769 F.3d 517, 531 (7th Cir. 2014) (holding that *Heck* barred claims where the criminal court relied upon the challenged evidence in determining the plaintiff's sentence where the conviction was the result of a guilty plea); *Smith v. City of Hemet*, 394 F.3d 689, 698- 699 (9th Cir. 2005) (examining whether the factual basis for the plaintiff's guilty plea relied upon the confession in determining whether the claims were foreclosed by *Heck*). The two cases cited by

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c) MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  Simmers do not stand for the proposition that guilty pleas cannot operate as a *Heck* bar.  Instead,

2  both cases simply hold that those plaintiffs' pleas of nolo contendere did not rely upon the

3  evidence challenged in their later §1983 suits.  *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011)

4  *Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2001).  Notably, and as mentioned in King County's

5  motion, the Ninth Circuit applied a *Heck* bar to a later case involving a "no contest" plea.  *Taylor*

6  *v. Cty. of Pima*, 913 F.3d 930, 935 (9th Cir. 2019), *cert. denied sub nom. Taylor v. Pima Cty.,*

7  *Arizona*, 140 S. Ct. 2508, 206 L. Ed. 2d 463 (2020).  Clearly, the Ninth Circuit has not adopted a

8  rule that guilty pleas cannot operate as a *Heck*-bar a §1983 suit.  Instead, federal courts look at

9  the allegations made in the §1983 suit and what, if any effect they would have on the conviction

10  whether it arises out of a guilty plea or a jury's verdict.  If the challenge would not necessarily

11  invalidate the conviction, the suit may proceed; if the challenge would necessarily invalidate the

12  conviction, the suit is *Heck*-barred.

13      Regardless of the whether there is a rule regarding nolo contendere pleas, Simmers' pleas

14  two counts for Arson in the Second Degree and ten counts of Vehicle Prowl in the First Degree

15  were *Alford* pleas rather than pleas of nolo contendere (nolo contender pleas are not used in

16  Washington State). Simmers' *Alford* pleas included a stipulation that the court could review and

17  rely upon the probable cause certification to determine if there is a factual basis for his guilty

18  pleas and whether to accept them.  This was necessary for a legally sufficient pleas *that could be*

19  *accepted by the trial court* under Washington law.  The plea and sentencing documents, which

20  are a part of the Superior Court record, are subject to judicial notice to determine what the court

21  necessarily relied upon in accepting his plea and in entering his conviction.  As the Superior

22  Court clearly relied upon Simmers confession that was obtained in the course of interrogation

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  that he challenges here, *Heck* bars him from making such claims as a successful challenge would

2  invalidate his pleas to a dozen other convictions that have never been vacated.

3  **E.  Simmers' State Law Claims Are Barred By the Statute of Limitations.**

4  Rather than focusing on the applicable Washington law on the statute of limitations for

5  Simmers' state law claims, Simmers attempts to claim that the statute of limitations cannot be

6  determined from the face of the complaint and thus cannot be determined on a FRCP 12 motion.

7  Simmers' argument flies in the face of his own allegations.  Simmers complaint claims that he is

8  innocent and that he was improperly interrogated in 1995 and maliciously prosecuted in 1996.

9  As a result of his innocence claim, he cannot assert via the discovery rule that he did not discover

10  that his confession or the testimony of Kevin Olsen was false until years later; he avers that he

11  knew this crucial fact back in 1996.  This court may certainly take judicial notice of the dates of

12  his interrogation and his trial and conviction as the documents evidencing those facts cannot

13  reasonably be in dispute.  Simmers' own complaint references the murder as having occurred in

14  1995 and that he was 16 at the time thus even on the face of his complaint the fact that the statute

15  of limitations expired for state law claims is obvious.

16  As explained in King County's motion, both *Gausvik v. Abbey*, 126 Wn. App. 868, 877,

17  107 P.3d 98, 103–04 (2005) and *Rodriguez Hidalgo v. Ricardo Perez*, 128 F. App'x 577, 581

18  (9th Cir. 2005), hold that state law claims made here accrue when a plaintiff is sentenced in his

19  Washington State criminal case where the alleged violations happened prior to the criminal case

20  (interrogation) or when the evidence was admitted in his criminal trial.  They further hold that

21  Washington state law claims do not toll based on the application of a *Heck*-bar like federal

22  claims do.  Both courts likewise rejected the same equitable tolling arguments raised by Simmers

23  here in finding that the Washington statutes are clear about when these causes of action accrue.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   The only case cited by Simmers that found tolling to exist based on a *Heck*-bar is in

2   applicable to these circumstances due to the unique nature of the claim that such tolling was

3   applied to.  In *Flynn v. Pierce Cty.,* 482 P.3d 980, 983 (Wash. Ct. App. 2021), Division Two

4   applied Heck-bar-type tolling to a *legal malpractice claim* based on a criminal defense attorney's

5   failure to contest an incorrect offender score.  The court held that, on those facts, accrual for the

6   malpractice claim did not begin until the sentence had been invalidated by an appellate court.

7   The court rested its holding on the specific public policy it articulated in earlier malpractice cases

8   stating that it would be 'inappropriate to treat victims of alleged negligence by defense counsel

9   as having been "harmed," for the purpose of maintaining a legal malpractice action ... unless they

10  show that their counsel failed to meet the established standards in a way that would make post-

11  conviction relief appropriate.' " Id. *citing Falkner v. Foshaug*, 108 Wn. App. 113, 118, 29 P.3d

12  771 (2001).  In other words, the plaintiff was not required to second guess the professional

13  advice of his attorney in the complicated arena of computing a proper sentencing range.  Unlike

14  the plaintiff in *Flynn*, Simmers did not need his lawyer's advice to believe in his alleged

15  innocence.  As the claims in this case are in line with the claims in *Gausvik* and *Rodriguez-*

16  *Hidalgo*, and wholly unlike the legal malpractice claims raised in *Flynn*, Simmers' Washington

17  State law claims are subject to the standard Washington rules on accrual and would have expired

18  three years after he turned 18, in 1999.

19          As explained in King County's motion, the County included a short section regarding the

20  statute of limitations for Simmers' Fourth Amendment claim because Simmers' complaint was

21  unclear as to what period of time he was claiming he was unlawfully imprisoned in violation of

22  the Fourth Amendment.  The County asserted that any claim for the period of time prior to legal

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

process being initiated would be barred by the applicable statute of limitations.[15]  However, in

response to the motion Simmers has asserted that he "has not brought a Fourth Amendment

claim specifically challenging his detention before the onset of legal process asserted on the

record that his claim is not based on the time he was imprisoned prior to charges being initiated."

Dkt 40 (Simmers Response at p.27).  Because Fourth Amendment claims based on his

incarceration prior to legal process are barred by the statute of limitations, and Simmers asserts

that this is not the basis for his Fourth Amendment claim, this court should hold that Simmers is

bound by this representation despite the broader way his complaint asserts the claim.

### F. Simmers' Claims Cannot Rest on the Interrogation of Jonathan Wyatt Where the Alleged Fabricated Evidence Obtained During Wyatt's Interrogation Was Not Offered During Simmers' Trial.

Simmers' response to King County's standing argument is that he is not asserting claims

on Wyatt's behalf and instead that Wyatt's interrogation is a part of his fabricated evidence

claim.  The problem with that assertion is that Wyatt's statements (the allegedly fabricated

evidence) were never introduced in Simmers' trial and Simmers was convicted absent such

evidence.  As such, Simmers cannot rely on such claims as the basis for any harm he alleges.[16]

Additionally, as explained above, the County has asked the court to apply collateral estoppel and

find that the jury's verdict establishes probable cause to rebut the vast majority of Plaintiffs

claims.  As the jury did not consider any evidence regarding Wyatt's statements, Simmers cannot

claim that this alleged fabricated evidence tainted the jury's verdict thereby causing him injury.

---

[15] The County sought clarity in the meet and confer prior to filing the motion but raised this issue in an abundance of caution because of the lack of specificity in the Complaint on this issue.

[16] The County maintains that Simmers lacks standing to assert the claims related to Wyatt's interrogation as discussed in its motion.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 16

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    Further, Simmers conceded in his response brief that his imprisonment claims are based

2    only on his detention after charges were filed where King County's motion asserted (and

3    Simmers did not contest) that false imprisonment claims under state law or the Fourth

4    Amendment based on detention prior to charges being brought accrue immediately and would be

5    barred by the statute of limitations.  The only conceivable time period where Wyatt's statements

6    would have been relied upon as a basis for Simmers detention is prior to charges being filed.

7    Further, as Simmers has not contested the propriety of his arrest or convictions for arson and

8    vehicle prowls as discussed above, his detention prior to the initiation of murder charges was

9    permissible regardless of the Wyatt's statements because Simmers was being held on those

10   charges simultaneously.  Because Simmers provides no legal basis to assert a claim related to

11   Wyatt's interrogation, such claim should not be permitted to proceed any further.

### G. Simmers Fails to Adequately State a Ratification or Policy/Practice Claim Pursuant to *Monell*.

12   With regard to his ratification theory, Simmers apparently concedes that the filing of

13   charges by the King County Prosecutor on behalf of the State of Washington cannot operate to

14   ratify the actions of KCSO officers as the Prosecutor is a separately elected official who files

15   charges as a state officer and is not a policy-maker for the Sheriff's Office as he fails to address

16   the County's argument on this point.

17   His claim that Major Beard was a "final policy-maker" simply because he had a

18   supervisory position over other officers is equally in error.  Pleading that an officer is a

19   supervisor is insufficient to demonstrate that he is a policy-maker.  As a matter of law, at the

20   time of the events in question, the King County Executive was the final policy-maker for the

21   Sheriff's Office as the sheriff was not a separately elected officer and reported to the

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    Executive.  *Carrick v. Locke*, 125 Wn. 2d 129, 143, 882 P.2d 173 (1994) (explaining that the

2    County Executive at that time was ultimately responsible for police conduct).  See also King

3    County Ordinance 12301 (1996).  As Simmers' complaint fails to allege any ratification by the

4    King County Executive, he cannot sustain a claim based on a ratification theory.[17]

5         Simmers claims of unlawful customs or practices amount are too conclusory to satisfy

6    *Monell* pleading requirements.  His pleading burden was to allege specific instances or events

7    that established a longstanding customs or practice or unconstitutional behavior prior to the 1996

8    incident.  Likewise, he fails to adequately plead that the alleged practices/customs he complains

9    of were the moving force behind the constitutional violations he alleges. Given the failure to

10    adequately plead municipal liability against King County pursuant to Monell, all §1983 claims

11    against the County should be dismissed.

12         If Simmers believes he was wrongly convicted, Washington law provides a

13    comprehensive remedy in Chapter 4.100 RCW.  Because Simmers claims he is innocent of the

14    murder, Washington law provides him with the appropriate remedy as the state "legislature

15    intend[ed the statute] to provide an avenue for those who have been wrongly convicted in

16    Washington state to redress the lost years of their lives, and help to address the unique challenges

17    faced by the wrongly convicted after exoneration."  RCW 4.100.010.  Simmers should file a

18    claim pursuant to this statute if he believes he was wrongly convicted instead of attempting to

19    shoehorn his claims into federal court.  For the foregoing reasons, and the reasons stated in King

20

21

22    [17] Even if Major Beard were a final policy-maker, Simmers fails to allege any decision or action
      by Beard that could have operated to ratify actions of the officers where he fails to allege that
23    anyone filed any complaint regarding the officers' actions that caused official approval of the
      interrogation tactics.

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 18

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    County's motion to dismiss, the court should dismiss all of Simmers' claims against King

2    County with prejudice.

3
     SIGNED this 16th day of April, 2021.

4
                                          DANIEL T. SATTERBERG
5                                         King County Prosecuting Attorney

6                                          *s/ Samantha D. Kanner*
                                          SAMANTHA D. KANNER, WSBA #36943
7                                         Senior Deputy Prosecuting Attorney
                                          King County Prosecuting Attorney's Office
8                                         Attorney for Defendant King County
                                          500 Fourth Avenue, Suite 900
9                                         Seattle, WA 98104
                                          Telephone: 206-296-8820
10                                        Samantha.kanner@kingcounty.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 19

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on April 16, 2021, I electronically filed the foregoing document(s)

3

with the Clerk of the Court using the CM/ECF System which will send notification of such filing

4

to the following participants:

5

John Hazinski
LOEVY & LOEVY (IL)

6

311 N ABERDEEN 3RD FLOOR
CHICAGO, IL 60607

7

hazinski@loevy.com

8

David B Owens
LOEVY & LOEVY

9

100 S KING STREET STE 100
SEATTLE, WA 98014

10

David@loevy.com
***Co-Counsel for Plaintiff***

11

12

Shannon M. Ragonesi
Paul J. Triesch
KEATING, BUCKLIN & McCORMACK, INC., P.S.

13

801 Second Avenue, Suite 1210
Seattle, WA 98104

14

sragonesi@kbmlawyers.com
ptriesch@kbmlawyers.com

15

***Counsel for Hopkins, Miner, Ericks, Schlaegel***
***and City of Bothell Defendants***

16

17

Geoffrey Grindeland
Nikki Carlsey
SEAMARK LAW GROUP, PLLC

18

400 Winslow Way E. Suite 230
Bainbridge Island, WA 98110

19

geoff@seamarklaw.com
nikki@seamarklaw.com

20

***Counsel for Defendants McSwain, Raftus and Baxter***

21

I declare under penalty of perjury under the laws of the United States and the State of

22

Washington that the foregoing is true and correct.

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 20

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    DATED this 16th day of April 2021 at Bellevue, Washington.

2

3    _____

4    RAFAEL MUNOZ-CINTRON
     Legal Assistant
5    King County Prosecuting Attorney's Office

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPLY IN SUPPORT OF KING COUNTY'S RULE 12(c)
MOTION TO DISMISS (2:21-cv-00100-RAJ-JRC)- 21

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819