Honorable Richard A. Jones
Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IAN SIMMERS,<br><br>                    Plaintiff,<br><br>    v.<br><br>KING COUNTY, *et al.*,<br><br>                    Defendants. | No. 2:21-cv-00100-RAJ-JRC<br><br>DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY<br><br>Noted on Motion Calendar:<br>April 16, 2021 |

The individual Deputies again join in King County's arguments (Dkt. 43) and ask the Court to dismiss the claims against them for the same reasons. Additionally, the Deputies should be dismissed from this lawsuit because Mr. Simmers has not pleaded facts sufficient to state plausible claims against them. Finally, the Deputies are entitled to qualified immunity because Mr. Simmers has failed to specify what clearly established law they allegedly violated.

**The Complaint fails to state a plausible claim against the Deputies.**

In response to the Deputies' point that the Complaint fails to allege a single fact about them, Mr. Simmers argues he has alleged, generally, that all officers "were directly involved in the Gochanaur homicide investigation"; they "conspired to frame

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY
(No. 2:21-cv-00100-RAJ-JRC) - 1

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1  Plaintiff for the crime"; they "were integral participants in the violations of Plaintiff's
2  constitutional rights"; and they "participated in the decision to fabricate a false
3  confession." (Dkt. 40 at 39.) But each of these vague allegations is a classic example of
4  an "unadorned, the-defendant-unlawfully-harmed-me accusation" that must be
5  disregarded when assessing the adequacy of pleadings. *Ashcroft v. Iqbal*, 556 U.S.
6  662, 678 (2009). Only nonconclusory, factual allegations are entitled to an assumption
7  of truth. *Id.* at 679.

8  In *Iqbal*, for example, the Supreme Court found allegations that the defendants
9  "knew of, condoned, and willfully and maliciously agreed" to subject a detainee to harsh
10 conditions of confinement on account of his race, religion, or national origin were bare
11 assertions that amounted to nothing more than a formulaic recitation of the elements of
12 a discrimination claim. *Id.* at 680–81. And the conclusory nature of such allegations
13 "disentitles them to the presumption of truth" when assessing the adequacy of a
14 Complaint. *Id.* at 681.

15 Moreover, the cases Mr. Simmers cites do not actually support his contention
16 that he may sue nine or more officers from two different agencies without specifying
17 how each officer was personally involved. None of the cases he cites involved police
18 officers, and none stand for his broad proposition that group pleading is generally
19 allowed.

20 The first case Mr. Simmers cites, *United States v. United Healthcare Insurance*
21 *Co.*, 848 F.3d 1161, 1166 (9th Cir. 2016), was a *qui tam* action alleging that five
22 healthcare organizations committed Medicare fraud. Contrary to Mr. Simmers'
23 proposition, the Ninth Circuit actually held that the unspecific allegations against three of

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY
(No. 2:21-cv-00100-RAJ-JRC) - 2

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1  the five defendants were insufficient to show that the claims had a factual basis. *Id.* at

2  1182 (applying particularity requirement of FRCP 9(b) but allowing leave to amend).

3      The second case Mr. Simmers contends authorizes group pleading, *United

4  States v. WellPoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018), was another *qui tam* action

5  alleging Medicare fraud. The holding was quite narrow. The *WellPoint* court merely held

6  that when alleging a "wheel conspiracy" (a form of conspiracy involving a "hub"

7  conspirator coordinating with two or more "spoke" conspirators), "any parallel actions of

8  the 'spokes' can be addressed by collective allegations." *Id.* at 678. The court observed

9  that, in most other kinds of fraud cases, with "different actors playing different parts, it is

10  not enough to 'lump' together the dissimilar defendants and assert that 'everyone did

11  everything.'" *Id.* at 677. Instead, a plaintiff must "identify the role of each defendant in

12  the alleged fraudulent scheme." *Id.*

13      Nor do the unpublished cases Mr. Simmers cites support him. In *Tivoli LLC v.

14  Sankey*, 2015 WL 12683801, at *3 (C.D. Cal. 2015), the court observed that a complaint

15  usually doesn't satisfy the Rule 8 pleading standard "where it fails to differentiate among

16  defendants or specify which defendant is the subject of Plaintiff's various allegations."

17  The court allowed group pleading in *Tivoli* only because the defendants were affiliated

18  companies alleged to have stolen intellectual property together. *Id.* at *4.

19      Similarly, in *Munning v. Gap, Inc.*, 2016 WL 6393550, at *3 (N.D. Cal. 2016),

20  group pleading was allowed only because "the Defendants all share a parent-subsidiary

21  relationship with The Gap Inc. as the parent company and because all the Defendants

22  are represented by the same counsel."

23      Finally, in *DeSoto Cab Company, Inc. v. Uber Technologies, Inc.*, 2018 WL

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY (No. 2:21-cv-00100-RAJ-JRC) - 3

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

10247483, at *16 (N.D. Cal. 2018), the court merely allowed group pleading in a Sherman Act anti-trust case against a few, closely related companies ("four Uber-related entities").

In response to the pending motions, Mr. Simmers argues that "the criminal proceedings against him were infected by the Defendants' fraudulent conduct, including the fabrication and suppression of evidence." (Dkt. 40 at 8.) He also alleges the "Defendants fraudulently concealed their misconduct." (*Id.* at 29.) But if he contends the Deputies were involved in fraudulent activity, his Complaint utterly fails to comply with Rule 9(b), which requires allegations of fraud to be stated with particularity.

Even in cases where fraud is not a necessary element of a claim, a plaintiff may choose to allege that a defendant engaged in fraudulent conduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003). In this situation, the claim is considered to "sound in fraud" and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id*. at 1103–04. Rule 9(b) requires allegations of fraud be specific enough to allow defendants to defend against the charge and not just deny that they've done anything wrong. *Id.* at 1106. This means the complaint must specify "the who, what, when, where, and how" of the fraudulent conduct. *Id.* The complaint must explain both what statement or conduct was false and how it was false. *Id.*

Ms. Simmers' Complaint does not satisfy either Rule 8 or Rule 9. He has not adequately pleaded any claims—much less claims sounding in fraud—because he has alleged no facts whatsoever about the Deputies. His claims should be dismissed if he does not amend his Complaint to specify what each Deputy did.

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY (No. 2:21-cv-00100-RAJ-JRC) - 4

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

**The Deputies are entitled to qualified immunity.**

Since Mr. Simmers' Complaint doesn't specify what the Deputies did, it certainly doesn't allege violation of any clearly established law. His argument that there was a clear prohibition against coerced confessions is no answer, because whether a right was clearly established for purposes of qualified immunity must be determined "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Although qualified immunity is usually decided on summary judgment rather than on a Rule 12 motion, that doesn't mean qualified immunity can't be established at the pleading stage. *Garcia v. Does*, 779 F.3d 84, 97 (2d Cir. 2015); *see also Wood v. Moss*, 572 U.S. 744 (2014) (holding motion to dismiss should have been granted on the basis of qualified immunity). In fact, the Supreme Court has explained that qualified immunity should be decided "at the earliest possible stage in litigation" and, if possible, prior to discovery. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).

Nor is it a defendant's burden to show that the law was not clearly established in order to prevail on qualified immunity. On the contrary, to defeat qualified immunity, the plaintiff "bears the burden of showing that the right at issue was clearly established." *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011); *see also Olivier v. Baca*, 913 F.3d 852, 860 (9th Cir. 2019) ("The burden is on the party contesting qualified immunity to show that a law was clearly established at the time of an alleged violation.").

Mr. Simmers has not met his burden to identify any clearly established law that the Deputies violated. And he previously admitted that the interrogation tactics used with him were considered standard at the time and that "few if any police officers" were

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY (No. 2:21-cv-00100-RAJ-JRC) - 5

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

even aware these techniques might produce false confessions. (Dkt. 30 at 762.) If well-trained officers considered their tactics "standard" rather than unlawful, qualified immunity applies. That's because qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). This is another reason the claims against the Deputies should be dismissed.

DATED: April 16, 2021

SEAMARK LAW GROUP PLLC
Attorneys for Major McSwain and
Captains Baxter and Raftis

*s/Geoff Grindeland*
Geoff Grindeland, WSBA No. 35798
Nikki Carsley, WSBA No. 46650
Seamark Law Group PLLC
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2510
geoff@seamarklaw.com
nikki@seamarklaw.com

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY
(No. 2:21-cv-00100-RAJ-JRC) - 6

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

# CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**
David B. Owens
John Hazinski

**Attorney for King County**
Samantha D. Kanner

**Attorneys for Bothell Defendants**
Shannon M. Ragonesi
Paul Joseph Triesch

I further certify that on the date below I mailed by U.S. Postal Service a copy of the foregoing document to the following non-CM/ECF participants:

**N/A**

DATED: April 16, 2021

          *s/Geoff Grindeland*
          Geoff Grindeland

DEPUTIES' REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AND JOINDER IN KING COUNTY'S REPLY
(No. 2:21-cv-00100-RAJ-JRC) - 7

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510