UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IAN SIMMERS,

        Plaintiff,

   v.

KING COUNTY, *et al.*,

        Defendants.

CASE NO. 2:21-cv-00100-RAJ-JRC

ORDER DENYING MOTION TO SUBSTITUTE

This matter is before the Court on referral from the District Court and on plaintiff's motion for leave to substitute. Dkt. 25.

Plaintiff brings suit against a variety of law enforcement officers and municipal defendants for alleged civil rights violations and torts under state law, based on his allegations that police officers framed him for a murder. Among the defendants sued are Sergeant Clement Rusk and Major Jackson Beard—both of whom are now deceased. Plaintiff seeks leave to substitute their estates, asserting that he has identified surviving family members who may serve as representatives of those estates under Washington law. Dkt. 25; *see also* Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of

the proper party."). But it is not this Court's role to appoint personal representatives of estates—and indeed, a request to do so falls outside the Court's jurisdiction. Therefore, the motion to substitute is denied without prejudice.

**DISCUSSION**

An estate "is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (internal quotation marks and citations omitted). Here, plaintiff seeks to proceed against the estates of Rusk and Beard and asks the Court to appoint as personal representatives of Rusk's and Beard's estates, respectively, defendant Beard's son, and defendant Rusk's daughter. Dkt. 38-1.

Plaintiff argues that the Court has authority to do this because both defendants are deceased and pursuant to a federal law that allows recourse to state law, 42 U.S.C. § 1988. Dkt. 38-1, at 2. On behalf of themselves as well as the proposed personal representatives, defendants oppose the request because, they argue, this Court does not have authority to appoint a personal representative. The Court agrees with defendants.

Plaintiff points to the Supreme Court's statement that federal law does not specifically address "the survival of civil rights actions under § 1983 upon the death of . . . [a] defendant." *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978). In *Robertson*, the Supreme Court explained that 42 U.S.C. § 1988 instructs federal courts faced with the issue of whether a claim survives a party's death to turn to state law: "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so

far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended[.]" 42 U.S.C. § 1988(a).

Plaintiff is correct that the Court generally looks to state law regarding whether a claim survives a defendant's death. But even if a claim survives a defendant's death, a threshold question remains: who should be named as defendant, to represent the estate? This threshold issue is dispositive of the motion to substitute.

Federal courts do not have subject matter jurisdiction over matters that fall within the "probate exception" to federal jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 298 (2006); *see also In re Marshall*, 392 F.3d 1118, 1132 (9th Cir. 2004) (applying the probate exception in a federal question case), *rev'd on other grounds*, 547 U.S. 293 (2006). In *Marshall v. Marshall*, 547 U.S. 293, the Supreme Court explained the scope of this exception: "the probate exception reserves to state probate courts the probate or annulment of a will and *the administration of a decedent's estate*; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311–12 (emphasis added). The *Marshall* court applied a two-part analysis to a claim of tortious interference with an expectancy. First, the claim did not involve the administration of an estate, the probate of a will, or any other purely probate matter. *Id.* at 312. Second, the claim did not invoke any sound policy considerations in favor of extending the probate exception to cover the matter at hand. *Id.*

Applying this test, albeit in an unpublished decision,[1] the Ninth Circuit has affirmed the denial of a motion to appoint a personal representative. The Ninth Circuit ruled in *Hassanati ex rel. Said v. International Lease Finance Corp.*, 643 Fed. App'x 620, 622 (9th Cir. 2016), that a District Court properly denied a motion to appoint plaintiff as a personal representative and correctly determined "that appointment of a personal representative falls within the probative exception because it, essentially, seeks that a [federal] court issue letters of administration."

The Court agrees with this reasoning: as the District Court in *Hassanati* ruled, the appointment of a personal representative "falls squarely within the probate exception." *Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 896 (C.D. Cal. 2014) (cataloging cases). Appointing a personal representative is clearly administration of the estate. *E.g. Jones v. Harper*, 55 F. Supp. 2d 530, 533–34 (S.D.W. Va. 1999) ("There is nothing more central to the administration of the estate than the appointment of an administrator. . . . Removing and/or appointing a personal representative has the practical effect of impermissibly drawing the property of the estate into the jurisdiction of this court."). The Court is not persuaded that plaintiff's seeking to have the Court appoint a personal representative for defendants'—rather than a plaintiff's—estate is a meaningful distinction from these cases.

Plaintiff also argues that where there are "no extant probate proceedings for the deceased Defendants," the probate exception is not implicated. *See* Dkt. 38, at 3. The Court is unable to find persuasive support for this position. Although plaintiff cites to a footnote in an unpublished order from this District, that language is dicta and is not persuasive. *See United States v. Hyland*, No. C05-0266RSL, 2007 WL 836801, at *1 n.1 (W.D. Wash. Mar. 14, 2007) ("Although

---

[1] Although unpublished decisions of the Ninth Circuit are not binding precedent, decisions issued after January 1, 2007, may be cited as persuasive authority. *See* Ninth Circuit Rule 36–3.

appointing a personal representative could arguably be construed as 'administering an estate,' the probate exception to federal court jurisdiction is unlikely to be implicated if the Court appoints a representative for the limited purpose of this litigation and while no probate matter is proceeding or contemplated. . . . The Court need not decide the issue at this time."). Plaintiff's citation to a Central District of California case is not persuasive, either. In that case, the Court was not appointing anyone to represent the estate but allowing substitution of an estate as a party defendant by naming the executor of the estate. *See Sec. & Exch. Comm'n v. Braslau*, No. 214CV01290ODWAJW, 2016 WL 1735800, at *3 (C.D. Cal. May 2, 2016).

Plaintiff argues that an exception discussed in *Markham v. Allen*, 326 U.S. 490, 491 (1946), applies. *Markham* is not on point, here. That suit did not seek to have the Court name the administrator of the estate or a personal representative thereof. Rather, the Supreme Court was addressing whether a federal court could adjudicate a claim where the judgment would result in granting entitlement to the entire proceeds of an estate that was in probate and being administered already. *See id.* at 494–95. Here, the issue is that plaintiff is asking the Court to appoint someone to administer the estate related to his claims—a situation involving administration of an estate in a way not implicated by *Markham*. *See id.* at 494 ("It is true that a federal court has no jurisdiction to probate a will or administer an estate. . . .").

Finally, plaintiff argues that 42 U.S.C. § 1988 commands federal courts to apply state law when necessary to effectuate the purposes of § 1983—which, according to plaintiff, means that the Court is "commanded" to apply Washington law and appoint appropriate personal representatives. *See* Dkt. 38, at 4 n.2. This argument is creative—but not persuasive. Section 1988 directs federal courts to turn to state law inasmuch as doing so is not inconsistent with federal law. For instance, a federal court applies a forum state's law regarding whether a claim

survives a defendant's death, in a civil rights matter. *E.g. Robertson*, 436 U.S. 584. But § 1988(a) only applies where there is a "gap" to fill. *See Robertson*, 436 U.S. at 588 ("[F]ederal law simply does not cover every issue that may arise in the context of a federal civil rights action." (Internal quotation marks and citations omitted)). Here, there is no gap: the Supreme Court has explained that matters within the probate exception are outside the court's jurisdiction. *See id.* at 593 ("[Section] 1988 . . . does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby.").

Finally, the Court observes that according to plaintiff's own arguments, he is not without recourse. Plaintiff acknowledges that he may "seek appointment of personal representatives and re-opening of the decedents' estates in Washington probate court." Dkt. 38, at 4. The Court is aware that plaintiff alleges that he has already spent decades in prison for a crime that he did not commit and objects that denying the motion to substitute will further prolong matters. However, the Court cannot take actions that are outside of its jurisdiction, regardless of the circumstances. Moreover, the Court denies the motion to substitute without prejudice to plaintiff renewing his arguments if he is able to name persons who have been authorized to represent the estates by an appropriate court that has jurisdiction over such matters.

## CONCLUSION

The motion to substitute is denied without prejudice. Dkt. 25.

Dated this 12th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge