Hon. Richard A. Jones, District Judge
Hon. J. Richard Creatura, Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Ian Simmers,<br><br>　　Plaintiff,<br><br>v.<br><br>King County, the City of Bothell, Det. Edward J. Hopkins, Sgt. Clement Rusk, Det. Rebecca Miner, Det. John McSwain Det. Pat Raftus, Det. Ken Baxter, Chief Mark Ericks, Det. Sgt. David Schlaegel, Maj. Jackson Beard, Unknown Officers of the City of Bothell Police Department, and Unknown Sheriff's Deputies of King County,<br><br>　　Defendants. | Case No. 2:21 CV 100<br><br>**NOTICE OF ADDITIONAL AUTHORITY** |

Plaintiff Ian Simmers, through his undersigned attorneys, submits the following NOTICE of additional authority related to the pending motions for judgment on the pleadings submitted by Defendant King County (Dkt. 29); the City of Bothell Defendants (Dkt. 31); and individual King County Defendants (Dkt. 32), stating as follows:

On June 3, 2021, this Court heard oral argument on the pending motions. During the hearing, counsel for Plaintiff referenced two authorities not in the briefing.

OMINBUS RESPONSE IN OPPOSITION TO MOTIONS
FOR JUDGMENT ON THE PLEADINGS - 1
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

1   First, counsel referred to a case he litigated where, after significant discovery, the question of whether the statute of limitations applied was one for the jury rather than the Court even at summary judgment. That case is *Richardson v. City of Chicago,* 314 F. Supp. 3d 999, 1014 (N.D. Ill. 2018) ("The Court concludes that a jury must be allowed to determine whether equitable tolling, equitable estoppel, or fraudulent concealment apply to save the claims from the running of the statute of limitations. For all of the claims, there are material factual disputes concerning whether Richardson knew or should have known that he could bring suit against the ASA Defendants; whether the ASA Defendants actively misled Richardson in a manner that prevented him from timely filing his claims; and whether, even if the ASA Defendants were blameless, Richardson was nonetheless prevented from asserting his rights in some extraordinary way. The evidence, viewed in the light most favorable to Richardson, is 'sufficient to create a factual dispute concerning tolling of the statute of limitations, and thus prevents the Court from granting summary judgment.'").

Second, as it concerns the issue of a "final judgment" related to *Hanson*, Plaintiff's counsel quoted from, *Matter of Marriage of Cardwell,* statement that a "trial court's interlocutory order or ruling is subject to revision at any time before final judgment." 5 Wn. App. 2d 1051, 2018 WL 5309510, at *5 n.5 (unpublished); (citing *State v. Kinard,* 39 Wn. App. 871, 873 (1985), and *Alwood v. Aukeen Dist. Ct. Comm'r,* 94 Wn. App. 396, 400 & n.9 (1999)).

DATED: June 4, 2021            Respectfully submitted,

**IAN SIMMERS**

By: */s/ David B. Owens*

OMINBUS RESPONSE IN OPPOSITION TO MOTIONS
FOR JUDGMENT ON THE PLEADINGS - 2
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

David B. Owens, WSBA #53856
LOEVY & LOEVY
100 S. King Street, Suite 100
Seattle, WA 98104
Phone:  312-243-5900
Email:  david@loevy.com

John Hazinski*
LOEVY & LOEVY
311 N. Aberdeen St., 3FL
Chicago, IL 60607
Email: hazinski@loevy.com
* *Admitted Pro Hac Vice*

OMINBUS RESPONSE IN OPPOSITION TO MOTIONS
FOR JUDGMENT ON THE PLEADINGS - 3
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900