The Honorable Richard A. Jones
The Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IAN SIMMERS,

                    Plaintiff,

        v.

KING COUNTY; the CITY OF BOTHELL;
DET. EDWARD J. HOPKINS; Sergeant.
CLEMENT RUSK; DET. REBECCA
MINER; DET. JOHN MCSWAIN; DET.
PAT RAFTUS; DET. KEN BAXTER;
CHIEF MARK ERICKS; DET. SGT.
DAVID SCHLAEGEL; and MAJ.
JACKSON BEARD; Unknown Officers of
the City of Bothell Police Department; and
Unknown Sheriff Deputies of King County,

                    Defendants.

No. 2:21-CV-100-JRC-RAJ

CITY DEFENDANTS' OBJECTIONS
TO REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE

NOTE ON MOTION CALENDAR:
July 30, 2021

## PRELIMINARY STATEMENT

Defendants City of Bothell, Edward Hopkins, Rebecca (Miner) Donley, Mark Ericks and David Schlaegel (collectively "the City Defendants") respectfully submit these objections to the Report and Recommendation (the Report) of the Magistrate Judge. The Report erroneously (1) disregards the collateral estoppel bar to Simmers' "wrongful confession" claim (counts 1, 2), and thereby allows a state law malicious prosecution claim to survive; (2) declines to apply the collateral estoppel bar to Simmers' claims relying on an alleged lack of probable cause (counts 4, 8) and on an alleged fabrication of Olsen's trial

CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 1
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

testimony (count 3); (3) declines to apply the judicial estoppel bar to Simmers' claim "that individual defendants fabricated evidence and withheld exculpatory evidence in violation of the Sixth and Fourteenth Amendments (specifically, his rights to due process and a fair trial)" (count 3); (4) declines to apply the statute of limitations bar to Simmers' state law malicious prosecution claim (counts 4, 8); (5) declines to find Simmers lacks standing to assert claims on behalf of non-party, Jonathan Wyatt; and (6) to the extent any claims survive dismissal, allows nonspecific "group pleading" against the City Defendants.

## BACKGROUND AND PROCEDURAL HISTORY

This is a civil rights and state law tort action. Plaintiff Ian Simmers claims he was wrongfully prosecuted, convicted and incarcerated for the March 11, 1995, stabbing murder of Rodney Gochanaur near the Burke Gilman trail in Bothell, Washington. Simmers confessed to undisclosed details about Gochanauer's murder during the police investigation of his involvement in area vehicle prowls, arson and malicious mischief. He later confessed additional details about Gochanaur's murder to a jailhouse informant, Kevin Olsen.

Prior to his criminal trial, Simmers challenged the validity of his confession to police, pursuant to CrR 3.5[1] and *State v. Furman*, 122 Wn.2d 453, 858 P.2d 1092 (1993) (criteria for juvenile confession). Dkt. #30 at pp. 344-351. The trial court held a hearing in which Simmers was represented by counsel, after which the court entered Findings of Fact and Conclusions of Law holding Simmers' confession was admissible. *Id*. at pp. 352-362. Simmers was tried as an adult for Gochanaur's murder and convicted by a jury. *Id*. at pp. 363-401. He also pled guilty to two counts of Arson in the Second Degree and ten counts of Vehicle Prowl in the First Degree. *Id*. at pp. 838-860. Following the jury's verdict, the trial court entered a Judgment and Sentence. Dkt. #30 at pp. 402-408.

Months after Simmers was found guilty and sentenced, he moved for a new trial based on alleged *Brady*[2] violations associated with Olsen's testimony to Simmers' jailhouse

---

[1] CrR 3.5 - Confession Procedure.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

confession. Dkt. #30 at pp. 409-729. The trial court again held a hearing in which Simmers was a represented by counsel, after which it entered Findings of Fact and Conclusions of Law holding there was no *Brady* violation. *Id*. at pp. 730-738. The Washington Court of Appeals affirmed the trial court's *Brady* ruling and Simmers' conviction. *Id*. at pp. 739-750; *see e.g. State v. Simmers*, 95 Wn. App. 1049 (1999) (unpublished).

On February 14, 2019, Simmers moved to vacate his conviction, pursuant to CrR 7.8.[3] Dkt. #30 at pp. 751-825. To establish the "newly discovered evidence" requirement of CrR 7.8(b)(2), Simmers argued that "[t]oday, there is widespread recognition that young people are particularly at risk of false confessions when questioned by police at the time of ( ) arrest and interrogation." Dkt. 30, p. 762:21-22; *see also* Dkt. 30, pp. 756:7-9, 761:9-15 and 764:12-13. He also argued that though the police officer defendants employed the widely used and accepted Reid techniques to obtain his confession, "[a]t the time of (his) interrogation, few if any police officers contemplated that standard psychological interrogation tactics, especially when used on youthful suspects, could produce false confessions." *Id*. at p. 762:19-21; *see generally Id*. at pp. 751- 825. Simmers argued that "[l]ittle or none of this information was available at the time to police, prosecutors, defense attorneys, judges or juries in confession cases." *Id*. at p. 764:9-10.

On February 19, 2019, the State also filed a CrR 7.8 motion to vacate, informing the trial court that "[t]he evidence that led a jury to convict remains essentially the same; his confession contains facts that only the killer should have known," but observing that Simmers had served 23.5 years of his sentence and was eligible for parole. Dkt. #30 at pp. 826-834. Though the State did not agree that Simmers was innocent of Gochanaur's murder or that he was wrongfully convicted, it concluded his motion for a new trial would likely be granted. *Id*. On February 26, 2019, the trial court entered an Order Vacating Conviction. *Id*. at pp. 835-837. After obtaining this favorable outcome, Simmers commenced suit, arguing the police officer defendants purposefully and from the outset conspired to use coercive and

[3] CrR 7.8 - Relief from Judgment or Order.
CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 3
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  improper tactics to obtain his false confession. Dkt. #1, *passim*.

2      The City Defendants moved to dismiss pursuant to Rule 12(c), both because

3  Simmers' claims based on "wrongful confession" and *Brady* are barred by collateral

4  estoppel, judicial estoppel and *Heck v. Humphrey*,[4] and because Simmers failed to allege

5  specific actions by the individual City Defendants. The City Defendants also argued that

6  absent a viable constitutional claim, Simmers fails to state a claim against the City of

7  Bothell under *Monell v. Department of Social Servs.*[5] In ruling on that motion, the

8  Magistrate Judge's Report and Recommendation errs in the respects noted below.

9  <center>**STANDARD OF REVIEW**</center>

10      This Court must review "*de novo* any part of the magistrate judge's disposition that

11  has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* L.Civ.R. 72.1(c)(2)

12  (stating same standard); 28 U.S.C.§ 636(b)(1) ("A judge of the court shall make a *de novo*

13  determination of those portions of the report or specified proposed findings or

14  recommendations to which objection is made."). A district court has jurisdiction to review

15  any part of a Magistrate Judge's report and recommendation to which a party has timely

16  filed objection. *See* Fed.R.Civ.P. 72(b)(3). Accordingly, "the court may accept, reject, or

17  modify, in whole or in part, the findings or recommendations made by the magistrate

18  judge." 28 U.S.C. § 636(b) (1). The court reviews those portions of the report and

19  recommendation to which specific written objection is made. *United States v. Reyna–Tapia*,

20  328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

21  <center>**OBJECTIONS AND ARGUMENT**</center>

22  **I.    Collateral estoppel bars the state law malicious prosecution claim**

23      Though the Report correctly concludes that *Heck* bars any "federal claims that

24  individual defendants coerced (Simmers') confession in violation of the Fifth and

[4] 512 U.S. 477 (1994). *Heck* holds that a prisoner seeking damages for an unconstitutional conviction must have the conviction reversed or otherwise declared invalid before his §1983 claim can proceed.
[5] 436 U.S. 658 (1978). *Monell* holds that liability for governmental entities on a §1983 claim requires proof that (1) the plaintiff possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.

CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 4
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Fourteenth Amendments (specifically, his rights to be free from self-incrimination, to counsel, and due process)" (Dkt. 53, p. 6:3-5), it disregards the collateral estoppel bar to Simmers' wrongful confession claim. As a result, the Magistrate Judge erroneously allowed a state law malicious prosecution claim to survive. Collateral estoppel bars that claim.

Washington state law determines the binding effect of rulings from a prior state criminal court proceeding. *Haring v. Prosise*, 462 U.S. 306 (1983); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.1990); *Davis v. Clark County, Wash.*, 966 F.Supp.2d 1106 (W.D.Wash. 2013). In Washington, collateral estoppel "may be applied in a civil action in which a party seeks to retry issues resolved against a defendant in a previous criminal case, as well as in a civil rights action in which issues raised are the same as those determined in a criminal case." *Hanson v. Snohomish*, 121 Wn.2d 552, 561–62, 852 P.2d 295 (1993). Collateral estoppel bars relitigation of an *issue* in a subsequent proceeding involving the same parties. *Scholz v. Washington State Patrol*, 3 Wn. App.2d 584, 416 P.3d 1261 92018) (barring relitigation in civil action of issues resolved in labor arbitration); *Reninger v. State Dep't of Corr.*, 134 Wn.2d 437, 454, 951 P.2d 782 (1998) (barring relitigating in civil action of issues resolved in administrative proceedings). Thus, rulings from a criminal trial on issues that were fully litigated serve as the basis for collateral estoppel in other proceedings. *Thompson v. State, Dept. of Licensing*, 138 Wn.2d 783, 800, 982 P.2d 601 (1999).

The Report relies upon the exception to a collateral estoppel bar stated in *Hanson,* finding "[t]he conviction of an accused conclusively establishes the existence of probable cause, thus defeating an action for malicious prosecution, unless the conviction was obtained by fraud, perjury or other corrupt means" and "this is so even where the conviction is later reversed." Dkt. 53, p. 21:2-5 (citing *Hanson*, 121 Wn.2d at 560). The Report erroneously concludes, however, that Simmers' state law malicious prosecution claim is not barred simply because he alleges "fraud, perjury or other corrupt means." Dkt. 53, p. 21:12-14. That very claim was fully addressed and resolved by the criminal trial court during

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Simmers' CrR 3.5 motion. *See* Dkt. #30 at pp. 5-362; *see also Hanson*, 121 Wn.2d at 561 (malicious prosecution claim rested on allegations that Hansen's initial conviction was obtained by fraud, perjury or corrupt practices related to the identification procedures; fraud exception to collateral estoppel did not apply, because propriety of identification procedures was decided in the city's favor in the criminal action). The wrongdoing Simmers now alleges as "corrupt practices" was fully addressed by the trial court in an adversarial hearing in which Simmers was represented by counsel. Dkt. #30 at pp. 5-362. The Report should have found Simmers' conviction in state court conclusively established probable cause and bars his state law malicious prosecution claim.

## II.    Collateral estoppel bars claims based on (1) alleged lack of probable cause and (2) alleged fabrication by police officers of Olsen's trial testimony

Claims alleging lack of probable cause. Because Simmers was convicted of Gochanaur's murder in state court, the Report errs in allowing claims to proceed to which probable cause operates as a defense. To prevail on a §1983 claim based on a false arrest or false imprisonment, a plaintiff "must demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998). To prevail on a §1983 claim for malicious prosecution, a plaintiff must demonstrate "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir.2004). Probable cause is a complete defense to these claims. *Hanson*, 121 Wn.2d at 558; *Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994) (state judge's finding probable cause to hold defendant for trial barred re-litigation of question whether probable cause existed).

Here, the issue of probable cause was determined in the state court criminal proceedings. Probable cause is a complete defense to Simmers' claims for "State Law Malicious Prosecution" (count 8), "Sixth and Fourteenth Amendment (Due Process, Fair Trial)" (count 3), and "Fourth Amendment (Detention Without Probable Cause)" (count 4). *See* Dkt. #1, ¶¶182-188, 137-144 and 145-152. The Report erred in failing to so rule.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Claims alleging fabrication of Olsen's trial testimony. While the Report accurately observes that the primary focus of the CrR 7.8 hearing involved an allegation that the prosecutor knew of and did not disclose an alleged monetary payment to Olsen, the ultimate issues decided against Simmers were sufficiently identical to preclude his current claim that the City Defendants fabricated Olsen's testimony. Simmers' counsel focused her CrR 7.8 argument on payments made to Olsen by Crime Stoppers as evidence of an alleged *Brady* violation because she failed to identify evidence that the investigating officers or the prosecutor had worked to fabricate Olsen's testimony regarding Simmers' confession.

In discussing the bounds of the post-trial CrR 7.8 motion, Simmers' counsel argued that she needed to question Olsen regarding his motivation for testifying in the murder trial, stating "[t]here are additional matters that I believe that I need to examine Mr. Olsen about, but in particular is Mr. Olsen's continued assertion that he received nothing for his testimony in this case." Dkt 30, pp. 419; 537-539. To clarify the grounds for Simmers' CrR 7.8 motion, the trial court inquired whether Simmers was proceeding on the allegation that the State failed to reveal all benefits to Olsen, which his attorney confirmed. *Id.* at pp. 717, 732. This narrowed focus occurred because the testimony at the hearing revealed that nobody on the prosecution team (including police) induced Olsen to fabricate his testimony. *Id.* To this point, the trial court entered findings and conclusions that there was no evidence that Olsen received any benefit *or entered into any agreement for testimony in Simmer's case*. *Id*. pp, 737. 537-539 (emphasis added).

Olsen testified that he received nothing from prosecutors, King County police or Bothell police in exchange for his testimony against Simmers. This conclusion was essential to the trial court's holding that the State had not violated *Brady*. Had the prosecutor and/or police officers "worked with" or otherwise incentivized Olsen to testify, there would have been evidence of a *Brady* violation. *See City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd*., 164 Wn.2d 768, 792, 193 P.3d 1077 (2008) (collateral estoppel bars re-litigation of "issues actually litigated *and "necessarily decided*" in a prior

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   adjudication). Because the trial court already held that no such incentivizing took place.
2   Dkt. 30, p. 737 ("there is no evidence of any agreement between the State and Olsen in
3   exchange for testimony."). Thus, collateral estoppel also bars Simmers' claim that the
4   police officers induced Olsen's testimony. This Court should bar Simmers from again
5   asserting a claim that the City Defendants "worked with (Olsen) to fabricate his testimony"
6   or otherwise incentivized his testimony.

7   **III.    Judicial estoppel bars Simmers' wrongful confession claim**

8       The Report erroneously declines to apply judicial estoppel to bar Simmers' current
9   claim that his confession was obtained by improper means, because Simmers successfully
10  moved to vacate his conviction by representing to the trial court that the City Defendants
11  used "widely accepted" questioning techniques in obtaining his confession. The Report
12  concludes: "the Court does not find that it is clear plaintiff succeeded in persuading the trial
13  court to accept an inconsistent position in 2019." Dkt. 53, p. 23:12-13.

14      This finding is erroneous, because the *only* "newly discovered evidence" provided
15  to the trial court in Simmers' CrR 7.8 motion was the scientific advances regarding juvenile
16  confession, which was not known when the City Defendants used the "widely accepted"
17  Reid techniques in questioning Simmers. Simmers should be estopped from now asserting
18  the inconsistent claim that those techniques were improper. Judicial estoppel exists to
19  "protect the courts from the 'improper use of judicial machinery' through a party's attempt
20  to take advantage of both sides of a factual issue at different stages of the proceedings. *New*
21  *Hampshire v. Maine*, 532 U.S. 742 (2001). This is exactly what Simmers attempts here.

22      For the trial court to have jurisdiction to entertain Simmers' CrR 7.8 collateral
23  attack on his murder conviction, the court had to find that the requirement of "newly
24  discovered evidence" was met. This is precisely why Simmers' counsel identified "newly
25  discovered evidence" regarding juvenile confessions as the jurisdictional basis for his CrR
26  7.8 motion. Contrary to the Report, Simmers *did not* argue that DNA evidence was a basis
27  to vacate under CrR 7.8(b). Dkt. 30, pp. 753-767; Dkt. 53, p. 15, line 6-9. He simply

CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 8
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX:  (206) 223-9423

acknowledged that DNA evidence did not link him to the crime at the time of the trial or at the time of his 2019 motion to vacate. Simmers offered this lack of DNA evidence as support for his argument that the confession was the strongest evidence against him at trial and, thus, "newly discovered evidence" relating to juvenile confession justified a new trial. *Id*. To this point, the State never claimed the blood evidence on the knife used to kill Gochanauer belonged to Simmers (Dkt. #30 at pp. 25, 366, 755:4-6) and Simmers never claimed he was cut or bled during his assault on Gochanaer. Dkt. #30 at pp. 780-796.

That the trial court issued an order vacating Simmers' conviction implicitly acknowledges the "newly discovered evidence" standard of CrR 7.8 was met. As a matter of law, the trial court had to conclude that the scientific evidence regarding juvenile confessions was in fact new, meaning it was not known to or able to be discovered by the parties at the time of the trial (which would have included the investigating police). After clearly benefitting from the trial court's order vacating his conviction, Simmers is now arguing the City Defendants utilized illegal and improper questioning techniques in obtaining his confession. This argument is directly contrary to his former argument. This Court should invoke judicial estoppel to bar this contrary claim "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings" and to "protect against a litigant playing fast and loose with the courts.'" *Hamilton v. State Farm Fire & Casualty Co*., 270 F.3d 778, 782 (9th Cir.2001).

**IV.    The statute of limitations bars any state law malicious prosecution claim**

The Report erroneously fails to follow direct and binding Washington authority in *Gausvik v. Abbey*, 126 Wn. App. 868, 877-881, 107 P.3d 98 (2005), which expressly rejects Simmers argument that a cause of action does not accrue until a plaintiff can legally prove his case. In *Gausvik*, the Washington Court of Appeals held that state law claims of negligent investigation, outrage, negligent infliction of emotional distress, negligent supervision, malicious prosecution, false arrest, false imprisonment, and intentional

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  interference with family relationship were all barred due to the expiration of the statute of

2  limitations. The court affirmed the trial court's dismissal of all state law claims, holding

3  that the statute of limitations began accruing when the plaintiff was sentenced.

4      Given the precedent in *Gausvik*, it was error for the Report to instead conclude that

5  *Flynn v. Pierce Cty.*, 16 Wn. App.2d 721, 728, 482 P.3d 980 (2021), which addressed the

6  statute of limitations applicable to an attorney malpractice claim, controls and somehow

7  obviates application of *Gausvik*. *Gausvik* is a state appellate court decision that specifically

8  applies the statute of limitations to preclude a malicious prosecution claim. *Gausvik* is

9  binding on this Court. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir.

10  2007) ("Today we reiterate the rule that when (1) a federal court is required to apply state

11  law, and (2) there is no relevant precedent from the state's highest court, but (3) there is

12  relevant precedent from the state's intermediate appellate court, the federal court must

13  follow the state intermediate appellate court decision unless the federal court finds

14  convincing evidence that the state's supreme court likely would not follow it.").

15      Unlike *Flynn*, which involved a legal malpractice claim, *Gausvik* directly addressed

16  the statute of limitations bar to a malicious prosecution claim. If the Washington Court of

17  Appeals intended to change the statute of limitations accrual with regard to state law

18  malicious prosecution claims, it would have explicitly said so. It did not. The Report errs in

19  failing to apply *Gausvik* to bar the state law malicious prosecution claim.

20  **V.    Simmers has no standing to assert Wyatt's "wrongful confession" claim**

21      The Report erroneously concludes that Simmers' allegations regarding Wyatt's

22  confession are merely asserted as circumstantial evidence to support his own claims. But

23  whether Wyatt's interrogation might constitute circumstantial evidence that would be

24  admissible at trial is not the issue raised by the City Defendants. The question is whether

25  Simmers can assert a cause of action premised on his allegation that Wyatt was unlawfully

26  interrogated. Clearly, he cannot. Simmers lacks standing to bring a claims to vindicate

27  Wyatt's rights. He likewise cannot claim injury arising from Wyatt's interrogation,

CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 10
2:21-CV-100-JRC-RAJ

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

particularly where it is undisputed that Wyatt neither testified at Simmers' criminal trial nor was any evidence from Wyatt's interrogation used against Simmers. *See* Dkt. 30, pp. 26-34, 364-391 Simmers specifically asserts that Wyatt's interrogation directly informs his claims against Defendants. Dkt. 40, pp. 30-31. This Court should bar for lack of standing any claim by Simmers directly premised on Wyatt's interrogation.

## VI.    Simmers engages in improper nonspecific "group pleading"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) preclude "group pleading." The Report concludes that *Keates v. Koile*, 883 F.3d 1228 (9th Cir. 2018), allows the manner in which Simmers engaged in group pleading regarding the alleged wrongdoing of the individual Defendants. This was error. Notwithstanding *Keates*, Simmers has not satisfied the basic requirement that in "§1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

*Keates* involved a constitutional challenge to Child Protective Services (CPS) removing a child from her mother's custody. *Keates*, 883 F.3d at 1232. The circumstances under which a temporary custody notice was issued, which allowed for removal of the child, were central to the alleged constitutional violations. *Id.* at 1242. The Ninth Circuit held that individually named "defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct." *Id*. at 1241. Thus, the Complaint in *Keates* failed to state plausible allegations against: (1) the CPS supervisor who spoke to hospital employees and was "involved early in the investigation" (there was no allegation that the supervisor collaborated in issuing the notice), (2) the social worker who sent a letter months after CPS took custody of the child to explain the basis for the agency's decision, and (3) two other individuals against whom the complaint made no specific allegations. *Id*.

Here, the Complaint is wholly deficient regarding Simmers' claims against former City of Bothell Detective Rebecca (Miner) Donley and former City of Bothell Chief of

CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 11
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Police, Mark Ericks. And except to the extent the Complaint alleges facts regarding the respective roles of former City of Bothell Detectives, Edward Hopkins and David Schlaegel, in obtaining Simmers' confession to police and in obtaining Olsen's trial testimony about Simmers' jailhouse confession (both of which are barred claims), the Complaint is also deficient regarding Hopkins and Schlaegel.

Under *Iqbal* and *Twombly*, the Court must disregard Simmers' generic allegations that "the Police Officer Defendants" violated his rights. These and similar allegations are legal conclusions, not allegations of fact. Such claims are classic examples of an "unadorned, the-defendant-unlawfully-harmed-me accusation" that must be disregarded when assessing the adequacy of pleadings. *Iqbal*, 556 U.S. at 678.

Unless Simmers cures this deficiency by amending his Complaint to allege specific acts or omissions by specific City Defendants and to which the individual City Defendants can respond, his claims must be dismissed unless, for the reasons stated above, such amendment would be futile. *Wheeler v. City of Santa Clara*, 894 F.3d 1046 (9th Cir. 2018).

DATED:  July 26, 2021

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Paul J. Triesch*
Paul J. Triesch, WSBA #17445
Attorney for Defendants Hopkins, Miner, Ericks, Schlaegel, City of Bothell

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: ptriesch@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX:  (206) 223-9423

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on July 26, 2021, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the following:

5
          **Attorneys for Plaintiff**
6          David B. Owens, WSBA #53856
          LOEVY & LOEVY
7          100 S. King Street, Suite 100
          Seattle, WA  98104
8          Email:  david@loevy.com

9          **Attorneys for Plaintiff**
          John Hazinski, ILB#6329791
10         LOEVY & LOEVY
          311 N. Aberdeen Street
11         Chicago, IL  60607
          Email:  hazinski@loevy.com
12

13         **Attorneys for Defendant King County**
          Samantha D. Kanner, WSBA #36943
14         DANIEL T. SATTERBERG, KING COUNTY PROSECUTING ATTORNEY
          500 4th Avenue, 9th Floor
15         Seattle, WA  98104
          Email:  samantha.kanner@kingcounty.gov
16

17         **Attorneys for Defendants McSwain, Raftus, Baxter**
          Geoffrey Grindeland, WSBA #35798
18         Nikki Carsley, WSBA #46650
          SEAMARK LAW GROUP, PLLC
19         400 Winslow Way E, Suite 230
          Bainbridge Island, WA  98110
20         Email:  geoff@seamarklaw.com; nikki@seamarklaw.com
21
   DATED:  July 26, 2021
22

23
                                                    /s/ Sarah Damianick
24                                                  Sarah Damianick, Legal Assistant
                                                    sdamianick@kbmlawyers.com
25

26

27

CITY DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE - 13
2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423