1
2
3
4
5
6

The Honorable Richard A. Jones
The Honorable J. Richard Creatura

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   IAN SIMMERS,

10                                    Plaintiff,

11          vs.

12   KING COUNTY, et al.,

13                                    Defendants.

No. 2:21-CV-00100-RAJ-JRC

DEFENDANT KING COUNTY'S
OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION

NOTED ON MOTION CALENDAR
FOR:  July 30, 2021

14

15

## I.  SUMMARY OF OBJECTIONS

16          Plaintiff Simmers has filed §1983 claims and state law claims against King County, the

17   City of Bothell, and individual law enforcement officers from both municipalities arising from a

18   murder investigation and conviction from 1995-1996. All defendants brought motions to dismiss

19   pursuant to Fed. R. Civ. P 12(c) and Magistrate Judge Creatura has issued a report and

20   recommendation recommending dismissal of some of Simmers' claims against defendants and

21   denying dismissal of other claims.  King County respectfully objects to the magistrate judge's

22   denial of dismissal of all remaining claims as to King County.

23

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

## II. RELEVANT FACTS

Simmers brought this 42 U.S.C. §1983 lawsuit against King County, Bothell, and individual law enforcement officers previously employed by these municipalities.  In addition to federal claims of violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, Failure to Intervene, and Conspiracy to Violate his Constitutional Rights, Simmers' lawsuit alleges state law claims of malicious prosecution, outrage, conspiracy, and negligence.  Dkt. 1.  Simmers claims he was wrongfully prosecuted, convicted and incarcerated for the March 11, 1995, stabbing murder of Rodney Gochanaur near the Burke Gilman trail in Bothell, Washington.  His factual allegations break down into three categories: (1) that Simmers was interrogated by King County and Bothell police officers in violation of *Miranda* and that his confession was coerced; (2) that John Wyatt was interrogated by police officers in violation of *Miranda* and that his confession was coerced; and (3) that Bothell police officers convinced Kevin Olsen (a jailhouse informant) to give false testimony claiming that Simmers had confessed to the murder while in jail.  *See* Dkt. 1.  In addition, Simmers alleges that the officers conspired to carry out these unlawful acts.  *Id.*

Simmers was charged in King County Superior Court in two separate cases: one case for arson, vehicle prowl, and malicious mischief, and another case for murder.  On December 20, 1995, Simmers pled guilty to two counts of Arson in the Second Degree and ten counts of Vehicle Prowl in the First Degree.  Dkt. 30 at pp. 838-860.

In litigating the murder charge, Simmers claimed in pre-trial proceedings that his confession was coerced and therefore inadmissible.  *Id.* at pp. 5-362.  The Superior Court held a thorough hearing and heard testimony from all of the officers present during the course of the custodial interrogation of Simmers.  *Id.*  They were cross examined by his well-respected

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    criminal defense attorney, John Hicks, regarding allegedly coercive and/or deceptive tactics.  *Id.*

2    Mr. Hicks cross examined the officers about portions of the interrogation that were not tape

3    recorded and whether the officers purposely or inadvertently fed Simmers information that led

4    his taped confession to include facts that would only have been known to the killer.  *Id.*  Both the

5    tape-recorded confession and the forms advising Simmers of his rights (including specific

6    juvenile warnings) were admitted into evidence at the hearing.[1]  *Id.*  Additionally, as is required

7    under CrR 3.5, Simmers was advised of his right to testify at the hearing and ultimately declined

8    to do so.  *Id.*

9          Simmers submitted briefing and oral argument to the state court asserting that the police

10    officers' tactics, the setting, and Simmers' age and maturity were such that his confession should

11    be suppressed as violative of his constitutional rights.  *Id.*  After considering the facts and

12    argument, the Superior Court issued oral rulings from the bench and later issued a written ruling.

13    *Id.* at pp. 352-362.  It found that the confession was properly obtained by police and that

14    Simmers was properly Mirandized.  *Id.*  It further determined that the confession was knowingly,

15    intelligently, and voluntarily given and that Simmers' will had not been overborne by deceptive

16    tactics, suggestions and ruses.  *Id.*

17          The confession was admitted at Simmers' trial for Murder in the First.  He presented an

18    alibi defense.  *Id.* at 742.  Simmers was convicted by a jury at trial.  *Id.* at pp. 363-401.  Simmers

19    was sentenced for his Arson, Vehicle Prowl and Murder convictions on May 10, 1996; he

20    received concurrent sentences.  *Id.* at pp. 402-408.  He did not appeal his convictions for Arson

21    and Vehicle Prowl, nor has he ever challenged those convictions.

22

23    _____

[1] The transcript of the taped portion of the confession is a part of *Ex. K* as the transcript was a part of Simmers' 2019 motion to vacate. Id. at 780-796.

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    In the Murder case, pending appeal to the Washington State Court of Appeals, Simmers

2    filed a post-trial motion for a new trial alleging *Brady* violations related to jailhouse informant

3    Kevin Olsen.  *Id.* at pp. 409-729.  The trial court held an evidentiary hearing on the motion and

4    entered extensive oral and written findings on the motion.  *Id.*

5    Following the post-trial motion, in his appeal Simmers claimed the trial court erred by

6    failing to instruct the jury on a lesser included offense and argued that a new trial was warranted

7    by the withholding of *Brady* information related to Kevin Olsen.  *Id.* at pp. 741-750.  Although

8    he had the opportunity, he did not appeal the pre-trial rulings related to his confession.  *Id.*  The

9    Court of Appeals affirmed the murder conviction in 1999.  *Id.*  In affirming Simmers' conviction

10   and the trial court's denial of instructing on a lesser included offense the Court of Appeals

11   expressly relied on the substance of Simmers' unchallenged confession as the basis for

12   upholding the trial court's ruling.  *Id.*

13   In 2019, Simmers again moved to vacate his murder conviction and order a new trial

14   under CrR 7.8.  *Id.* at pp. 751-825.  He alleged "newly discovered evidence," namely recent

15   research regarding the teenage brain and the reliability of juvenile confessions.  *Id.*  While the

16   State of Washington did not agree that Simmers was innocent of the crime, it agreed to vacate

17   Simmers' murder conviction due to the newly discovered evidence.  *Id.* at pp. 826-834.  Given

18   the time that Simmers had already served, the State also indicated that it would not seek to retry

19   him for the murder.  *Id.*  The Superior Court vacated Simmers' murder conviction on February

20   26, 2019.  *Id.* at pp. 835-837.

21   Simmers filed this suit thereafter.  King County moved for dismissal of all claims

22   pursuant to Rule 12(c) and the Magistrate Judge has recommended dismissal of some claims and

23

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  denial of the motion with regard to others.  This timely objection to the Magistrate judge's Report

2  and Recommendation follows.

3  ### III. SIMMERS' REMAINING CLAIMS SHOULD BE DISMISSED PURSUANT TO COLLATERAL ESTOPPEL

4

5  #### A.    SIMMERS' PRIOR CONVICTION FOR THE MURDER BARS ALL CLAIMS WHERE PROBABLE CAUSE IS A COMPLETE DEFENSE.

6  Because Simmers was convicted of murder in state court, the magistrate judge erred by

7  letting claims proceed where probable cause operates as a defense.  Collateral estoppel should

8  bar any claims (state or federal) Simmers makes here that rely on a lack of probable cause. See

9  County's arguments at Dkt. 29, p. 8-9.  Under Washington Supreme Court precedent, a

10  conviction, even if overturned later, is conclusive evidence of probable cause.  *Hanson v. City of*

11  *Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993).  *See also Haupt v. Dillard*, 17 F.3d 285,

12  289 (9th Cir. 1994) (holding that state judge's finding that probable cause existed to hold a

13  defendant over for trial barred subsequent re-litigation as to whether probable cause existed).

14  Probable cause is a complete defense to Simmers' claims for "State Law Malicious Prosecution",

15  "Sixth and Fourteenth Amendment (Due Process, Fair Trial)", and "Fourth Amendment

16  (Detention Without Probable Cause)".  Dkt 1, ¶¶182-188, 137-144, 145-152.[2]

17  The magistrate judge's decision to deny collateral estoppel as to probable cause rests on

18  mis-applying the fraud exception to the doctrine.  But Simmers' allegations of fraud (alleged

19  unlawful confession and alleged unreliability of Olsen's testimony) were fully litigated in state

20  court and rejected by the State court judge (as discussed in sections B and C below) so the fraud

21  exception to collateral estoppel does not apply.  *Hanson*, 121 Wn. 2d 552, 561 (holding that

22

23  [2] Both of these claims are defended by establishing probable cause akin to the defense of state law malicious prosecution and false imprisonment claims.  Simmers even titled his Fourth Amendment claim as being "Detention Without Probable Cause." Dkt.1, ¶145.

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

where Hanson's malicious prosecution claim rested on allegations that his initial conviction was

obtained by fraud, perjury or corrupt practices related to the identification procedures, the fraud

exception to collateral estoppel did not apply because the propriety of the ID procedures was

decided in the city's favor in the criminal action).  As the fraud allegations were ruled on by the

state court here, the magistrate judge should have recommended granting the motions to dismiss

on collateral estoppel grounds finding that the murder conviction conclusively established

probable cause.  This Court should revise the magistrate judge and dismiss these claims outright

as a matter of law.

### B. ALL CLAIMS BASED ON THE CONFESSION SHOULD BE BARRED PURSUANT TO COLLATERAL ESTOPPEL.

Noting his correct ruling that *Heck v. Humphrey* operated as a bar to Simmers'

confession claims under federal law, Judge Creatura declined to address King County's

additional argument that Simmers' confession claims were also barred by collateral estoppel.

Dkt 53, pp. 20-21.  However, application of collateral estoppel is nonetheless required because it

defeats Simmers' *state law malicious prosecution* claim insofar as it relies on challenging his

confession.  At a minimum, collateral estoppel must be applied to bar *any* claims (state or

federal) regarding the confession where there can be no reasonable dispute as to whether those

issues were fully litigated and decided against him in state court. [3]   Here, as pointed out in King

County's motion (Dkt. 29 at pp. 7-12) Simmers waged an extensive challenge to his confession

in state court criminal proceeding and lost.  The Court of Appeals' affirming his conviction on

---

[3] The elements of collateral estoppel and the full analysis of the application to the allegations are contained in the County's motion to dismiss and reply and will thus not be repeated here. Instead, the County has limited its objections to the bases that Judge Creatura rested his denials on.  *Camardo v. General Motors Hourly–Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that objections are not a vehicle for a party to relitigate the entirety of a motion).

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

appeal made such ruling final and binding under Washington collateral estoppel law.[4]  The

appellate court even cited the confession as support for its ruling on one of the issues appealed

by Simmers (failure to give a particular lesser included instruction).  As such he is barred from

relitigating the matter because the fraud exception cannot apply to the confession.  *Hanson,* 121

Wn. 2d at 561.  Because the court should apply collateral estoppel to bar any state law claims

that are derivative of the confession, the court's declining to reach that issue with regard to the

confession was erroneous.

### C. ALL CLAIMS BASED ON THE JAILHOUSE INFORMANT TESTIMONY SHOULD BE BARRED PURSUANT TO COLLATERAL ESTOPPEL.[5]

In denying Defendants motion on collateral estoppel grounds as to the issue of probable

cause and claims resting on allegations regarding the jailhouse informants testimony, Judge

Creatura incorrectly rested his determination on the conclusion that the "ultimate facts raised and

litigated at the 1997 CrR 7.8 hearing are not materially identical" to the allegations related to the

informant's testimony made by Simmers in this suit.  While the County agrees that the <u>way</u> in

which these issues were raised was different in that it was in the context of whether the State had

violated *Brady*, the ultimate issues <u>decided</u> against him were sufficiently identical preclude the

claims here.  In discussing the bounds of the post-trial motion, Simmers counsel specifically

noted that she sought to question Olsen regarding his motivation for testifying in the murder trial.

"There are additional matters that I believe that I need to examine Mr. Olsen about, but in

particular is Mr. Olsen's continued assertion that he received nothing for his testimony in this

case." Dkt 30, pp. 419; 537-539. In clarifying Simmers' basis for his Brady motion, the court

---

[4] See also King County's reply at Dkt 43, p. 5 discussing the law of the case doctrine in Washington.
[5] Alternatively, the court should hold that where Simmers makes <u>no specific allegations</u> against King County or its employees as having any involvement in procuring Olsen's testimony, the court should dismiss claims against King

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    inquired whether Simmers was proceeding under the allegation that the State failed to reveal <u>all</u>

2    <u>benefits</u> to Olsen. His attorney affirmed that she was still proceeding on that basis. *Id*. at 717,

3    732 (§C).[6]  Because the testimony had revealed that no one on the prosecution team (including

4    police) had induced Olsen's testimony, the court entered findings and conclusions that there was

5    no evidence that Olsen received any benefit or entered into any agreement for testimony in

6    Simmer's case. *Id*. pp, 737. 537-539 (Olsen testified that he received nothing from prosecutors,

7    King County police or Bothell police in exchange for testimony against Simmers).  This

8    conclusion was essential to the state court's holding that the State had not violated *Brady* as if

9    the officers or the prosecutor had incentivized Olsen to testify, that would have constituted a

10   Brady violation[7].  *See City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd*., 164

11   Wn.2d 768, 792, 193 P.3d 1077 (2008) (collateral estoppel bars re-litigation of "issues actually

12   litigated" and "necessarily decided" in a prior adjudication).  In this suit, Simmers expressly

13   alleged that Olsen's testimony was "incentivized and created by the Police Officer Defendants."

14   Dkt. 1, at 13.  Because the state court already held that no such incentivizing took place (Dkt. 30,

15   p. 737), collateral estoppel should preclude Simmers claim that the police officers induced

16   Olsen's testimony.

17            **IV. SIMMERS' CLAIMS REGARDING THE CONFESSION SHOULD BE**
                       **PRECLUDED BY JUDICIAL ESTOPPEL**

18

19

---

20   County based on such allegations.  See Dkt. 1, ¶¶94, 97; Dkt. 29, p. 10 n.10.  Although a plaintiff is properly credited
     with "plausible allegations" in a Rule 12 motion, dismissal is the necessary result when there are *no* allegations.

21   [6] See also the prosecutor's arguments in response to the allegations of inducement where she states in part "Mr.
     Olsen never received a benefit from the State or police agencies—Crime Stoppers is not a part of that—and he

22   certainly never received anything from my office.  He never received anything from Bothell." Dkt. 30, p. 711.
     [7] While Simmers' counsel focused her arguments on payments made by Crime Stoppers as evidence of alleged

23   Brady violations, that was because she had failed to elicit any testimony evidencing that the investigating officers or
     prosecutor incentivized Olsen to testify.  Simmers should not be permitted a second bite at the apple where he could
     not establish that police incentivized Olsen's testimony in 1997.

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    Judge Creatura rests his denial of applying judicial estoppel on his conclusion that "the

2    Court does not find that it is clear plaintiff succeeded in persuading the trial court to accept an

3    inconsistent position in 2019." The magistrate judge's conclusion as to this element of judicial

4    estoppel is incorrect because in order have jurisdiction to entertain such collateral attack on the

5    conviction and vacate under CrR 7.8(b), *the state court necessarily had to find that the*

6    *requirements of "newly discovered evidence" were met.* A criminal defendant seeking to vacate

7    a conviction more than a year after the judgment must meet the requirements of the court rule or

8    their motion to vacate is time barred.  *State v. Cortez*, 73 Wn. App. 838, 841, 871 P.2d 660

9    (1994) (citing RCW 10.73.090 (1) and noting that CrR 7.8 was amended to include statutory

10   time limitations on filing collateral attacks on criminal judgments effective September 1, 1991).

11   This is why Simmers' counsel identified newly discovered evidence as the jurisdictional basis

12   for the CrR 7.8 motion.  Because the trial court issued the order to vacate under CrR 7.8, the

13   state court's order necessarily held that the newly discovered evidence standard had been met.

14   Otherwise the state court would have had to deny the motion due to the applicable one-year time

15   bar.

16   In order to vacate, the state court's ruling had to rest on the fact that the research on

17   juvenile confessions was in fact new, meaning not discoverable by the parties (which would

18   include investigating police), at the time of the trial.[8]  Contrary to the magistrate judge's

19   summary of the motion to vacate, Simmers did not argue that the DNA evidence was a basis to

20   vacate under CrR 7.8(b).  Dkt. 30, pp. 753-767; Dkt. 53, p. 15, line 7-9.  Instead, Simmers

21   acknowledged that DNA evidence did not link him to the crime at the time of the trial or at the

22

23   _____

[8] A new trial will not be granted on the ground of "newly discovered evidence "unless the moving party
demonstrates that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3)

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   time of the 2019 motion to vacate.  *Id.*  Simmers offered the lack of DNA evidence as support for

2   his argument that the confession was the strongest piece of evidence against him at trial and thus

3   the new evidence related to the confession was likely to change the outcome of the trial (as

4   required in order to grant the motion).  *Id.*  The motion did not argue that the DNA results

5   themselves met the "newly discovered evidence" standard.  *Id.*  As the state court's ruling had to

6   rest on the newly discovered evidence proffered with regard to the confession was not capable of

7   being known to the parties at the time of trial, all of the elements of judicial estoppel are met and

8   the court should grant dismissal of all claims that rest on the confession on these grounds.

9
10   **V. SIMMERS' CLAIMS SHOULD BE BARRED INSOFAR AS THEY RELY ON
THE WYATT ALLEGATIONS WHERE HE LACKS STANDING AND CAN CLAIM
NO INJURY FROM WYATT'S INTERROGATION**

11
12          The magistrate judge's ruling regarding the allegations regarding the interrogation of

13   Jonathan Wyatt denies Defendants' motions to dismiss on the grounds that Simmers asserts that

14   he is not raising claims on behalf of Wyatt (where he has no standing to do so).  However, the

15   magistrate judge concludes that the claims regarding Wyatt's confession are merely alleged by

16   Simmers as circumstantial evidence of his own claims.  While Simmers does state that the

17   allegations serve as circumstantial evidence, Simmers' response brief also asserts that the

18   interrogation of Wyatt is a part of his *direct claims* against defendants. Dkt 40, p. 30-31.  As

19   discussed in the opening brief and the reply, Simmers cannot bring claims to vindicate the rights

20   of another person as he lacks standing.  He likewise cannot claim injury arising from the

21   interrogation of Wyatt when it is undisputed that Wyatt never testified at Simmers criminal trial

22   and no evidence gathered during Wyatt's interrogation was used against Simmers at trial.  Dkt.

23   could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely
cumulative or impeaching." *State v. Williams*, 96 Wn. 2d 215, 222–23, 634 P.2d 868 (1981).

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

30, pp. 26-34, 364-391.  The issue of whether the interrogation of Wyatt might constitute

circumstantial evidence that might be admissible at trial is not the issue raised by the

Defendants' motions but rather whether Simmers can assert a caused of action premised on

allegations that Wyatt was unlawfully interrogated.  This court should hold that Simmers may

not assert a cause of action *directly premised* on allegations that Wyatt's interrogation was

unlawful.

## VI.    THE STATUTE OF LIMITATIONS BARS SIMMERS' STATE CLAIMS INCLUDING MALICIOUS PROSECUTION

The magistrate judge erred in failing to follow direct and binding Washington authority

with regard to the state malicious prosecution claim.[9]  In *Gausvik*, the Washington Court of

Appeals held that state law claims of negligent investigation, outrage, negligent infliction of

emotional distress, negligent supervision, malicious prosecution, false arrest, false imprisonment,

and intentional interference with family relationship were barred due to the expiration of the

statute of limitations and affirmed the trial court's dismissal on all state law claims holding that

the statute of limitations began accruing when the plaintiff was sentenced.  *Gausvik v. Abbey*,

126 Wn. App. 868, 877-881, 107 P.3d 98 (2005) (expressly rejecting the same argument that

Simmers makes here: that "a cause of action does not accrue until a plaintiff can legally prove

his case.") Given this direct precedent, it was error for the magistrate judge to instead follow

*Flynn*, which addressed the statute of limitation for an attorney malpractice claim.[10]  *Flynn v.*

*Pierce Cty.,* 16 Wn. App. 2d 721, 728, 482 P.3d 980 (2021).  Here, the *Gausvik* decision, which

[9] Judge Creatura properly held that the other state law claims were barred by the statute of limitations.
[10] While the County acknowledges that Washington's division two applied federal accrual reasoning this legal malpractice case where a plaintiff's claim is essentially incomplete until his conviction is reversed, such reasoning was directly rejected in a case involving malicious prosecution and other state law claims akin to the ones made here.

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    is a state appellate court decision in a malicious prosecution case, determines the statute of

2    limitations for that claim and is binding on a federal court. *Ryman v. Sears, Roebuck & Co.*, 505

3    F.3d 993, 994 (9th Cir. 2007) ("Today we reiterate the rule that when (1) a federal court is

4    required to apply state law, and (2) there is no relevant precedent from the state's highest court,

5    but (3) there is relevant precedent from the state's intermediate appellate court, the federal court

6    must follow the state intermediate appellate court decision unless the federal court finds

7    convincing evidence that the state's supreme court likely would not follow it.").[11]

8                                   **VII. CONCLUSION**

9            For the foregoing reasons, and the reasons stated in King County's Motion to Dismiss

10   (Dkt. 29) and Reply (Dkt. 43), the magistrate judge's recommendations to deny dismissal of

11   other claims should be reversed.

12           DATED this 26th day of July 2021.

13                                          DANIEL T. SATTERBERG
                                            King County Prosecuting Attorney
14

15                                  By: _____
                                        SAMANTHA D. KANNER, WSBA #36943
16                                      Senior Deputy Prosecuting Attorney
                                        Attorney for Defendant King County
17                                      500 4th Avenue, 9th Floor
                                        Seattle, WA 98104
18                                      Phone: (206) 296-8820/Fax: (206) 296-8819
                                        samantha.kanner@kingcounty.gov
19

20

21

22

---

23   [11] Assuming, *arguendo*, that Judge Creatura is correct that Division two's Flynn decision demonstrates a sea change
     in Washington for purposes of adopting a *Heck*-justified tolling for malicious prosecution claims, then *Heck* should
     also bar any malicious prosecution claims that rely on Simmers' confession.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on July 26, 2021, I electronically filed the foregoing document(s)

3

with the Clerk of the Court using the CM/ECF System which will send notification of such filing

4

to the following participants:

5

John Hazinski

6

LOEVY & LOEVY (IL)
311 N ABERDEEN 3RD FLOOR

7

CHICAGO, IL 60607
hazinski@loevy.com

8

David B Owens

9

LOEVY & LOEVY
100 S KING STREET STE 100

10

SEATTLE, WA 98014
David@loevy.com

11

*Co-Counsel for Plaintiff*

12

Shannon M. Ragonesi
Paul J. Triesch

13

KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210

14

Seattle, WA 98104
sragonesi@kbmlawyers.com

15

ptriesch@kbmlawyers.com
*Counsel for Hopkins, Miner, Ericks, Schlaegel*

16

*and City of Bothell Defendants*

17

Geoffrey Grindeland
Nikki Carlsey

18

SEAMARK LAW GROUP, PLLC
400 Winslow Way E. Suite 230

19

Bainbridge Island, WA 98110
geoff@seamarklaw.com

20

nikki@seamarklaw.com
*Counsel for Defendants McSwain, Raftus and Baxter*

21

I declare under penalty of perjury under the laws of the United States and the State of

22

Washington that the foregoing is true and correct.

23

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   DATED this 26th day of July 2021 at Bellevue, Washington.

2

3                                 _____
                                  RAFAEL MUNOZ-CINTRON
4                                 Legal Assistant
                                  King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819