Honorable Richard A. Jones
Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IAN SIMMERS,<br><br>     Plaintiff,<br><br> v.<br><br>KING COUNTY, *et al.*,<br><br>     Defendants. | No. 2:21-cv-00100-RAJ-JRC<br><br>DEPUTIES' OBJECTION TO REPORT AND RECOMMENDATION<br><br>Note on Motion Calendar: July 30, 2021 |

The individual Deputies object to Magistrate Judge Creatura's Report and Recommendation denying their motion for judgment on the pleadings. Mr. Simmers hasn't pleaded plausible claims against any of the Deputies, and the Deputies are entitled to qualified immunity. Additionally, the Deputies join King County's objections to the Report and Recommendation (Dkt. 57).

**Group pleading isn't sufficient to state a plausible claim against the Deputies.**

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (timing is different, but "the motions are functionally

DEPUTIES' OBJECTION TO REPORT AND RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 1

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

1. identical"). Under Rule 12, dismissal of claims can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." A complaint does not satisfy this pleading standard if it contains only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To satisfy Rule 8 and survive a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court should apply a two-step approach when evaluating whether claims have been adequately pleaded. *Id.* at 679. First, the court should identify and disregard all legal conclusions and other conclusory statements, which are not entitled to an assumption of truth. *Id.* Second, the court should determine whether well-pleaded, factual allegations, which are entitled to an assumption of truth, "plausibly give rise to an entitlement to relief." *Id.*

Mr. Simmers' generic group pleading about "the Police Officer Defendants" doesn't satisfy *Iqbal* and *Twombly*'s pleading requirements. *Keates v. Koile*, 883 F.3d 1228 (9th Cir. 2018)—the case relied on by the Magistrate Judge—doesn't support such a broad proposition either. That case involved a constitutional challenge to Child

DEPUTIES' OBJECTION TO REPORT AND RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 2

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

Protective Services' removal of a child from her mother's custody. *Id.* at 1232. The circumstances under which a temporary-custody notice ("TCN") was issued, which allowed for removal of the child, were central to the alleged constitutional violations. *Id.* at 1242.

The Ninth Circuit held that individually named "defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct." *Id.* at 1241. So allegations that two CPS employees collaborated in issuing the TCN and spoke to a hospital employee who told the child's mother that the child couldn't go home were "just barely" sufficient to plausibly allege that the CPS employees were integral participants in the claimed rights violations. *Id.* at 1242. On the other hand, the Ninth Circuit concluded that the Complaint did not state plausible allegations against several other defendants, including two individuals against whom the complaint failed to "make any specific allegations." *Id.*

Here, the allegations against the Deputies fall into the second *Keates* category—the Complaint does not plead any specific facts from which it can be plausibly inferred that any of the Deputies participated in Mr. Simmers' interrogation or the murder investigation, much less that the Deputies were "integral participants" in any alleged violation of his rights.

Under *Iqbal* and *Twombly*, the Court must disregard Mr. Simmers' generic allegations that "the Police Officer Defendants" violated his rights. These and similar allegations are legal conclusions, not allegations of fact. Indeed, each is a classic example of an "unadorned, the-defendant-unlawfully-harmed-me accusation" that must be disregarded when assessing the adequacy of pleadings. *Iqbal*, 556 U.S. at 678.

DEPUTIES' OBJECTION TO REPORT AND RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 3

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

The remaining allegations do not state a plausible claim against any of the Deputies. In fact, the Complaint does not allege any specific act or omission by any of them. Captains Baxter and Raftis are mentioned only four times in the Complaint. Their names appear in the caption; in the preamble on the first page; in paragraph 31, which alleges only that "the Bothell PD Officers agreed to seek the prosecution of Plaintiff with officers from the King County Sheriff's Office"; and in the prayer for relief at page 28. Major McSwain's name appears in the same four places plus paragraph 14, which alleges that he was a "detective sergeant[ ] with the King County Police, now called the King County Sheriff's Department."

Therefore, Mr. Simmers has not satisfied the basic requirement that in "§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The Complaint does not set forth specific facts regarding the Deputies from which it can plausibly be inferred that the Deputies were integral participants in violating his rights.

Unless Mr. Simmers cures this deficiency by amending his Complaint to allege specific acts or omissions by individual Deputies, his claims must be dismissed. Of course, Mr. Simmers need not be given an opportunity to amend his Complaint for any claims dismissed on the grounds raised in King County's motion. Leave to amend may be denied if the proposed amendment would be futile or subject to dismissal. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

**The Deputies are entitled to qualified immunity.**

Qualified immunity is an additional, independent basis for dismissal of Mr. Simmers' claims against the Deputies. Police officers are entitled to immunity from civil

DEPUTIES' OBJECTION TO REPORT AND RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 4

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

liability when their conduct doesn't violate clearly established law. *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009). And whether a right was clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson*, 555 U.S. at 236.

The Deputies are entitled to qualified immunity based on Mr. Simmers' own admissions. When moving to vacate his conviction, Mr. Simmers represented to the Superior Court that, at the time of his interrogation, "few if any police officers contemplated that standard psychological interrogation tactics, especially when used on youthful suspects, could produce false confessions." (Dkt. 30 at 762.) Mr. Simmers' concession that his interrogation involved techniques that were considered "standard" at the time constitutes an admission that none of the Deputies knowingly violated any clearly established law in 1995. Under these circumstances, qualified immunity applies because it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Based on the refusal to take judicial notice of the truth of facts found within pleadings and the refusal to apply judicial estoppel, the Magistrate Judge also recommended against applying qualified immunity. However, these are independent issues. Mr. Simmers' statement regarding interrogation techniques is an admission of a party opponent, not a disputed fact. Nor is the Court required to apply judicial estoppel to recognize the commonsense proposition that if well-trained officers considered their tactics "standard" rather than unlawful, qualified immunity applies. This is a second reason the claims against the Deputies should be dismissed.

DEPUTIES' OBJECTION TO REPORT AND
RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 5

SEAMARK LAW GROUP PLLC
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

DATED: July 26, 2021

SEAMARK LAW GROUP PLLC
Attorneys for Major McSwain and
Captains Baxter and Raftis

*s/Nikki Carsley*
Geoff Grindeland, WSBA No. 35798
Nikki Carsley, WSBA No. 46650
Seamark Law Group PLLC
400 Winslow Way E, Ste 230
Bainbridge Island, WA 98110
(206) 502-2510
geoff@seamarklaw.com
nikki@seamarklaw.com

DEPUTIES' OBJECTION TO REPORT AND
RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 6

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510

# CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**
David B. Owens
John Hazinski

**Attorney for King County**
Samantha D. Kanner

**Attorneys for Bothell Defendants**
Shannon M. Ragonesi
Paul J. Triesch

I further certify that on the date below I mailed by U.S. Postal Service a copy of the foregoing document to the following non-CM/ECF participants:

N/A

DATED: July 26, 2021

*s/Nikki Carsley*
Nikki Carsley

DEPUTIES' OBJECTION TO REPORT AND
RECOMMENDATION
(No. 2:21-cv-00100-RAJ-JRC) - 7

**SEAMARK LAW GROUP PLLC**
400 WINSLOW WAY E, STE 230
BAINBRIDGE ISLAND, WA 98110
(206) 502-2510