The Honorable Richard A. Jones
The Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IAN SIMMERS,

                              Plaintiff,

        vs.

KING COUNTY, et al.,

                              Defendants.

No. 2:21-CV-00100-RAJ-JRC

DEFENDANT KING COUNTY'S
RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND
RECOMMENDATION

*NOTED ON MOTION CALENDAR
FOR:  August 13, 2021*

## I.  INTRODUCTION.

King County opposes Simmers' objections and respectfully requests this court adopt the Magistrate Judge's recommendations regarding dismissal of certain claims.

## II.  RELEVANT FACTS.

Rather than repeating the facts here, King County will rely on the relevant facts section of its own objections to the report and recommendation filed July 26, 2021.

## III.  *Heck v. Humphrey* bars Simmers' Confession Claims.

Plaintiff's contention that *Heck v. Humphrey* cannot operate to bar Simmers' claims related to his confession because his complaint fails to mention or challenge his dozen

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  convictions for arson and vehicle prowl is untenable.  The court record of his plea and sentencing

2  indisputably demonstrate that the court relied upon the certification of probable cause (which

3  included the confession) in finding a factual basis for and accepting his guilty pleas.  A

4  successful attack on his confession necessarily would undermine the state court's acceptance of

5  his guilty pleas, thereby invalidating a dozen convictions.  Because this is precisely what *Heck*

6  bars, Simmers cannot avoid *Heck*  through artful pleading that pretends his convictions for arson

7  and vehicle prowl neither exist nor implicate his claims.[1]  As demonstrated, the confessions for

8  these offenses are inextricably intertwined with his confession for murder particularly where

9  Simmers alleges that the length and the manner of repeated interrogation is part of the evidence

10  that demonstrates the defendants conspired to and intentionally framed him.[2]

11         In order to get around the *Heck* bar, Simmers now attempts to temporally separate the

12  arson and vehicle prowl confession from his confession to murder by attaching merely <u>a portion</u>

13  of the confession upon which Plaintiff's convictions were based.[3]  However, this was a *single*

14  confession to *multiple* crimes, including murder.  In *Chavez v. City of California*, No.

15  119CV00646DADJLT, 2020 WL 1234503, at *9 (E.D. Cal. Mar. 13, 2020), the District Court

16  rejected a near identical attempt to temporally separate the factual basis for a plea (regarding a

17

18  _____

[1] While Simmers' objections express dissatisfaction with what he perceives as "overuse of
judicial notice" at the pleadings stage, his objections fail to provide any argument that the official
19  court records establishing the basis for the *Heck* bar are not properly subject to judicial notice.
[2] Contrary to Simmers' objections, the Complaint does not simply challenge the portion of
20  Simmers' confession that is contained in an audio recording.  Instead, Simmers' Complaint
alleges misconduct taking place throughout Simmers' being in police custody prior to the
21  recording, that his Miranda rights were repeatedly violated, and that he was coerced into making
a false confession over the course of more than nine hours.  Dkt. 1.
22  [3] Simmers' submission of Dkt. 59-1 is wholly improper as the document is not subject to judicial
notice and is not submitted with any sworn declaration verifying what it is and explaining its
23  context.  Further, providing portions of Simmers' confession without providing the reports that
document when each portion was written and the events following is significantly misleading.

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

search of a property) from the claims made in his civil lawsuit (regarding the search of a truck). In rejecting Chavez's attempts, the court noted that if the plaintiff were permitted to proceed with his civil claims challenging the legality of the officers' search of the Penske truck, he would necessarily be calling into question his criminal conviction obtained by way of his plea because the facts and evidence gleaned by the officers during their search of the truck formed part of the basis for the issuance of the warrant to search the house.  Similarly, Simmers' challenge to the facts and evidence offered by police officers relating to the portions of his confession where he admitted to murder (including the claims that officers conspired to frame him, repeatedly violated his Miranda rights, and coerced a false confession from him over the course of over nine hours) necessarily call into question other portions of his confession where he admitted the arsons and vehicle prowls to the same officers.[4]

Additionally, the *Chavez* court rejected this same argument where the plaintiff could have limited the factual basis for his plea to the search of the property but did not do so and broadly agreed to the police report being used as the factual basis.  *Id.* at *9 also *citing Winder v. McMahon*, 345 F. Supp. 3d 1197, 1206 (C.D. Cal. 2018) ("[Plaintiff] agreed in his criminal case to a factual basis, and cannot now pick apart the [police report] that forms that factual basis—revising his own position in an attempt to be consistent with only portions of it—in order to manufacture 'two isolated factual contexts' to maintain his claim.  Only one factual context ...

---

[4] If the court substantively considers Dkt. 59-1, it must also consider the contents of the testimony elicited during the CrR 3.5 hearing in state court which demonstrates that interrogation cannot be deemed temporally separate.  Deputy Rusk testified that Simmers first statement linking him to the murder (identifying the victim as a "bum") was made when he was brought to the Marina to identify the boats that he prowled. Dkt. 30, pp. 66-92, 114.  If Deputy Rusk's testimony regarding this conversation was perjured and he was instead actively coercing Plaintiff to falsely confess as alleged the entire interrogation would be tainted by this misconduct and unavailable to be relied upon for his *Alford* pleas.

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   exists according to the [plea].”), *appeal dismissed sub nom. Winder v. Cty. of San Bernardino*,

2   No. 18-56598, 2019 WL 1077010 (9th Cir. Jan. 25, 2019).

3       Simmers, like *Chavez,* cannot artificially parse his confession to avoid a *Heck* problem,

4   especially when his underlying theory is that the confession techniques were inherently coercive.

5   In referencing Simmers' confession to murder in the probable cause certification, upon which

6   Simmers agreed the state court could rely, it is apparent that police questioning of Simmers about

7   the vehicle prowls and arsons occurred in the same course of conduct as questioning about the

8   murder.  Dkt. 30, p. 852-855.  Simmers cannot now disclaim the factual basis details of a

9   document contained in the probable cause certification that he agreed the state court could rely

10  upon.  The Magistrate Judge properly determined that this is what *Heck* bars.

11      Further, a review of the probable cause certification upon which Simmers' guilty pleas

12  relied[5], makes it obvious that Simmers' confession to arson and vehicle prowl referenced in the

13  certification <u>was not</u> limited to the written statement attached as Exhibit 1 (Dkt. 59-1).[6]  Instead,

14  the confession was taken over the course of hours and included a trip to the marina where

15  Simmers was asked to point out the various vehicles prowled.  Dkt. 30, pp. 852-855.  From

16  reviewing these two documents side by side, the certification's references to what Simmers

17  confessed contains much more information than what is contained in Dkt. 59-1 as specific

18  locations and vehicles are identified.  In fact, Dkt. 59-1, standing alone, would have been

19  insufficient to establish a factual basis for the convictions as it fails to link Simmers to specific

20  charged crimes.  *See Matter of Keene*, 95 Wn. 2d 203, 209, 622 P.2d 360, 364 (1980) (explaining

21

22  _____
    [5] Dkt. 30, pp. 852-855.

23  [6] Notably in referencing the confession, the certification does not limit its language by saying the
    "written confession" or "the confession obtained at 1345 hours" or anything of the like as it
    obviously relies upon more than Dkt. 59-1.

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   that in accepting a plea the judge must determine "that the conduct which the defendant admits

2   constitutes the offense charged in the indictment or information" and that general admissions to

3   crimes are not sufficient to form a factual basis for specific counts charged).  Further, as Plaintiff

4   Simmers, like *Chavez*, did not limit the court's consideration of the probable cause certification

5   to determine a factual basis, he cannot raise a challenge now to portions of the certification to

6   which he stipulated.

7       Contrary to Simmers' arguments, just because a conviction was obtained by guilty plea

8   does not mean that *Heck* is not implicated.  What matters instead is whether the court relied on

9   the challenged evidence in accepting the guilty plea or in sentencing.  See *Matz v. Klotka*, 769

10  F.3d 517, 531 (7th Cir. 2014) (holding that *Heck* barred claims where the criminal court relied

11  upon the challenged evidence in determining the plaintiff's sentence where the conviction was

12  the result of a guilty plea); *Smith v. City of Hemet*, 394 F.3d 689, 698- 699 (9th Cir. 2005)

13  (examining whether the factual basis for the plaintiff's guilty plea relied upon the confession in

14  determining whether the claims were foreclosed by *Heck*).  The cases cited by Simmers do not

15  stand for the proposition that guilty pleas cannot operate as a *Heck* bar.  Instead, the cases simply

16  hold that those plaintiffs' guilty pleas did not rely upon the evidence challenged in their later

17  §1983 suits.  *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011); *Ove v. Gwinn*, 264 F.3d 817, 823

18  (9th Cir. 2001).[7]

19

20  _____

21  [7] Simmers' objection misstates the holding of a recent Ninth Circuit case by claiming that it
    stands for a general proposition that guilty pleas do not pose a problem for Plaintiffs under *Heck*.

22  Dkt. 59, p. 8.  As is apparent from the language of the opinion, the court, in citing extensively to
    *Yount,* explained that a *Heck* bar does not turn on whether a conviction was obtained by plea or

23  jury verdict, and noted that the application of a *Heck* bar to a guilty plea turns on whether the
    claims implicate the factual basis for the defendant's pleas. *Lemos v. Cty. of Sonoma*, No. 19-

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    Notably, Judge Creatura's reasoning in the report and recommendation cites to Ninth

2    Circuit authority demonstrating that *Heck* can apply to a "no contest" plea. *Taylor v. County of*

3    *Pima*, 913 F.3d 930, 935 (9th Cir. 2019), *cert. denied* 140 S. Ct. 2508 (2020); *see also Smith v.*

4    *City of Hemet*, 394 F.3d 689, 698 (9th Cir. 2005) (looking to the factual basis for a nolo

5    contendere plea to determine whether a §1983 claim was *Heck* barred).

6    Because Simmers' *Alford* pleas included a stipulation that the court could review and rely

7    upon the probable cause certification to determine if there was a factual basis for his guilty pleas

8    and whether to accept them, the plea and sentencing documents, which are a part of the Superior

9    Court record, are properly subject to judicial notice to determine what the court necessarily relied

10    upon in accepting his plea and in entering his conviction. As the Superior Court clearly relied

11    upon Simmers' confession that was obtained in the course of interrogation that he challenges

12    here, *Heck* bars Simmers from making any claims that would invalidate his other convictions.

13    **IV. Simmers' State Law Claims Are Barred By the Statute of Limitations.**

14    In objecting to the report and recommendation, Simmers raises a new theory regarding

15    the statute of limitations for state law claims by arguing that Washington has adopted *Heck*-

16    tolling for state law claims. This argument is not borne out by Washington law. In Washington,

17    a cause of action accrues "when the factual basis for the cause of action becomes known to the

18    party bringing the action." *Gausvik v. Abbey*, 126 Wn. App. 868, 880 (2005). As Simmers was

19    convicted in 1996 and turned 18 later that year, the state statute of limitations ran in 1999 on all

20

21

22    15222, 2021 WL 3011978, at *4-5 (9th Cir. July 16, 2021) *citing Yount v. City of Sacramento,*
      43 Cal. 4th 885, 183 P.3d 471 (2008).

23

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  state law claims.[8]  The only case cited by Simmers in arguing that *Heck* tolling must apply is

2  *Flynn v. Pierce Cty.,* 482 P.3d 980, 983 (Wash. Ct. App. 2021), which is distinguishable as that

3  was a claim for legal malpractice[9] rather than claims of malicious prosecution[10], outrage,

4  negligence, or civil conspiracy.

5       As explained in King County's motion, *Gausvik*, 126 Wn. App at 877, held that state law

6  claims against police related to a criminal prosecution, under the discovery rule, accrue when a

7  plaintiff is sentenced in his Washington State criminal case where the alleged violations

8  happened prior to the criminal case (interrogation) or when the evidence was admitted in his

9  criminal trial.[11]  *Gausvik* expressly held that Washington state law claims do not toll based on the

10  application of a *Heck* bar like federal claims do and rejected the same tolling arguments raised by

11  Simmers here.  As the claims in this case are in line with the claims in *Gausvik*, and wholly

12  unlike the legal malpractice claims raised in *Flynn*, Simmers' Washington state law claims are

13  subject to the standard Washington rules on accrual and would have expired well before he filed

14  suit here.

15

16  [8] Per RCW 4.16.190, the statute of limitations is tolled during pre-sentencing imprisonment and
   until a minor turns 18.

17  [9] The *Flynn* court's reasoning appears to be based on the notion that a plaintiff was not required
   to second guess the professional advice of his attorney in the complicated arena of computing a

18  proper sentencing range.  No similar argument under the discovery rule can be made here where,
   if his allegations are to be deemed true, Simmers "would have already known that he lied during

19  his confession and that he was not present at the murder scene" back in 1996 when he was
   convicted.  Dkt. 53, p. 18.

20  [10] The County's objections to the recommendation denying dismissal of the state law malicious
   prosecution claim are discussed in Dkt. 57 and will not be discussed in detail here.  However, the

21  County believes that all of Simmers' state law claims are barred by the statute of limitations and
   that only a legal malpractice claim (not made in this case) would survive pursuant to *Flynn*.

22  [11] The *Gausvik* court held that state law claims of negligent investigation, outrage, negligent
   infliction of emotional distress, negligent supervision, malicious prosecution, false arrest, false

23  imprisonment, and intentional interference with family relationship were barred due to the
   expiration of the statute of limitations.  *Id.*

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

## VII.  CONCLUSION.

For the foregoing reasons, and the reasons stated in King County's Motion to Dismiss (Dkt. 29) and Reply (Dkt. 43), the Magistrate Judge's recommendations to dismiss certain federal claims pursuant to *Heck* and state law claims pursuant to the statute of limitations should be adopted.

SIGNED this 12th day of August, 2021.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

*s/ Samantha D. Kanner*
SAMANTHA D. KANNER, WSBA #36943
Senior Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office
Attorney for Defendant King County
500 Fourth Avenue, Suite 900
Seattle, WA 98104
Telephone: 206-296-8820
Samantha.kanner@kingcounty.gov

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on August 12, 2021, I electronically filed the foregoing document(s)

3

with the Clerk of the Court using the CM/ECF System which will send notification of such filing

4

to the following participants:

5

John Hazinski

6

LOEVY & LOEVY (IL)
311 N ABERDEEN 3RD FLOOR
CHICAGO, IL 60607

7

hazinski@loevy.com

8

David B Owens

9

LOEVY & LOEVY
100 S KING STREET STE 100
SEATTLE, WA 98014

10

David@loevy.com

*Co-Counsel for Plaintiff*

11

12

Shannon M. Ragonesi
Paul J. Triesch

13

KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104

14

sragonesi@kbmlawyers.com
ptriesch@kbmlawyers.com

15

*Counsel for Hopkins, Miner, Ericks, Schlaegel*
*and City of Bothell Defendants*

16

17

Geoffrey Grindeland
Nikki Carlsey

18

SEAMARK LAW GROUP, PLLC
400 Winslow Way E. Suite 230
Bainbridge Island, WA 98110

19

geoff@seamarklaw.com
nikki@seamarklaw.com

20

*Counsel for Defendants McSwain, Raftus and Baxter*

21

22

23

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

        I declare under penalty of perjury under the laws of the United States and the State of

Washington that the foregoing is true and correct.

        DATED this 12th day of August, 2021 at Bellevue, Washington.

                                        _____
                                        RAFAEL MUNOZ-CINTRON
                                        Legal Assistant
                                        King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (2:21-CV-00100-RAJ-JRC) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819