The Honorable Richard A. Jones
The Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IAN SIMMERS,<br><br>         Plaintiff,<br><br> v.<br><br>KING COUNTY; the CITY OF BOTHELL; DET. EDWARD J. HOPKINS; Sergeant. CLEMENT RUSK; DET. REBECCA MINER; DET. JOHN MCSWAIN; DET. PAT RAFTUS; DET. KEN BAXTER; CHIEF MARK ERICKS; DET. SGT. DAVID SCHLAEGEL; and MAJ. JACKSON BEARD; Unknown Officers of the City of Bothell Police Department; and Unknown Sheriff Deputies of King County,<br><br>         Defendants. | No. 2:21-CV-100-JRC-RAJ<br><br>**CITY DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**NOTED ON MOTION CALENDAR FOR: August 13, 2021** |

## INTRODUCTION

Plaintiff objects to the Report and Recommendation (Report) insofar as the Report concludes (1) "plaintiff's federal claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because they implicate the validity of plaintiff's arson and vehicle prowling convictions, which have never been vacated or dismissed" (Dkt. 53, p. 2:14-16), and (2) "most of plaintiff's state law claims are barred by the Washington State statute of limitations, because the causes of action accrued during the time of the events leading to plaintiff's conviction." *Id*. at p. 2:16-18. Each of these conclusions arises from the facts alleged in the Complaint and is supported by the applicable law. Both should be adopted.

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION  - 1  2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# RESPONSE TO OBJECTIONS

### A. The Report and Recommendation Correctly Applies the *Heck* Bar

The Report observes that plaintiff's *Alford* plea "referred to a probable cause statement, which itself referred to plaintiff's confession, to form the factual basis for his plea. Dkt. 53, pp. 9:7-12 (citing Dkt. 30, at 839 (statement on plea of guilty), 844 (plaintiff's handwritten reference to the probable cause certification stating that "[t]he court can review the probable cause certification to find a factual basis for my plea"), and 852–55 (probable cause certification referring to plaintiff's confession after arrest)). The Report then concludes that "where plaintiff's convictions for vehicle prowling and arsons derive from his *Alford* plea, for which the factual basis derived from his confession, a finding in plaintiff's favor on his first claim (that the coerced confession violated his rights against self-incrimination and to counsel) or his second claim (that this misconduct violated due process) would necessarily imply the invalidity of his arson and vehicle prowl convictions." Dkt. 53, p. 11:4-8. This conclusion is fully supported by plaintiff's trial pleadings.

In plaintiff's December 20, 1995, *Alford* plea,[1] he acknowledged "[t]he judge has asked me to state briefly in my own words what I did that makes me guilty of this (these) crime(s). This is my statement." Dkt. 30, p. 844. Plaintiff's handwritten statement then included the following basis for his plea: "the court can review the probable cause certification to find a factual basis for my plea of guilty to each count, I through XII." *Id.* In turn, plaintiff's probable cause certification states:

> [T]his case contains the following upon which this motion for determination of probable cause is made…Simmers…came upon a 35-year old man, whom the defendant is currently charged with murdering…besides confessing to the murder, the defendant showed police several boats he entered and places he had set on fire. The defendant also confessed to stealing a boat.

*Id.* at p. 852. The probable cause certification then details the myriad factual grounds supporting the twelve counts in plaintiff's property crimes conviction. *Id.* at pp. 852-855.

---

[1] Dkt. 30, pp. 839-860 (Statement of Defendant on Plea of Guilty).

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION - 2     2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

In sum, the public records emanating from plaintiff's criminal trial are precisely what the Report identifies to correctly concludes that if plaintiff succeeded in his allegation of a coerced confession and misconduct by the City Defendants' during investigation of his property crimes and Gochanauer's murder, it would imply the invalidity of his *Alford* plea and property crimes conviction. Plaintiff's current claims against the City Defendants directly imply that the sentence he served on his *Alford* plea was invalid. As the Report correctly notes, any such claim expressly violates the *Heck* bar and is precluded.

In contrast, and assuming the court can take judicial notice of plaintiff's unauthenticated written property crimes confession (*see* Dkt. 59-1),[2] the purported handwritten confession alone lacks sufficient facts to support an *Alford* plea, as a matter of law. *See State v. Powell*, 29 Wn. App. 163, 166–67, 627 P.2d 1337 (1981) (plea requires sufficient factual basis in the record); *see also Matter of Keene*, 95 Wn.2d 203, 209, 622 P.2d 360, 364 (1980) (explaining that in accepting a plea the judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information" and stating that general admissions to crimes are not sufficient to form a factual basis for specific counts charged). Accordingly, the fundamental premise upon which plaintiff's entire substantive *Heck* objection relies is flawed.

Plaintiff repeatedly asserts is that his *Alford* plea and property crimes conviction rests solely on a March 15, 1995, handwritten general confession to property crimes, to the exclusion of the detailed information police derived from the rest of the investigation, questioning, admissions, verbal murder confession and tape-recorded murder confession on which plaintiff bases his current constitutional claims.[3] *See e.g.* Dkt. 59, p. 8:22-23. But as plaintiff concedes, "[t]he Police Officer Defendants did not record the overwhelming

---

[2] Dkt. 59-1 lacks authentication and is not a document of which the court can take judicial notice.

[3] Contrary to plaintiff's argument in his Objections, the Complaint does not simply challenge plaintiff's recorded confession. Rather, it challenges conduct taking place throughout plaintiff's detention and questioning by police. Dkt. 1, *passim*. Plaintiff's property crimes and murder confession occurred over several hours and included a trip to a marina, where plaintiff was asked to identify the vehicles he prowled. Dkt 30, pp. 852-855. In the CrR 3.5 hearing, Defendant Rusk testified that plaintiff's first statement linking him to Gochanauer's murder (identifying Gochanauer as a "bum") was made at that time. Dkt. 30, pp. 66-92, 114.

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION  - 3          2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

majority of their questioning and interactions with (Plaintiff), even though they had the means to do so." Dkt. 1 at p. 12:8-9. Plaintiff's verbal confession to Gochanauer's murder and subsequent tape-recorded repetition of that confession incorporated and referred to his property crimes confession from earlier that day. *See e.g.* Dkt. 30, pp. 785, 791-792; *see also* Dkt. 30, p. 805 (probable cause certification) ("[b]esides confessing to the murder, the defendant showed police several boats he entered and places he had set on fire.").

Plaintiff's two objections to the Report's *Heck*-bar recommendation are (1) plaintiff did not allege in his Complaint that "any confession to property crimes was the result of coercion or fabrication" (Dkt. 59, p. 6:18-19), and (2) "the property crime charges did not rest on the coerced murder confession, but instead resulted from a completely separate document obtained almost nine hours before the murder confession." Dkt. 59, p. 6:21-23. The entire premise on which plaintiff's substantive *Heck*-bar objection rests is that "the *Alford* plea rested on a separate handwritten statement, not the false murder confession at issue in this case." Dkt. 59, p. 8:22-23. That premise is factually and legally unsupportable.

Factual Basis for Application of *Heck* Bar.

Though plaintiff argues his March 15, 1995, handwritten confession is the sole and singular support for his *Alford* plea and property crimes conviction (Dkt. 59-1, pp. 2-4), that confession does not contain sufficient facts to allow the trial judge to enter an *Alford* plea, as a matter of law. It merely identifies general property crimes against non-specific victims. *See* Dkt. 59-1, pp. 2-4; *cf.* Dkt. 30, pp. 846-55 (Second Amended Information and Second Supplemental Certification for Determination of Probable Cause). Prior to entering an *Alford* plea, the trial judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information… ." *See Matter of Keene*, 95 Wn. 2d at 209; *see also Powell*, 29 Wn. App. at 166–67. The basis for the plea must be developed on the record at the time the plea is taken. *State v. Iredale*, 16 Wn. App. 53, 553 P.2d 1112 (1976). Here, the trial judge could not have entered an *Alford* plea based on the

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION - 4    2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

purported written confession alone, because that written confession does not link plaintiff to any specific crime. *See* Dkt. 844, 852-855.

In contrast, as the Report notes, the Second Amended Information and certification for determination of probable cause states a factually specific basis for the *Alford* plea. *See* Dkt. 30, pp. 846-55. As is evident from the detailed description of plaintiff's property crimes in his December 20, 1995, Second Amended Information and certification of probable cause, plaintiff's *Alford* plea is based on details that do not appear in his written confession. The inescapable conclusion is that plaintiff's *Alford* plea could not have been and was not based solely on his written confession. Thus, the premise plaintiff relies upon to support his objection to the Report's *Heck* bar recommendation is factually incorrect.

<u>Legal Basis for Application of *Heck* Bar</u>.

Plaintiff argues that "[t]he only conviction at issue in this case is Plaintiff's conviction for murder, which has been vacated and does not bar relief." Dkt. 59, p. 6:9-10. Under *Heck*, the "conviction at issue" is any conviction that would necessarily be invalidated were plaintiff to succeed on his current federal claims against the City Defendants, to wit, his existing property crimes conviction. Again, plaintiff's fundamental premise is that he can circumvent the *Heck* bar because the court can parse portions of the police investigation into a focus on his property crimes and a separate focus on Gochanauer's murder. This very argument has repeatedly been rejected in the Ninth circuit.

In *Chavez v. City of California*, No. 1:19-cvv-00646-DAD-JLT, 2020 WL 1234503 (E.D. Cal. Mar. 13, 2020), the district court observed that "whether a § 1983 or other civil claim is *Heck*-barred where the underlying criminal conviction was obtained by way of plea (whether no contest or guilty) turns on the nature of the allegations in the civil action, the factual basis of the criminal conviction, and whether success on the former would undermine the validity of the latter." *Chavez* at *7; *see also Gordon v. Perris Police Station*, No. EDCV 18-315-RGK (AGR), 2019 WL 3021465, at *5 (June 14, 2019) ("A *Heck* bar may be based on a conviction resulting from a guilty or no contest plea,

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION  - 5       2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

depending on the nature of the § 1983 claims and the factual basis for the plea."), *report and recommendation adopted*, 2019 WL 3017764 (C.D. Cal. July 10, 2019).

In *Chavez*, the plaintiff argued that the search of his home, which his plea of no contest was based on and which occurred "four to five hours" after his original detention, was "temporally and spatially" separate from the earlier search of his truck, which formed the basis for his claim. *Chavez*, at *9. The court observed that the factual basis for plaintiff's no contest plea was the police report, which established both probable cause and reasonable suspicion with respect to the earlier search of his truck. *Id*. The court also found no temporal or spatial separation between the search of the truck and the search of the house, because evidence obtained during search of the truck formed part of the basis for the warrant to search the house. *Id*. The court concluded that because the plaintiff agreed to the police report as the factual basis for his pleas, he could not selectively choose what the court relied on to distance himself from application of the *Heck* bar, stating:

> Finally, the court notes that plaintiff perhaps could have limited the factual basis for his plea to the search of the Property, but this he did not do. Instead he broadly agreed to the police report as the factual basis for his plea. *See Winder v. McMahon*, 345 F.Supp. 3d 1197, 1206 (C.D. Cal. 2018) ("[Plaintiff] agreed in his criminal case to a factual basis, and cannot now pick apart the [police report] that forms that factual basis— revising his own position in an attempt to be consistent with only portions of it—in order to manufacture 'two isolated factual contexts' to maintain his claim. Only one factual context ... exists according to the [plea]."), appeal dismissed sub nom. *Winder v. Cty. of San Bernardino*, No. 18-56598, 2019 WL 1077010 (9th Cir. Jan. 25, 2019).

*Chavez* at *9. In short, plaintiff here cannot parse portions of the police investigation into a focus on his property crimes and a separate focus on Gochanauer's murder.

Numerous Ninth Circuit cases have engaged in the same analysis. *See e.g. Walton v. Cty. of Sutter,* No. 2:18-cv-00080-TLN DB PS, 2019 WL 3522463, at *3 (E.D. Cal. Aug. 2, 2019) ("[P]laintiff is challenging his arrest for the same crime he was later convicted for [by plea]. In this regard, if plaintiff's arrest was proven to be invalid that would imply the invalidity of his conviction [by plea]."), *report and recommendation adopted*, No. 2:18-cv-00080-TLN-DB, 2019 WL 4166830 (E.D. Cal. Sept. 3, 2019); *Kowarsh v. Heckman*, No.

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION - 6    2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

14-cv-05314-MEJ, 2015 WL 2406785 (N.D. Cal. May 19, 2015), at *8 ("If Plaintiff successfully showed that Defendants Jay and O'Connell maliciously prosecuted him by ignoring exculpatory blood evidence, this would reveal an inconsistency with his no contest plea by suggesting that he contested the charges against him and had evidence to support his opposition. At bottom, his current claim implies that the sentence he served as part of his no contest plea was invalid."); *Shabazz v. Parris*, No. CV 12-5803-SVW DFM, 2014 WL 2986485, at *4 (C.D. Cal. May 27, 2014) ("Because Plaintiff is alleging that officers engaged in an illegal search and seizure in relation to the criminal charges for which he was ultimately indicted, his claims appear to be foreclosed by *Heck* because he has pleaded guilty in the Criminal Case."), *report and recommendation approved*, No. CV 12-05803-SVW DFM, 2014 WL 2986508 (C.D. Cal. July 2, 2014); *Winder v. McMahon*, 345 F.Supp. 3d 1197, 1206 (C.D. Cal. 2018) ("[Plaintiff] agreed in his criminal case to a factual basis and cannot now pick apart the [police report] that forms that factual basis—revising his own position in an attempt to be consistent with only portions of it—in order to manufacture 'two isolated factual contexts' to maintain his claim. Only one factual context ... exists according to the [plea]."), *appeal dismissed sub nom. Winder v. Cty. of San Bernardino*, No. 18-56598, 2019 WL 1077010 (9th Cir. Jan. 25, 2019). This same analysis strongly supports the Report's recommendation to apply the *Heck* bar to plaintiff's claims.

If plaintiff were to succeed in proving his allegations regarding the City Defendants' investigation of and alleged misconduct toward him, a judgment in his favor would necessarily imply the invalidity of his *Alford* plea and property crimes conviction, which temporally followed, incorporated and was necessarily based upon not only his verbal admissions to his property crimes, but his purported written property crimes confession, his verbal admission to Gochanaur's murder and his taped confession to Gochanauer's murder, which in turn referenced his property crimes confession. As the Report correctly observes, these facts informed the probable cause underlying plaintiff's December 20, 1995, *Alford plea* and property crimes conviction. *See* Dkt. 53, pp. 9:7-12 (citing Dkt. 30, at 839

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION - 7    2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

(statement on plea of guilty), 844 (plaintiff's handwritten reference to the probable cause certification stating that "[t]he court can review the probable cause certification to find a factual basis for my plea"), and 852–55 (probable cause certification referring to plaintiff's confession after arrest)). In sum, if plaintiff succeeds in proving his allegations of police misconduct during the investigation of his property crimes and Gochanauer's murder, he unavoidably invalidates his *Alford* plea and his property crimes conviction. Any such allegations of police misconduct are therefore barred by *Heck*, as a matter of law.

Plaintiff also argues a procedural objection to the Report's recommendation that the *Heck* bar be applied to plaintiff's federal claims, claiming that because he specifically avoided any reference to his property crimes conviction in the Complaint, the court cannot consider that conviction. However, as noted in the City Defendants' Motion to Dismiss (Dkt. 31) and as stated in the Report (Dkt. 53, p. 8), the court may take judicial notice of public records on a Rule 12 motion, particularly where, as here, the plaintiff was a party to the criminal matter from which those public records derive. Dkt. 53, p. 9:3-4.

In sum, the Report correctly concludes that *Heck* bars plaintiff's claims under the Fifth and Fourteenth Amendments and any other claims for damages under federal law seeking damages on the basis that plaintiff's confession was unlawfully procured. *See* Dkt. 53, p. 3:5-8. These claims "implicate the validity of plaintiff's arson and vehicle prowling convictions, which have never been vacated or dismissed." *Id*. at p. 2:13-16. To this extent, the Magistrate Judge's conclusion and recommendation should be adopted by the Court.

**B.   The Report and Recommendation Correctly Bars State Law Claims**

In Washington, a cause of action accrues "when the factual basis for the cause of action becomes known to the party bringing the action." *Gausvik v. Abbey*, 126 Wn. App. 868, 880 (2005). Here, plaintiff was convicted in 1996 and turned 18 later that year, so the state statute of limitations ran in 1999 on all state law claims.[4] The Report concludes that "all of plaintiff's state law claims except his malicious prosecution claims (and his

---

[4] *See* RCW 4.16.190 (statute tolled during pre-sentencing imprisonment and until minor turns 18).

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION  - 8      2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*respondeat superior* and indemnification claims, to the extent that those claims are based on malicious prosecution) should be dismissed with prejudice, as time barred."[5] Dkt. 53, p. 31:9-11. In objecting to this recommendation, plaintiff relies on *Flynn v. Pierce Cty.*, 482 P.3d 980, 983 (Wash. Ct. App. 2021), which addressed a claim for legal malpractice. In contrast, *Gausvik* specifically addressed a claim of malicious prosecution and held that state law claims do not toll based on the application of a *Heck* bar. *Gausvik*, 126 Wn. App. at 872, 878–79 (noting that the "trial court found that the statute of limitations barred Gausvik's state law claims" and finding Gausvik's arguments to the contrary meritless).

In *Gausvik*, the court explained that the factual basis for the plaintiff's claim arose when he lost his freedom. *Id.* at 880 and 881 ("[The plaintiff] knew [at the time of sentencing] that the techniques used by those involved in the investigation of sexual abuse allegations may have led to children alleging abuse that never occurred."). On those facts, the court expressly held that Washington state law claims do not toll based on the application of a *Heck* bar and rejected the same tolling argument plaintiff raises here. Similarly, in *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004), the Ninth Circuit applied Washington law and held that claims for false imprisonment, negligent training and supervision, and intentional and negligent infliction of emotional distress were time-barred, since they had accrued when the plaintiff was arrested.

Plaintiff's claims here align with those in *Gausvik v. Abbey* and are wholly unlike the legal malpractice claim raised in *Flynn*. Thus, plaintiff's state law claims are subject to the standard Washington rule regarding accrual, as stated in *Gausvik*, and they expired well before plaintiff commenced this lawsuit. The Report correctly concludes the statute of limitations bars plaintiff's state law claims. That recommendation should be adopted.

---

[5] The Report errs in failing to apply a collateral estoppel bar to plaintiff's state law malicious prosecution claim, relying on the allegations in the Complaint claiming the murder conviction was "obtained by fraud, perjury or other corrupt means." Dkt. 53, p. 21:2-5 (citing exception stated in *Hanson v. Snohomish*, 121 Wn.2d 552, 560 (1993)). That very claim was fully addressed and resolved against plaintiff by the criminal trial court following an adversarial hearing in which plaintiff was represented by counsel. *See* Dkt. #30 at pp. 5-362. Accordingly, the City Defendants' have objected to that recommendation. *See* Dkt. 56, pp. 4:22-6:9.

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION  - 9       2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CONCLUSION

Based on the foregoing argument and authorities and the facts, argument and authorities set forth in the City Defendants' Motion to Dismiss (Dkt. 31) and Reply (Dkt. 42), the City Defendants respectfully request that this Court adopt the Magistrate Judge's Report and Recommendation to dismiss plaintiff's federal claims as barred pursuant by *Heck v. Humphrey* and state law claim as barred by the Washington statute of limitations.

DATED: August 12, 2021.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

*/s/ Paul J. Triesch*
Paul J. Triesch, WSBA #17445
Attorney for Defendants Hopkins, Miner, Ericks, Schlaegel and City of Bothell
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: ptriesch@kbmlawyers.com

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION  - 10       2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
David B. Owens, WSBA #53856
LOEVY & LOEVY
100 S. King Street, Suite 100
Seattle, WA  98104
Email:  david@loevy.com

**Attorneys for Plaintiff**
John Hazinski, ILB#6329791
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL  60607
Email:  hazinski@loevy.com

**Attorneys for Defendant King County**
Samantha D. Kanner, WSBA #36943
DANIEL T. SATTERBERG, KING COUNTY PROSECUTING ATTORNEY
500 4th Avenue, 9th Floor
Seattle, WA  98104
Email:  samantha.kanner@kingcounty.gov

**Attorneys for Defendants McSwain, Raftus, Baxter**
Geoffrey Grindeland, WSBA #35798
Nikki Carsley, WSBA #46650
SEAMARK LAW GROUP, PLLC
400 Winslow Way E, Suite 230
Bainbridge Island, WA  98110
Email:  geoff@seamarklaw.com; nikki@seamarklaw.com

DATED:  August 12, 2021

/s/ Paul J. Triesch
Paul J. Triesch, WSBA #17445
Attorney for Defendants Hopkins, Miner, Ericks, Schlaegel, City of Bothell
801 Second Avenue, Suite 1210
Seattle, WA  98104
Email:  ptriesch@kbmlawyers.com

CITY DEF'S RESPONSE TO PL'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION  - 11     2:21-CV-100-JRC-RAJ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423