Hon. Richard A. Jones, District Judge
Hon. J. Richard Creatura, Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Ian Simmers,<br><br>    Plaintiff,<br><br>v.<br><br>King County, the City of Bothell, Det. Edward J. Hopkins, Sgt. Clement Rusk, Det. Rebecca Miner, Det. John McSwain Det. Pat Raftus, Det. Ken Baxter, Chief Mark Ericks, Det. Sgt. David Schlaegel, Maj. Jackson Beard, Unknown Officers of the City of Bothell Police Department, and Unknown Sheriff's Deputies of King County,<br><br>    Defendants. | Case No. 2:21 CV 100<br><br>Note on motion calendar:<br>August 13, 2021 |

**PLAINTIFF'S RESPONSE TO RULE 72
OBJECTIONS FILED DEFENDANT KING COUNTY**

Plaintiff Ian Simmers, through his undersigned attorneys, submits the following response to the Rule 72 Objections filed by Defendant King County (Dkt. 57), stating as follows:

**Introduction**

Plaintiff brought this suit under 42 U.S.C. § 1983 to challenge the egregious law enforcement misconduct that caused him to serve 23 years in prison for a crime he did not commit before being exonerated by DNA evidence. After the Magistrate Judge issued a report and recommendation to deny the bulk of Defendant King County's motion for judgment on

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 1
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

the pleadings, the County filed Rule 72 objections. But the County's objections fail to identify any error in the Magistrate Judge's reasoning. To the contrary, Plaintiff's factual allegations, interpreted in accordance with the law governing Rule 12 motions, demonstrate his entitlement to relief. The County's objections are legally baseless and should be overruled so that Plaintiff may pursue his well-pleaded claims and vindicate the violations of his rights.

Because the objections filed by the County (Dkt. 57) and those filed by the City of Bothell Defendants (Dkt. 56) raise nearly all the same arguments, Plaintiff has addressed each argument just once across two briefs to avoid redundancy. This brief addresses the arguments concerning collateral estoppel and the statute of limitations for Plaintiff's state-law malicious prosecution claim. Defendants' arguments relating to judicial estoppel and Plaintiff's Article III standing are discussed in Plaintiff's response to the City Defendants' objections.

## Background

Plaintiff refers to his response to the Rule 72 Objections filed by the City of Bothell Defendants, which summarizes of the factual allegations and procedural history relevant to this response.

## Argument

**A.   Collateral estoppel cannot bar any Plaintiff's claims**

The Defendants' arguments concerning collateral estoppel fail across the board. Their Rule 72 Objections simply ignore the many reasons that collateral estoppel is inapplicable here, all of which Plaintiff articulated in prior briefing. Because Defendants do not even attempt to grapple with these key points, their arguments are without merit.

> *1.   Without an extant judgment, federal law applies and prohibits applying collateral estoppel in this case.*

At the threshold, federal law and not state law governs the application of collateral estoppel where there is no extant state-court judgment. That is because, in federal-question cases, federal courts are required only "to give preclusive effect to state court *judgments*." *Allen v. McCurry*, 449 U.S. 90, 96–98 (1980) (emphasis added); *accord Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81–81 (1984). In this case, however, Simmers's murder

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 2
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

conviction was vacated and is no judgment at all. In the absence of a state-court judgment, federal law controls, and under federal law a vacated criminal judgment "cannot serve as the basis for a disposition on the grounds of res judicata or collateral estoppel." *Mills v. Covina*, 921 F.3d 1161, 1170 n.2 (9th Cir. 2019); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991); *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980); *see also* WRIGHT & MILLER, FED. PRAC. & PROC. §4427 ("Judicial actions must achieve basic minimum quality to become eligible for res judicata effects. First, there must be a judgment."); *id.* §4432 ("Once . . . the judgment is vacated, preclusion is of course defeated[.]"); *id.* §4433 ("A second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed.").

Federal courts across the country have rejected Defendants' precise argument—that a denied motion to suppress during state criminal proceedings leading to a wrongful conviction has preclusive effect in subsequent Section 1983 litigation even if the conviction has been vacated. *See Evans v. Katalinic*, 445 F.3d 953, 955-56 (7th Cir. 2006) (calling this argument "absurd"); *Peterson v. Heymes*, 931 F.3d 546, 554-55 (6th Cir. 2019); *O'Connell v. Alejo*, No. 18-cv-1359-RBJ, 2020 WL 1244852, at *4 (D. Colo. Mar. 16, 2020); *Dukes v. City of Albany*, 289 F. Supp. 3d 387, 393 (N.D.N.Y. 2018). Applying these authorities, Defendants' motion should be denied.

> 2. *Even if Washington law applied to this question, the absence of a final judgment precludes collateral estoppel.*

Defendants' arguments also fail under Washington's law of issue preclusion, because Washington law follows the federal rule: Plaintiff's criminal case cannot be a basis for collateral estoppel because his conviction has been vacated, depriving his criminal case of any preclusive effect. In *Washington v. Harrison*, 61 P.3d 1104 (Wash. 2003) (en banc), the Washington Supreme Court held that rulings in a criminal case could not be given collateral estoppel effect after the criminal defendant's "entire sentence was reversed" since "the finality of the judgment is destroyed. Accordingly, [the defendant's] prior sentence ceased to be a final judgment on the merits, and collateral estoppel does not apply." *Id.* at 1110. This

PLAINTIFF'S RESPONSE TO DEFENDANT KING COUNTY'S RULE 72 OBJECTIONS - 3
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

is because a final judgment in a criminal case depends on a valid sentence: "When a court reverses a sentence it effectively vacates the judgment because the '[f]inal judgment in a criminal case means sentence.'" *In re Skylstad*, 162 P.3d 413, 418 (Wash. 2007) (en banc) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)); *see also Washington v. Delbosque*, 456 P.3d 806, 817 (Wash. 2020). Because the conviction and sentence were reversed, collateral estoppel cannot apply to the rulings in Plaintiff's criminal case under Washington law.

   3. *The issues in this case differ significantly from those in the prior criminal litigation.*

  Independently of the fact that both federal law and Washington law hold that there can be no collateral estoppel from a vacated criminal conviction, collateral estoppel cannot apply because the issues in the criminal case are different from the ones presented in this civil lawsuit. *See Scholz v. Wash. State Patrol*, 416 P.3d 1261, 1267 (Wash. Ct. App. 2018) ("Issue preclusion applies only if . . . the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding . . . ."). Here, Plaintiff alleges misconduct that extends significantly beyond any argument or evidence presented in Plaintiff's criminal case. Although the state court made a finding of probable cause, it did so on a different factual basis and without the benefit of evidence and argument regarding the full extent of law enforcement misconduct that occurred. Indeed, a central premise of the Complaint here is that the Defendants hid evidence of their wrongdoing from the criminal court by fabricating evidence and suppressing exculpatory evidence that would have proven Plaintiff's innocence. *Id.* ¶¶4-5, 71-72, 83-89, 96-100. The same is true of Defendants' fabricated "informant" testimony: the only issue ever litigated in the criminal case regarding that testimony was the *prosecutors'* undisclosed benefit provided to the informant; the fact that Olsen's statements implicating Plaintiff were invented by the *police* out of whole cloth—the allegation in this suit—was never put before the criminal court. Given these essential differences with the issues presented during the criminal case, collateral estoppel cannot apply. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("[C]ollateral estoppel does not apply

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 4
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

when the decision to hold a defendant to answer was made on the basis of fabricated evidence presented at the preliminary hearing or as the result of other wrongful conduct by state or local officials."); *Haupt v. Dillard*, 17 F.3d 285, 290 n.6 (9th Cir. 1994) (noting that a probable cause determination would not preclude Section 1983 liability if state actors suppress evidence negating probable cause); *Wheeler v. Broggi*, No. C19-1410-JCC, 2020 WL 2111249, at *3 (W.D. Wash. May 4, 2020) (rejecting an argument from collateral estoppel where the criminal court judge's finding of probable cause "relied on evidence that was materially different from the evidence known to Defendants").

As the Magistrate Judge correctly concluded, "the relevant issues raised and litigated" during Plaintiff's criminal case with respect to jailhouse informant Kevin Olsen "pertained to whether there was an agreement between the State and Olsen to testify in plaintiff's criminal case." Dkt. 53 at 22. The findings in the criminal case "focused on the State's obligation to disclose exculpatory evidence and not whether there was an overarching conspiracy by police officers to frame plaintiff for murder by fabricating evidence." *Id.* 22. Similarly, for Plaintiff's claims based on the coerced confession, Plaintiff's allegations reach far beyond what was litigated in the criminal prosecution. The only issue in the criminal case was whether Plaintiff waived his *Miranda* rights knowingly and voluntarily, based on a single deception relating to statements supposedly made by Jon Wyatt. *See* Dkt. 30 at 344-51. Plaintiff's extensive allegations in this case about how the murder confession was fabricated and coerced were not litigated *at all* in the criminal case. *Compare* Dkt. 30 at 344-51 *with* Dkt. 1, ¶¶2-3, 30-70 (describing a broad range of misconduct including ignoring Plaintiff's invocation of his *Miranda* rights, depriving Plaintiff of sleep, using tactics such as aggressive confrontation and minimization themes, coaching Plaintiff and feeding him details about the crime, and rehearsing the "confession" during unrecorded interrogations before starting to record the questioning). And, crucially, the exonerating DNA evidence proving Plaintiff's innocence—which necessarily demonstrates that the confession is false—was not before the court in the criminal case. Dkt. 1 ¶¶ 6, 112.

PLAINTIFF'S RESPONSE TO DEFENDANT KING COUNTY'S RULE 72 OBJECTIONS - 5
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

As the Magistrate Judge noted, Defendants bear a heavy burden to show that collateral estoppel should apply, "not simply because the issues might overlap or because they are similar—the issues must be 'identical.'" Dkt. 53 at 22. Defendants' conclusory arguments that there was merely some similarity between certain issues in the criminal case and those raised in this lawsuit do not meet that burden.

> 4. *Plaintiff did not have a full and fair opportunity to litigate the issues raised in this civil case during his criminal proceedings.*

Collateral estoppel can apply to Plaintiff's Section 1983 claims only if he had a full and fair opportunity to litigate the issues in the prior case. *Haring v. Prosise*, 462 U.S. 306, 313 (1983). During his wrongful criminal prosecution, Plaintiff was clearly denied that opportunity. As noted above, Plaintiff alleges that Defendants concealed their wrongdoing, including the extent of their coercion and fabrication of evidence, while failing to disclose exculpatory evidence that would have exonerated Plaintiff. Compl., Dkt. 1 ¶¶4–5; 71–72; 83–89; 96–100. Moreover, Plaintiff was not armed with the DNA evidence that illustrated the confession wrung from him by the Police Officer Defendants was false, powerfully corroborating his contentions it was involuntary. These well-pleaded allegations foreclose the application of collateral estoppel under *Awabdy* and *Haupt*. *See Awabdy*, 368 F.3d at 1068; *Haupt*, 17 F.3d at 290 n.6.

> 5. *Applying collateral estoppel in the circumstances of this case would be manifestly unjust.*

Even if the other elements were met—which they are not—collateral estoppel would still not automatically apply; it is an equitable doctrine. *See Hadley v. Maxwell*, 114 Wash. 2d 306, 315 (2001) ("Collateral estoppel is, in the end, an equitable doctrine that will not be applied mechanically to work an injustice."); *cf. Afoa v. Port of Seattle*, 421 P.3d 903, 914-15 (Wash. 2018); *see also Clark v. Baines*, 84 P.3d 245, 259 (Wash. 2004). This is a case where collateral estoppel cannot justly apply. Plaintiff's wrongful prosecution and conviction for murder resulted from the Defendants' intentional manipulation of state-court proceedings. Plaintiff was exonerated because new DNA testing proved his innocence of the murder

PLAINTIFF'S RESPONSE TO DEFENDANT KING COUNTY'S RULE 72 OBJECTIONS - 6
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

conviction challenged here, which also powerfully showed that the supposed confession was false and fabricated. It is hard to imagine a more inequitable application of collateral estoppel than this case, given Plaintiff's innocence and the importance of federal civil-rights litigation to both Plaintiff and the broader community. *Cf. Owen v. City of Independence*, 445 U.S. 622, 651 (1980) (emphasizing that "§ 1983 was intended not only to provide compensation to the victims of past abuses, but to serve as a deterrent against future constitutional deprivations"). To hold that the mere existence of those now-vacated proceedings now bars him from vindicating his rights and holding the responsible parties to account would be to reward the Defendants' misconduct twice over. It would also create perverse incentives for law enforcement officers in the future, who would have a motive to fraudulently procure judgments in criminal cases to insulate themselves from liability for prior misconduct. To apply collateral estoppel under these circumstances would be patently unjust, and Washington law does not permit it.

      6. Hanson *does not support applying collateral estoppel here.*

Finally, Defendants rest their collateral estoppel argument almost exclusively on a single case, *Hanson*, that does not apply to Plaintiff's Section 1983 claims. For one, consistent with *Awabdy* and *Haupt*, *Hanson* recognizes that collateral estoppel should not apply under the circumstances of this case. Where a "conviction was obtained through fraud, perjury or other corrupt practice," it does not bar a subsequent civil lawsuit challenging law enforcement misconduct that caused the conviction. *Hanson*, 852 P.2d at 301. Other courts have acknowledged these rules as an exception to the applicability of *Hanson*. *See, e.g.*, *Allen v. Wash. State Patrol*, No. C05-1665-JCC, 2007 WL 1140261, at *4 (W.D. Wash. Apr. 17, 2007) (declining to apply Hanson where the plaintiff had alleged facts that "properly attack probable cause via a showing of fraud, perjury, or corruption"); *Fondren v. Klickitat County*, 905 P.2d 928, 932 (Wn. App. 1995) (similar).

Moreover, although Defendants characterize *Hanson* as a decision about collateral estoppel, in reality it is almost entirely a decision about the state-law tort of malicious

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 7
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

prosecution. Specifically, the Washington Supreme Court held in *Hanson* that a criminal conviction can conclusively refute the "lack of probable cause" element of malicious prosecution in a subsequent tort action. *Hanson*, 852 P.2d at 556. This "conclusiveness rule," as the dissent dubbed it, is an evidentiary presumption of state tort law, not a matter of preclusion doctrine. *Id.* at 565 (Utter, J., dissenting). The court discussed collateral estoppel only to reach the narrow holding that the plaintiff could not establish an exception to the conclusiveness rule under the particular facts of his case. *Id.* at 564.

Understood correctly, *Hanson* does not broadly hold that a criminal conviction or a determination of probable cause can defeat a Plaintiff's Section 1983 claims; rather, it is a case about presumptions in state-law malicious prosecution actions. This distinction is significant because Plaintiff's federal claims are distinct from any state-law tort claims. 42 U.S.C. § 1983; *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991) ("[S]ection 1983 only imposes liability for violations of rights protected by the Constitution or federal statute.") (citing *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). Plaintiff's claims are based upon the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. The Washington Supreme Court in *Hanson* did not, and necessarily could not, create a "conclusiveness rule" that would contravene the federal law governing Section 1983 claims.

\* \* \*

Defendants' objections based on the doctrine of collateral estoppel should be overruled because there is no longer a judgment to which to give collateral-estoppel effect, which is fatal to Defendants' argument under both federal and Washington law; because the issues in this case pertaining to the existence of probable cause, the fabricated jailhouse informant testimony, and the coerced confession are materially different from any issue litigated in the criminal case; because Defendants' fabrication of evidence and suppression of exculpatory evidence deprived Plaintiff of the opportunity to fully and fairly litigate any similar issues in the criminal case; and because *Hanson* expressly exempts cases like this one

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 8
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

alleging fraud or perjury, and in any case *Hanson* cannot impose a conclusive evidentiary presumption on Plaintiff's claims under section 1983, which are governed by federal law.

**B.    Plaintiff's malicious prosecution claim is timely**

Plaintiff's claim for malicious prosecution is timely because Washington has adopted the *Heck* bar that defers the accrual of malicious prosecution claims until the underlying conviction is vacated. *See Flynn v. Pierce County*, 482 P.3d 980, 983-84 (Wash. Ct. App. 2021). Defendants' entire argument boils down to asking the Court to disregard this recent, controlling precedent. But as the Magistrate Judge found, under *Flynn*, where a legal element of a claim is the termination of criminal proceedings, that claim necessarily cannot accrue until the criminal proceedings terminate.[1] Dkt. 53 at 15–16. In *Flynn*, the Washington Court of Appeals applied *Heck* to a civil suit alleging a wrongful conviction (due to poor legal counsel rather than police misconduct), and held that the plaintiff "could not have brought this action until he obtained post-conviction relief from his sentence because he was not able to litigate the validity of his sentence in a civil tort claim" until after the sentence was overturned. *Id.* at 833-34 ("Flynn could not prove a claim for legal malpractice in a criminal case predicated on an allegation that his counsel failed to challenge an incorrect offender score calculation while still serving an ostensibly valid sentence based on that score." (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

Defendants try to distinguish *Flynn* by arguing that it concerned a claim of legal malpractice rather than malicious prosecution. Dkt. 56 at 10; Dkt. 57 at 11 n.10. This supposed distinction ignores the actual legal principles at work. The point of *Heck* (and, by extension, *Flynn*) is to prohibit collateral attacks on outstanding criminal convictions or sentences through civil litigation. *See Flynn*, 482 P.3d at 983–84. There is no more direct way to attack a criminal conviction through civil litigation than to bring a claim of malicious

---

[1] As Plaintiff explains in his Rule 72 Objections, Dkt. 59, *Flynn*'s incorporation of *Heck* reaches beyond just claims for which termination of proceedings is a legal element. *Id.* at 10-12. For present purposes, however, it is sufficient to note that—at bare minimum—*Flynn* plainly defers the accrual of claims where a legal element is termination of the criminal case.

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 9
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

prosecution, which in Washington requires a plaintiff to show that there was no "probable cause for the institution or continuation of the prosecution" and "that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned." *Clark v. Baines*, 84 P.3d 245, 248 (2004). It is simply not possible to interpret *Flynn* as holding that such a claim, which undermines the legal sufficiency of the prosecution and expressly requires the termination of criminal proceedings, can accrue before the conviction is vacated.

The sole authority Defendants cite—*Gausvik v. Abbey*, 107 P.3d 98 (Wash. Ct. App. 2005)—does not support their position, since "the dismissal of Gausvik's criminal conviction had no effect on his state tort law cause of action." *Id.* at 105. For the reasons articulated above, Plaintiff's murder conviction had a *direct* effect on his state-law claim for malicious prosecution. But even if *Gausvik* could be thought to apply in general, it no longer controls in light of the much more recent, specific precedent in *Flynn*.

Because *Flynn* incorporates the deferred accrual rule of *Heck*, Plaintiff's malicious prosecution claim attacking his murder conviction is timely. *See* Dkt. 53 at 15–16 (applying *Flynn* to conclude that Plaintiff's state-law malicious prosecution claim accrued when the murder conviction was vacated in 2019).

## Conclusion

For the foregoing reasons and the reasons set forth in Plaintiff's response to the City Defendants' Rule 72 Objections, Plaintiff respectfully requests that the Court overrule the Rule 72 Objections by Defendant King County (dkt. 57).

August 12, 2021          Respectfully submitted,

**IAN SIMMERS**

By: */s/ John Hazinski*
    *One of Plaintiff's Attorneys*

PLAINTIFF'S RESPONSE TO DEFENDANT KING COUNTY'S RULE 72 OBJECTIONS - 10
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

David B. Owens, WSBA #53856
LOEVY & LOEVY
100 S. King Street, Suite 100
Seattle, WA 98104
Phone:  312-243-5900
Email:  david@loevy.com

John Hazinski*
LOEVY & LOEVY
311 N. Aberdeen St., 3FL
Chicago, IL 60607
Email: hazinski@loevy.com
*  *Admitted Pro Hac Vice*

PLAINTIFF'S RESPONSE TO DEFENDANT KING
COUNTY'S RULE 72 OBJECTIONS - 11
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900