Hon. Richard A. Jones, District Judge
Hon. J. Richard Creatura, Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Ian Simmers, | Case No. 2:21 CV 100 |
| Plaintiff, | Note on motion calendar: |
| v. | August 13, 2021 |
| King County, the City of Bothell, Det. Edward J. Hopkins, Sgt. Clement Rusk, Det. Rebecca Miner, Det. John McSwain Det. Pat Raftus, Det. Ken Baxter, Chief Mark Ericks, Det. Sgt. David Schlaegel, Maj. Jackson Beard, Unknown Officers of the City of Bothell Police Department, and Unknown Sheriff's Deputies of King County, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO RULE 72 OBJECTIONS
FILED BY THE INDIVIDUAL KING COUNTY DEFENDANTS**

Plaintiff Ian Simmers, through his undersigned attorneys, submits the following response to the Rule 72 Objections filed by the Individual King County Defendants (Dkt. 58), stating as follows:

**Introduction**

The Complaint in this case alleges that the Individual King County Defendants—with police officers from the City of Bothell—violated Ian Simmers' constitutional rights and caused his wrongful conviction for a murder he did not commit. There is no serious dispute that the Complaint provides these defendants with notice of what Plaintiff alleges they did

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING
COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 1
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

(working in tandem) to violate his rights. Judge Creatura correctly recognized that the Complaint sufficiently alleges these defendants were "integral participants" in prosecuting Plaintiff; *i.e.*, that they "were aware of his innocence and were part of the plan to frame him," and that they engaged in "some meaningful act of participation" along the way. Dkt. 53 at 29.

Nonetheless, the Individual County Defendants have objected the Magistrate Judge's report and recommendation, arguing that Plaintiff has failed to state claims against these Defendants and that they are entitled to qualified immunity.[1] As Judge Creatura correctly found, Ninth Circuit law is clear that Plaintiff's allegations against the Defendants are sufficient to state a claim for relief, and are not defective merely because they identify groups or subgroups of officials who worked together to violate Plaintiff's constitutional rights. Defendants' argument for qualified immunity is wholly meritless, as it rests on a self-serving misinterpretation of the Complaint, ignores Plaintiff's allegations of far-reaching misconduct, and fails to cite *any* cases supporting their contention that clearly established law did not prohibit that wrongdoing. To the contrary, the Supreme Court had declared that it is unlawful to fabricate evidence, suppress exculpatory evidence, and coerce a confession from a juvenile suspect decades before Defendants engaged in that very misconduct in 1995. The Individual County Defendants' objections should therefore be overruled.

**Background**

Plaintiff refers to his response to the Rule 72 Objections filed by the City of Bothell Defendants, which summarizes of the factual allegations and procedural history relevant to this response.

---

[1] These Defendants also state that they join the County's objections to the Magistrate Judge's report and recommendation. Dkt. 58 at 1. Plaintiff hereby incorporates his responses to the objections filed by the County and the City Defendants, which are being filed contemporaneously with this response.

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING
COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 2
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

## Argument

**A. The Complaint adequately states claims for relief against the Individual County Defendants**

*1. Allegations against these Defendants as a group are proper and state a plausible claim for relief*

The Individual County Defendants contend that Plaintiff's claims against them should be dismissed because of "group pleading." Dkt. 58 at 2–4. This argument misstates the law, and misunderstands the nature of the Complaint. The same allegation explicitly directed at a group of defendants is sufficient to provide notice and plead personal involvement after *Iqbal*, even if each defendant comprising the group is not named individually in each separate paragraph. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (holding under Rule 9(b) that "[t]here is no flaw in a pleading . . . where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct"); *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) ("If a group pleading against similarly situated defendants can satisfy Rule 9(b), then it can also satisfy the lesser notice pleading standard of Rule 8."). District courts thus routinely reject such "group pleading" objections by defendants. *See Tivoli LLC v. Sankey*, No. SA CV 14-1285-DOC, 2015 WL 12683801, at *3 (C.D. Cal. Feb. 3, 2015); *Munning v. Gap, Inc.*, No. 16-cv-3804-TEH, 2016 WL 6393550, at *3 (N.D. Cal. Oct. 28, 2016); *DeSoto Cab Co. v. Uber Techs., Inc.*, No. 16-cv-63845-JSW, 2018 WL 10247483, at *15 (N.D. Cal. Sept. 24, 2018).

In this case, the Complaint alleges that Defendants McSwain, Baxter, and Raftis were directly involved in the Gochanaur homicide investigation and conspired to frame Plaintiff for the crime. *Id.* ¶31. The fact that each of these Defendants committed the same alleged misconduct does not mean that the allegations are improper. The only case the Individual County Defendants cite in their objections is *Iqbal* itself, but multiple Ninth Circuit decisions handed down since *Iqbal* was decided refute the notion that "group pleading" is insufficient to state a claim. *See United Healthcare Ins. Co.*, 848 F.3d at 1184; *WellPoint, Inc.*, 904 F.3d

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 3
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

at 681. The core issue—as Rule 8 itself contemplates—is that the Complaint provides the Defendants with *notice* of the allegations against them; not that it describes every single act undertaken by each one of them. Defendants' objections based on group pleading should therefore be overruled.

> 2. *Plaintiff has alleged that each of the Deputies was an integral participant in misconduct*

As the Magistrate Judge concluded, Plaintiff's allegations against the Individual County Defendants are also sufficient to state a claim that McSwain, Baxter, and Raftis were "integral participants" in the violations of Plaintiff's constitutional rights. *See* Dkt. 53 at 28-29. Under *Keates v. Koile*, 883 F.3d 1228 (9th Cir. 2018), a defendant who "participated in a meaningful way in a collective decision" to take an action that "was central to the alleged constitutional violation" can be liable as an integral participant even if that is the extent of their misconduct. *Id.* at 1241–42. Here, Plaintiff alleges that these Defendants not only participated in the decision to frame Plaintiff for the murder, but also that they unlawfully interrogated Jon Wyatt in an effort to convince him to implicate Plaintiff. Dkt. 1, ¶¶38–47. The Magistrate Judge correctly observed that this satisfies the requirement in *Keates* that an integral participant "must also allege some meaningful act of participation in the allegedly unlawful actions." Dkt. 53 at 29. The Individual County Defendants do not address this aspect of the Magistrate Judge's decision. *See* Dkt. 58 at 2–4. Because Plaintiff has alleged that these Defendants were integral participations, their objections should be overruled.

**B.  Defendants are not entitled qualified immunity**

The Individual Defendants next argue that they are entitled to qualified immunity. At this very early stage of the case, to prevail on this contention, Defendants must demonstrate that qualified immunity applies "based on the complaint itself." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016); *see also Denby v. Engstrom*, __ F. App'x __, 2021 WL 2885846, at *3 (9th Cir. July 9, 2021) (holding, at the motion-to-dismiss stage, that the plaintiff's "allegations are sufficient to support the denial of qualified immunity").

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING
COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 4
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

Qualified immunity analysis proceeds in two steps: the Court must first determine whether Plaintiff has alleged that Defendants violated his constitutional rights, then ask whether those rights were clearly established at the time of the underlying conduct. *See Costanich v. Dep't of Social & Health Servs.*, 627 F.3d 1101, 1109 (9th Cir. 2010). As explained above, Plaintiff has alleged that Defendants violated his constitutional rights. In their qualified immunity argument, Defendants attempt to contest only the second element: whether the alleged misconduct violated rights that were clearly established at the time.

As in their briefing before the Magistrate Judge, Defendants do not cite any case law concerning coerced confessions, fabrication of evidence, or suppression of exculpatory evidence. Nor do they respond to any of Plaintiff's allegations that they engaged in those activities during the Gochanaur homicide investigation. Compl., Dkt. 1 ¶¶38–98. It was clearly established long before the 1995 Gochanaur homicide investigation that Defendants' coercion, fabrication, and suppression violated the U.S. Constitution. *See Haley v. Ohio,* 332 U.S. 596, 599 (1948) (finding that a juvenile confession could not be squared with the Constitution, and holding that special care must be taken when interrogating juveniles because "[a]ge 15 is a tender and difficult age," and a child "cannot be judge by the more exacting standards of maturity" that applies to adults because what "would leave a man cold and unimpressed can overawe and overwhelm a lad in his early teens"); *Gallegos v. Colorado*, 370 U.S. 49, 54 (1962) (explaining that juvenile interrogations must proceed with great care and that it would be a "callous disregard of … constitutional rights" to treat a juvenile suspect like "an adult in full possession of his senses and knowledgeable of the consequences of his admissions"); *In re Gault*, 387 U.S. 1, 55 (1967) (emphasizing that, for juveniles, "the greatest care must be taken to assure that [any] admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair"); *Eddings v. Oklahoma*, 455 U.S. 104, 115 (1982) ("[Y]outh is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage.");

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING
COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 5
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

*Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment."); *Cooper v. Dupnik*, 963 F.2d 1220, 1251 (9th Cir. 1992) ("It is clearly established law that the Fifth and Fourteenth Amendments forbid the use of compulsion and coercion by law enforcement in pursuit of a confession."), abrogated on other grounds by *Chavez v. Martinez*, 538 U.S. 760 (2003).

Rather than engaging with the case law clearly establishing the constitutional rights at issue, Defendants instead rest their qualified immunity argument on a single detail of Plaintiff's post-conviction proceedings. Specifically, they cite Plaintiff's contention that, in 1995, standard psychological interrogation tactics were not widely understood to produce false confessions in juveniles. Dkt. 58 at 5. According to Defendants, this contention, standing alone, shows that clearly established law did not render their actions unconstitutional.

This argument fails for at least three independent reasons. First, as the qualified-immunity inquiry itself makes clear, courts look to the *law*—not social science, established police practices, or departmental rules or regulations—when assessing whether the *law* was clearly established. Specifically, in this Circuit, the inquiry is first centered on "Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Community House, Inc. v. Bieter*, 623 F.3d 945, 967 (9th Cir. 2010); *see also Gordon v. County of Orange,* No. 19-56032, ___ F.4th____, 2021 WL 3137954, at *5 (9th Cir. July 26, 2021) (identifying sources of law that constitute the basis for qualified immunity). Though established policing procedures may be relevant for other purposes in the lawsuit (*see, e.g.*, *Mellen v. Winn,* 900 F.3d 1085, 1096 (9th Cir. 2018)), they are irrelevant for the purposes of qualified immunity.

Second, Defendants' argument goes beyond the Complaint, which it may not do at this juncture. *O'Brien*, 818 F.3d at 936. But even assuming that this Court could look beyond the Complaint when assessing qualified immunity, as the Magistrate Judge explained, "judicial notice" does not allow the Defendants to cite a prior court record of the evidence of

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING
COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 6
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

the truth of an assertion therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 680 (9th Cir. 2001); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). Defendants rely on extrinsic evidence from the post-conviction proceedings to attempt to show not only that a particular argument was made but that a factual contention underlying that argument is empirically true. The doctrine of judicial notice does not allow that, and Defendants' citation of this extrinsic evidence is improper in a Rule 12 motion.[2]

Third, Plaintiff's allegations in this case describe willful misconduct, including coercion, fabrication, and suppression, that is additional to the arguments presented in Plaintiff's post-conviction case. As explained in detail in Plaintiff's response to the objections filed by the City of Bothell Defendants, Plaintiff's allegations of wrongdoing in this case are in no way inconsistent with the contentions made during his post-conviction case, but they allege further, deliberate misconduct that was not understood to be acceptable at the time of the Gochanaur homicide investigation. Specifically, Plaintiff's arguments in the post-conviction motion focused on newly discovered scientific evidence regarding adolescent brain development and its relationship to false confessions. But Plaintiff did not argue that Defendants' misconduct was limited only to "standard" interrogation practices or that the Defendants' conduct did not violate clearly established law. Defendants' contention otherwise is based exclusively on their self-serving and inaccurate view of the record, which is improper at this stage. *Lee*, 250 F.3d at 690.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule the Individual County Defendants' Rule 72 Objections (dkt. 58).

August 12, 2021                                    Respectfully submitted,

---

[2] Even though this important procedural point was the basis of the Magistrate Judge's conclusion that qualified immunity should not apply, *see* Dkt. 53 at 30–31, Defendants do not bother to address it in any meaningful way. The objection lacks merit.

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING
COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 7
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900

**IAN SIMMERS**

By: */s/ John Hazinski*
    *One of Plaintiff's Attorneys*

David B. Owens, WSBA #53856
LOEVY & LOEVY
100 S. King Street, Suite 100
Seattle, WA 98104
Phone: 312-243-5900
Email: david@loevy.com

John Hazinski*
LOEVY & LOEVY
311 N. Aberdeen St., 3FL
Chicago, IL 60607
Email: hazinski@loevy.com
* *Admitted Pro Hac Vice*

PLAINTIFF'S RESPONSE TO INDIVIDUAL KING COUNTY DEFENDANTS' RULE 72 OBJECTIONS - 8
2:21 CV 100

LOEVY & LOEVY
100 S. King St., Ste. 100
Seattle, WA 94104
(312) 243-5900