The Honorable Richard A. Jones
The Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IAN SIMMERS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KING COUNTY, et al.,<br><br>　　　　　　　　　　　　Defendants. | No. 2:21-CV-00100-RAJ-JRC<br><br>NOTICE OF SUPPLEMENTAL AUTHORITY RE: PENDING MOTIONS TO DISMISS |

On September 23, 2021, the Ninth Circuit issued the attached opinion. The opinion is being provided to the court in accordance with LCR 7(n) allowing supplemental authority to be provided on a pending motion. The court's holding, that where the stipulated factual basis for arrestee's plea included dog bite by police K-9, the dog bite could not be "carved out" from the conviction without necessarily implying the invalidity of the conviction, is relevant to the *Heck*-bar raised by Defendants in their motions to dismiss under FRCP 12(c) and the report and recommendation issued by Magistrate Judge Creatura.

The opinion can also be accessed at:

*Sanders v. City of Pittsburg*, No. 19-16920, ____F.4th ____, 2021 WL 4314796 (9th Cir. Sept. 23, 2021).

NOTICE OF SUPPLEMENTAL AUTHORITY
RE: PENDING MOTIONS TO DISMISS
(2:21-CV-00100-RAJ-JRC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    DATED this 5th day of October 2021.

2                              DANIEL T. SATTERBERG
                               King County Prosecuting Attorney

3

4                              By: _____
                               SAMANTHA D. KANNER, WSBA #36943

5                              Senior Deputy Prosecuting Attorneys
                               Attorney for Defendant King County

6                              500 4th Avenue, 9th Floor
                               Seattle, WA 98104

7                              Phone: (206) 296-8820/Fax: (206) 296-8819
                               samantha.kanner@kingcounty.gov

8

9                         **CERTIFICATE OF SERVICE**

10       I hereby certify that on October 5, 2021, I electronically filed the foregoing document(s)

11   with the Clerk of the Court using the CM/ECF System which will send notification of such filing

12   to the following participants:

13                              John Hazinski
                                LOEVY & LOEVY (IL)
14                              311 N ABERDEEN 3RD FLOOR
                                CHICAGO, IL 60607
15                              hazinski@loevy.com

16                              David B Owens
                                LOEVY & LOEVY
17                              100 S KING STREET STE 100
                                SEATTLE, WA 98014
18                              David@loevy.com
                                *Co-Counsel for Plaintiff*
19
                                Shannon M. Ragonesi
20                              Paul J. Triesch
                                KEATING, BUCKLIN & McCORMACK, INC., P.S.
21                              801 Second Avenue, Suite 1210
                                Seattle, WA 98104
22                              sragonesi@kbmlawyers.com
                                ptriesch@kbmlawyers.com
23                         *Counsel for Hopkins, Miner, Ericks, Schlaegel
                           and City of Bothell Defendants*

NOTICE OF SUPPLEMENTAL AUTHORITY            **Daniel T. Satterberg**, Prosecuting Attorney
RE: PENDING MOTIONS TO DISMISS              CIVIL DIVISION, Litigation Section
(2:21-CV-00100-RAJ-JRC) - 2                 900 King County Administration Building
                                            500 Fourth Avenue
                                            Seattle, Washington  98104
                                            (206) 296-0430  Fax (206) 296-8819

Geoffrey Grindeland
Nikki Carlsey
SEAMARK LAW GROUP, PLLC
400 Winslow Way E. Suite 230
Bainbridge Island, WA 98110
geoff@seamarklaw.com
nikki@seamarklaw.com
*Counsel for Defendants McSwain, Raftus and Baxter*

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 5th day of October 2021 at Bellevue, Washington.

_____
RAFAEL MUNOZ-CINTRON
Legal Assistant
King County Prosecuting Attorney's Office

NOTICE OF SUPPLEMENTAL AUTHORITY
RE: PENDING MOTIONS TO DISMISS
(2:21-CV-00100-RAJ-JRC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

# Attachment

Case 2:21-cv-00100-BJR    Document 68    Filed 10/05/21    Page 4 of 10

2021 WL 4314796
Only the Westlaw citation
is currently available.
United States Court of
Appeals, Ninth Circuit.

Morgan SANDERS, Plaintiff-Appellant,
v.
CITY OF PITTSBURG; Thomas
Bryan, Pittsburg Police Officer;
Hulleman, Antioch Police Officer
#5322; Hopwood, Antioch Police
Officer #5235, Defendants-Appellees.

No. 19-16920
|
Argued and Submitted
September 15, 2020
|
Submission Vacated March 26, 2021
|
Resubmitted September 16,
2021 San Francisco, California
|
Filed September 23, 2021

**Synopsis**
**Background:** Arrestee filed § 1983 action alleging that police used excessive force when officer commanded police dog to bite his leg during arrest. The United States District Court for the Northern District of California, Sallie Kim, United States Magistrate Judge, 2019 WL 11542388, dismissed complaint, and arrestee appealed.

The Court of Appeals, Bumatay, Circuit Judge, held that arrestee's California conviction for resisting arrest barred his § 1983 excessive force claim.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss for Failure to State a Claim.

Appeal from the United States District Court for the Northern District of California, Sallie Kim, Magistrate Judge, Presiding, D.C. No. 3:18-cv-04326-SK

**Attorneys and Law Firms**

Stanley C. Goff (argued), San Francisco, California, for Plaintiff-Appellant.

Noah G. Blechman (argued), McNamara Ney Beatty Slattery Borges & Ambacher LLP, Pleasant Hill, California, for Defendants-Appellees City of Pittsburg and Thomas Bryan.

Kevin P. Allen (argued) and Dale L. Allen Jr., Allen Glaessner Hazelwood & Werth LLP, San Francisco, California, for Defendants-Appellees Hulleman and Hopwood.

Before: J. Clifford Wallace, Bridget S. Bade, and Patrick J. Bumatay, Circuit Judges.

# OPINION

BUMATAY, Circuit Judge:

After being spotted in a stolen car, Morgan Sanders fled from the police. He led them on a car chase. And then on a foot chase. An officer eventually caught up to Sanders. But he wasn't arrested quietly. He continued

to struggle. A police officer then commanded a police dog to bite Sanders's leg. Sanders was finally subdued and charged with resisting arrest. As his case was working its way through the criminal justice system, Sanders filed a civil rights action alleging the use of the police dog was excessive force. The district court found his claims barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We agree.

### I.

In 2017, Sanders stole a car and fled from the police. The result was quite a chase: he sped 25 miles over the limit, ran several stoplights, and drove on the wrong side of the freeway. When police blocked the car, Sanders fled on foot. One of the officers, Officer Thomas Bryan, was working with a K-9 and warned Sanders that if he kept fleeing, he would "send the dog." Eventually, Sanders was tackled by several officers in a gully. In the ensuing scuffle, while Sanders continued to struggle, Officer Bryan ordered the dog to bite Sanders's right calf. After the bite, the officers successfully handcuffed and arrested Sanders.

**\*2** Sanders was charged with, among other counts, misdemeanor resisting arrest under California Penal Code § 148(a)(1). At the preliminary hearing, Officer Bryan testified that Sanders hindered efforts to arrest him by "first fleeing in the vehicle, then fleeing on foot, and then resisting officers attempting to arrest him." The officer further testified that when he approached Sanders in the gully, "[he] could see that his legs were free, being that both Antioch cops were trying to apprehend one arm each, at which point in time [he] applied what is commonly referred to as a contact bite to the defendant's right calf." Several months later, Sanders pleaded no contest to all the charges against him, including the violation of § 148(a)(1). At the plea hearing, Sanders stipulated that the factual basis for his plea "is based on the preliminary hearing transcript."

While Sanders's criminal case was pending, he filed an action alleging a violation of his Fourth Amendment rights under 42 U.S.C. § 1983. Specifically, he alleged Officer Bryan's use of the police dog was excessive. Sanders also sued the other officers at the scene and the City of Pittsburg. The City and officers jointly moved to dismiss Sanders's complaint. The district court granted the motion, holding that *Heck* barred his claim against Officer Bryan and the claims against the other officers and the City failed as a result.

Sanders appealed to this court. We review Federal Rule of Civil Procedure 12(b)(6) dismissals de novo. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### II.

To avoid what's called the *Heck* bar on an excessive-force claim, a plaintiff must not imply an officer acted *unlawfully* during the events that form the basis of a resisting-arrest conviction under California Penal Code § 148(a). *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (analyzing the *Heck* bar for a § 148(a) conviction). Under *Heck*, a § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence," unless the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Thus, *Heck* bars a plaintiff's action if it would negate an element of the offense, *Smith*, 394 F.3d at 695, or allege facts inconsistent with the plaintiff's conviction, *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012). By preventing collateral attacks on convictions by way of civil actions, the *Heck* bar furthers the principles of finality and consistency. *Heck*, 512 U.S. at 484–85, 114 S.Ct. 2364.

Here, Sanders was charged with resisting arrest under § 148(a)(1), which prohibits "resist[ing], delay[ing], or obstruct[ing]" a police officer during the discharge of his duties. Under California law, a conviction under this statute requires that the defendant's obstructive acts occur while the officer is engaging in "the *lawful* exercise of his duties." *Smith*, 394 F.3d at 695. The use of excessive force by an officer is not within the performance of the officer's duty. *Id.* Thus, the "lawfulness of the officer's conduct" is necessarily established as a result of a conviction under § 148(a)(1). *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011). In other words, a defendant can't be convicted under § 148(a)(1) if an officer used excessive force at the time of the acts resulting in the conviction.

Consequently, an excessive force claim can't survive the *Heck* bar if it's predicated on allegedly unlawful actions by the officer *at the same time* as the plaintiff's conduct that resulted in his § 148(a)(1) conviction. *See Smith*, 394 F.3d at 695. Such an allegation would undermine the validity of the § 148(a)(1) conviction. On the other hand, if the alleged excessive force occurred *before* or *after* the acts that form the basis of the § 148(a) violation, even if part of one continuous transaction, the § 1983 claim doesn't "necessarily imply the invalidity of [a] criminal conviction under § 148(a)(1)." *Id.* at 696; *Hooper*, 629 F.3d at 1134.

**\*3** Sanders contends that his claim is not *Heck*-barred because his conviction could have been based on his fleeing officers prior to his arrest in the gully. Under that theory, success on his § 1983 claim would leave the conviction undisturbed since his act of resistance occurred *before* the dog bite and arrest. Sanders relies primarily on *Hooper*, which held that resisting arrest "does not lose its character as a violation of § 148(a)(1) if, at some other time during that same 'continuous transaction,' the officer uses excessive force or otherwise acts unlawfully." 629 F.3d at 1132 (quoting *Yount v. City of Sacramento*, 43 Cal. 4th 885, 901, 76 Cal.Rptr.3d 787, 183 P.3d 471 (2008)).

But *Hooper*'s holding does not help Sanders. In that case, Hooper engaged in multiple obstructive acts in one continuous transaction, but there was a clear delineation between *lawful* and *unlawful* police action. Hooper had first jerked her hand away from an officer trying to place her under arrest. *Id.* at 1129. She and the officer then struggled on the ground as the officer tried to get Hooper's hands behind her back. *Id.* What followed was disputed, but Hooper claimed that, after she stopped resisting, the officer directed his K-9 to bite her on the head. *Id.* Hooper pleaded guilty to resisting arrest under § 148(a)(1) and later filed

a § 1983 excessive force claim based on the dog bite. *Id.*

Importantly, the record was silent on which act or acts formed the basis of her conviction. Thus, for purposes of summary judgment, we accepted Hooper's contention that she had stopped resisting by the time of the dog bite. As a result, we could divide Hooper's arrest into separate "factual contexts": the lawful police action during the initial arrest attempt and struggle on the ground, and the unlawful police action when the officer ordered the dog bite. *Id.* at 1132–33. We allowed Hooper's excessive force claim to proceed because *Heck* is no impediment "when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.' " *Id.* at 1134. Hooper's § 1983 action could separately target one action—the allegedly unlawful dog bite—without disturbing the § 148(a)(1) conviction. Accordingly, *Hooper* merely holds that *Heck* presents no bar to an excessive force claim when an officer's allegedly *unlawful* action can be separated from the *lawful* actions that formed the basis of the § 148(a)(1) conviction, even if they occurred during one continuous transaction.

Here, we cannot separate out which of Sanders's obstructive acts led to his conviction since all of them did. As part of his guilty plea, Sanders stipulated that the factual basis for his conviction encompassed the three instances of resistance identified in the preliminary hearing transcript. Specifically, Officer Bryan testified that he ordered his dog to bite Sanders's right calf as he observed other officers struggling to apprehend Sanders's arms in the gully. So unlike *Hooper*, the dog bite in this case is unquestionably part of the actions that formed the basis of Sanders's conviction. Under these facts, there is no way to carve out the dog bite from the § 148(a)(1) conviction without "necessarily imply[ing]" that the conviction was invalid. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Because the dog bite was part of the § 148(a)(1) conviction's factual basis, it was necessarily lawful for purposes of the *Heck* analysis.

And while *Hooper* held that a continuous transaction can be broken into "different actions" for purposes of a § 1983 action, it did not suggest we may slice up the *factual basis* of a § 148(a)(1) conviction to avoid the *Heck* bar. On the contrary, *Yount*—the case relied on by *Hooper*—specifically rejected this argument. In *Yount*, a § 1983 plaintiff attempted to avoid *Heck* by arguing that his § 148(a)(1) conviction could stand on any of his multiple acts of resistance, and "so long as *one* act of resistance remains undisturbed to support the criminal conviction, it is immaterial that success on the section 1983 claim might be inconsistent with *other* facts that supported the criminal conviction." *Yount*, 43 Cal. 4th at 896, 76 Cal.Rptr.3d 787, 183 P.3d 471. But the court soundly rejected that contention: "Yount's conviction established his culpability during the entire episode with the four officers, and any civil rights claim that is *inconsistent with even a portion of that conviction* is barred because it would necessarily imply the invalidity of that part of the conviction." *Id.* (emphasis added).[1] Accordingly, *Yount* found that the factual basis of a § 148(a)(1) conviction encompassing multiple acts is indivisible for purposes of avoiding a *Heck* bar. *Id.* at 895–96, 76 Cal.Rptr.3d 787, 183 P.3d 471.

1    The *Yount* trial court established the factual basis for Yount's conviction by hearing testimony from eyewitnesses and taking judicial notice of documents from the criminal proceeding. *Yount*, 43 Cal. 4th at 892, 76 Cal.Rptr.3d 787, 183 P.3d 471.

**\*4** We follow the California Supreme Court's interpretation of § 148(a)(1), *see Hooper*, 629 F.3d at 1132, and adopt its approach. Indeed, we have previously held that a jury conviction for § 148(a)(1) based on multiple acts of resistance necessarily means that "officers' actions throughout the whole course of the defendant's conduct" was necessarily found lawful and any action alleging excessive force based on those actions would be *Heck*-barred. *Smith*, 394 F.3d at 699 n.5. Similarly, *Heck* bars any § 1983 claim alleging excessive force based on an act or acts constituting any part of the factual basis of a § 148(a)(1) conviction.

In sum, we hold that Sanders cannot stipulate to the lawfulness of the dog bite as part of his § 148(a)(1) guilty plea and then use the "very same act" to allege an excessive force claim under § 1983. *Id.* Success on such a claim would "necessarily imply" that his conviction was invalid. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Sanders's claim against Officer Bryan is, therefore, barred under *Heck*.[2]

2    At oral argument, Sanders argued for the first time that Officer Bryan ordered a further dog bite *after* he was handcuffed by the other officers. Sanders's complaint fails to allege any dog bite or continued dog bite after he was handcuffed. Because this specific contention was not raised in briefing or his complaint and the City and officers had no meaningful opportunity to respond to the new allegation, we treat this argument as waived. *Wood v. Hall*, 130 F.3d 373, 377 (9th Cir. 1997) ("Arguments raised for the first time at oral argument are generally waived."). We also affirm the dismissal of Sanders's remaining claims for integral participation, failure to intervene, and *Monell* liability. Although the district court dismissed the claims because they were predicated on the *Heck*-barred claim, Sanders neglected to raise those claims on appeal. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

### III.

The factual basis for Sanders's plea was based on multiple acts of resisting arrest, including his struggle with officers when the K-9 bit him. Because a favorable judgment on his § 1983 claim would necessarily call into question the validity of his conviction, we affirm the dismissal of his claims.

**AFFIRMED**.

**All Citations**

--- F.4th ----, 2021 WL 4314796

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.