UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IAN SIMMERS,

               Plaintiff,

     v.

KING COUNTY, *et al.*,

               Defendants.

CASE NO. 2:21-cv-00100-TL-JRC

ORDER ON MOTION TO COMPEL

Defendants John McSwain, Pat Raftus, and Ken Baxter and City of Bothell, Edward Hopkins, Rebecca (Miner) Donley, Mark Ericks, and David Schlaegel seek an order compelling plaintiff to provide discovery, specifically health care, educational, and infraction history records. Dkt. 77, at 1; *see also* Dkt. 83. For the reasons discussed below, the motion to compel is granted in part and denied in part.

## BACKGROUND

Plaintiff was arrested when he was a teenager and convicted of committing first-degree murder and other crimes based on evidence including his confession. *See* Dkt. 53, at 1–2. He was released from prison after more than two decades, and the charges against him were

ultimately dismissed. *See* Dkt. 53, at 1–2. In January 2021, plaintiff brought this civil rights action against municipalities and officers who investigated the murder, alleging that the officers conspired to frame him, including coercing his confession. Dkt. 53, at 2.

Various defendants filed motions to dismiss or for judgment on the pleadings. Dkts. 29, 31, 32. In July 2021, the undersigned issued a report and recommendation regarding those motions, which remains pending in the District Court. Dkt. 53.

Discovery is currently scheduled for completion on July 27, 2022. Dkt. 81. The motion to compel is ripe for decision. The moving defendants assert that they have met and conferred with plaintiff before filing their motion, as required by the Court's Local Civil Rules, and plaintiff does not contest that the meet-and-confer requirement has been satisfied. *See* Dkts. 77, 82.

## DISCUSSION

### I. Legal Standard

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The movant bears the burden of informing the Court: "(1) which discovery requests are the subject of his motion to compel, (2) which of the[]responses are disputed, (3) why the responses are deficient, (4) the reasons [the] objections [if any] are without merit, and (5) the relevance of the requested information to the prosecution of his action." *Nahum v. Boeing Co.*, No. 19-CV-01114-BJR, 2020 WL 4261337, at *2 (W.D. Wash. July 24, 2020) (quoting *Hupp v. S.D. Cnty.*, 2014 WL 1404510, *2 (S.D. Cal. April 10, 2014)).

///

**II. Health Care Records**

    **A. Interrogatory 7**

Interrogatory 7 sought information about all physical, emotional, and mental injuries that defendants allegedly caused, as well as the identities of providers, dates and costs of treatment, and resolutions of such injuries. Dkt. 78-1, at 5. Plaintiff objected to this interrogatory as seeking privileged information and imposing an unrealistic burden. Dkt. 78-1, at 5; *see also* Dk. 78-4, at 3 (plaintiff's argument that psychotherapist-patient privilege applied to this request). He also stated that he suffered from the type of emotional and mental damage to be "expected" from a wrongful conviction, as well as assault by other prisoners, deprivation of liberty and life experiences, mental difficulties from growing up with prisoners, and lost opportunities and difficulty reintegrating. Dkt. 78-1, at 5. In a supplemental letter, he stated that he was requesting only "garden variety" damages and not damages from specific injuries or disorders. Dkt. 78-1, at 5.

Although plaintiff argued that this interrogatory requested privileged information, psychotherapist-patient privilege does not apply to names of providers and dates of treatment. *Equal Emp. Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. C16-1942JLR, 2017 WL 3887460, at *5 (W.D. Wash. Sept. 6, 2017). For this reason, as well, plaintiff's objection based on seeking "garden variety" emotional distress damages, while relevant to whether he has waived privilege related to requests for production of documents, is not a valid reason for plaintiff not to respond to interrogatory 7. Nor does the Court agrees that having to provide a list of injuries that plaintiff alleges defendants caused (and related providers and other treatment information related to these injuries) is overbroad, as plaintiff maintains. *See* Dkt. 82, at 6. On its face, the requested information is relevant to plaintiff's claims, and he fails to explain why

this request is unduly burdensome in response to defendants' arguments in the motion to compel, where defendants specifically tie their request to injuries "that defendants caused."

Therefore, the Court grants the motion to compel related to interrogatory 7.

**B.  Request for Production 6**

Request for production 6 sought reports of all psychiatric and psychological testing and evaluations that had been performed on plaintiff.  Dkt. 78-1, at 9.  Plaintiff objected that this request sought information protected by the psychotherapist-patient privilege.  Dkt. 78-1, at 9.

However, the Court agrees with defendants that plaintiff has waived the privilege in this matter.  The Court applies a "middle ground" approach to this issue, as summarized by Chief Judge Martinez in *Carrig v. Kellogg USA, Inc.*, and as advocated for by plaintiff:

> District courts have adopted different approaches to determine whether the patient has waived his or her psychotherapist-patient privilege. *See Fitzgerald v. Cassil,* 216 F.R.D. 632, 636–37 (N.D. Cal. 2003).  Under the broad approach, courts have held that a simple allegation of emotional distress in a complaint constitutes waiver. *See Sarko v. PennDel Directory Co.,* 170 F.R.D. 127 (E.D. Penn. 1997); *see also Doe v. City of Chula Vista,* 196 F.R.D. 562 (S.D. Cal. 1999).  Under the narrow approach, at the other end of the spectrum, courts have held that there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived. *See Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225 (D. Mass. 1997); *see also Hucko v. City of Oak Forest,* 185 F.R.D. 526 (N.D. Ill. 1999).
>
> There is a middle ground between the *Sarko* and *Vanderbilt* lines of cases.  Under this approach, courts have generally found a waiver when the plaintiff has done more than allege "garden-variety" emotional distress.  Garden-variety emotional distress has been described by one court as "ordinary or commonplace emotional distress," that which is "simple or usual."  In contrast, emotional distress that is not garden variety "may be complex, such as that resulting in a specific psychiatric disorder." *Ruhlmann v. Ulster County Dep't of Soc. Servs.,* 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000).  In *Ruhlmann,* the court concluded that the plaintiff did not waive the psychotherapist-patient privilege by seeking such garden variety or "incidental emotional distress damages." *Id.* at 450.  Similarly, in *Santelli v. Electro–Motive,* 188 F.R.D. 306 (N.D. Ill. 1999), the court held that the plaintiff avoided waiver of the privilege by limiting the compensation she sought to humiliation, embarrassment, anger, and other similar emotions. *Id .* at 309.

No. C12-837RSM, 2013 WL 392715, at *2 (W.D. Wash. Jan. 30, 2013); *see* Dkt. 82, at 8.

Several factors lead the Court to conclude that the allegations in this case go beyond "garden variety" emotional distress.

First, plaintiff's complaint states that he has suffered more than a "garden variety" of distress because he alleges harm that is "incalculable" (Dkt. 1, at 2) and "immeasurable" (Dkt. 1, at 16), trauma that is "severe" (Dkt. 1, at 17), and that defendants committed the intentional infliction of emotional distress. *See* Dkt. 1, at 26. *See Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000) (ruling that waiver follows where a plaintiff alleges more complex distress, including "any specific psychiatric injury or disorder, or unusually severe distress"); *Hupp*, 2013 WL 5408644, at *7 ("By alleging a claim for intentional infliction of emotional distress and seeking damages for mental and emotional injuries, Hupp is seeking more than garden-variety emotional distress damages. Plaintiff has placed at issue the extent of his emotional distress and therefore waived his privacy rights with respect to his medical records.").

Second, plaintiff's opposition relies primarily on the fact that he is not seeking damages for "specific bodily injury, disability, psychiatric injury or other medically diagnosed disorder" (Dkt. 82, at 9), but whether or not a particular disorder is alleged as a result of defendants' actions is only one factor to be considered. The other factors discussed in this analysis weigh in favor of finding a waiver.

Third, plaintiff claims to have lost economic opportunities as a result of defendants' actions. Dkt. 1, at 16; *see also* Dkt. 1, at 17 (asserting that plaintiff was unable to pursue a career and now faces life outside of prison without the benefit of "foundational life experience."). Such

claims also weigh in favor of finding more than garden variety emotional distress allegations. *Carrig*, 2013 WL 392715, at *3.

Plaintiff also generally argues that defendants should not be able to obtain "unlimited" discovery, such as discovery from before March 1995, when plaintiff was arrested at the age of 16. Dkt. 82, at 1, 6. Defendants bear the burden of showing relevance (*see, e.g.*, *United States v. McGraw-Hill Cos., Inc.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014)), and the Court agrees with plaintiff that his entire history of medical records is not relevant. To an extent, of course, plaintiff's records are relevant to plaintiff's susceptibility to coercive interrogation when he was arrested in 1995 and inasmuch as they may provide evidence of medical conditions diminishing his claim that his damages result from the wrongful conviction. *Accord Prince v. Kato*, No. 18-CV-2952, 2019 WL 10947351, at *2 (N.D. Ill. Sept. 19, 2019). But records from before middle school are of questionable relevance. *See id.* (explaining legitimate concerns about allowing discovery into educational records from well before plaintiff was arrested at 19 years old); *see also Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (discovery requests that do not have temporal limitations are overly broad).

Therefore, the Court grants in part the motion to compel related to request for production 6. Plaintiff shall produce the mental health records referred to in this request for production but need only produce such records corresponding to the time period from middle school, forward. This corresponds with the Court's ruling on the request for educational records, below. *See also* Dkt. 82, at 10 (plaintiff's statement that he agreed to provide records from as early as the beginning of middle school).

///

### C. Request for Production 8

Defendants no longer seek to compel plaintiff to respond to requests for production 8 (*see* Dkt. 84, at 1), so that the Court declines to further address this request. The motion to compel is denied as it relates to request for production 8.

### D. Request for Production 9

Request for production 9 sought "all" of plaintiff's healthcare records, and plaintiff objected on the basis of the psychotherapist-client privilege and that these records were private and confidential. Dkt. 78-1, at 10.

The privilege argument fails for the reason set forth above. The Court notes that there is a stipulated protective order in this lawsuit (Dkt. 55), with provisions for ensuring the confidentiality of private records such as medical records. And these records appear to be relevant to the extent that they may diminish plaintiff's claims of physical injury. *See* Dkt. 1, at 16 (citing unspecified physical harm that plaintiff suffered from 23 years in prison); *see also* Dkt. 78-1, at 5 (plaintiff's response to an interrogatory asserting physical injuries resulting from his incarceration); Dkt. 78-1, at 6 (plaintiff's assertion that he has suffered physical injuries).

Again, however, the Court does not find that plaintiff's entire history of medical treatment is relevant to this action. Rather, the Court limits the time span for this discovery to healthcare records beginning when plaintiff entered middle school, corresponding with the remainder of the Court's ruling. The motion to compel is granted in part, regarding request for production 9.

///

### III. Educational Records

#### A. Interrogatory 3

Defendants requested a description of plaintiff's education in interrogatory 3, and plaintiff described his education during his incarceration. Dkt. 78-1, at 2–3. Plaintiff did not object, although he later stated that he would not supplement his response with records from elementary school and would provide information from only middle school and afterward. Dkt. 78-4, at 2.

The Court finds that educational information from before middle school is not proportional to defendants' needs in this case. *See* Fed. R. Civ. P. 26(b). Although plaintiff did not raise his objections in response to the motion to compel, defendants still bear the burden of showing that the information they seek is relevant to this case. *Nahum*, 2020 WL 4261337, at *2. Here, plaintiff was arrested when he was 16 years old, in 1995, and school records from plaintiff's elementary school time, at least five years before, have not been shown to have more than minimal relevance to the claims in this lawsuit. *Accord Prince*, 2019 WL 10947351, at *3 (limiting discovery to educational records from up to approximately six years before an allegedly unlawful arrest).

Plaintiff shall fully respond to interrogatory 3 by providing available information about his education beginning in middle school. The motion to compel is granted in part, relevant to interrogatory 3.

#### B. Request for Production 11

Defendants requested all of plaintiff's educational records, and plaintiff responded that he had produced all records in his possession. Dkt. 78-1, at 10. Plaintiff later stated that he would

ORDER ON MOTION TO COMPEL - 8

1 | produce his middle school and high school records but appears to have refused to produce
2 | records from fifth or sixth grade. *See* Dkt. 78-4, at 4.

3 | The Court agrees with plaintiff that request for production is overly broad. *See* Dkt. 82, at 10. Again, the Court exercises its discretion and reaches this issue because it is the movant's burden to show relevance, even if plaintiff did not object on this basis. For the reasons discussed above, the motion to compel is granted in part, and plaintiff must provide records beginning in middle school (that is, with fifth grade). The Court notes that plaintiff claims not to have responsive records in his possession in response to this request for production. Dkt. 82, at 10. To the extent that plaintiff has the records in his possession, control, or custody—including, generally, the legal right to obtain records, plaintiff must provide those records. *E.g.*, *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998).

**IV. Infraction History**

Interrogatory 10 sought plaintiff's DOC infraction history, including the dates, nature, and sanction of each infraction imposed, but plaintiff objected to the extent that this interrogatory sought irrelevant, inadmissible, and unduly burdensome information and because it was not confined to a particular period or topic. *See* Dkt. 78-1, at 6. Plaintiff also stated that this information was in Washington State's control. Dkt. 78-1, at 6. And plaintiff stated that he would subpoena the DOC and produce any information for which he did not claim a privilege. Dkt. 78-1, at 6–7. Notwithstanding this, however, defendants contend that plaintiff has not provided any information about his infractions in King County Jail or at juvenile facilities. Dkt. 77, at 10.

Defendants argue that information about misconduct during incarceration is relevant to alleged damages because it bears on subjects such as whether plaintiff would have been able to

1 finish high school or maintain a career, absent his conviction. Dkt. 77, at 10–11. The Court agrees with defendants that these matters are relevant enough that defendants are entitled to an answer to interrogatory 10.

Plaintiff contends that this is unduly burdensome because he does not have the remaining records, from his incarceration in King County Jail or at juvenile facilities. While a responding party is not generally required to conduct extensive research to answer an interrogatory, a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

Here, plaintiff shall make a reasonable effort to obtain information responsive to this interrogatory and shall provide such information as is reasonably available regarding his infractions at King County Jail or juvenile facilities. If plaintiff is unable to obtain such information, he may file an affidavit stating the reasonable efforts that he has made to obtain the information.

## CONCLUSION

The motion to compel is granted in part and denied in part. Dkt. 77. Plaintiff shall fully respond to interrogatories 7 and 10, including making reasonable efforts to obtain responsive information. Plaintiff shall respond to interrogatory 3 and to requests for production 6, 9, 11 but the scope of these requests is limited to information and records beginning no earlier than plaintiff's first year of middle school. The motion to compel is denied with respect to request for production 8. The deadline for plaintiff to comply with this Order shall be **May 30, 2022.**

Dated this 2nd day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge