The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF IAN SIMMERS, by and through administrator, Donna Berube,<br><br>                     Plaintiff,<br><br>v.<br><br>KING COUNTY, *et al.*,<br><br>                     Defendants. | No. 2:21-cv-00100-BJR<br><br>DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S SUR-REPLY REGARDING EVIDENCE AND ARGUMENTS IN REPLY BRIEFS |

       Plaintiff's request that the Court disregard new evidence and "[n]ew [f]actual [a]rguments" submitted with the Defendants' reply briefs should be denied. The Defendants appropriately submitted additional materials with their replies, and Plaintiff has not identified any new arguments included in the replies.

       Local Civil Rule 7(b)(3) permits the moving party to file a reply brief in support of the motion, "together with any supporting material of the type described in subsection (1)." And the supporting material described in subsection (1) includes declarations and "other evidence presented in support of the motion." LCR 7(b)(1).

       One of the cases cited by Plaintiff for the proposition that it is improper to offer new evidence in reply, *United States v. Patterson*, 230 F.3d 1168 (9th Cir. 2000), did not reach this conclusion. In reviewing a criminal defendant's sentence, *Patterson* merely commented in footnote that arguments, not evidence, raised for the first time in a reply brief have been waived. *Id.* at 1172 n.3. The other case cited by Plaintiff—*Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-0106-LRH-VCF, 2016 WL 6208254 (D. Nev. Oct. 24, 2016)—noted that

DEFS.' JT. RESPONSE TO PL.'S SUR-REPLY RE
EVIDENCE & ARGUMENTS IN REPLY BRIEFS- 1
(No. 2:21-cv-00100-BJR)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

the court couldn't consider new evidence in reply because the other party didn't have an opportunity to respond. *Id.* at *2. Now, however, Plaintiff has responded to the materials submitted with the Defendants' replies, (*see* Dkt. 192), so they should not be disregarded.

**1.     Response regarding Jonathan Wyatt's interview (Dkt. 185-1, 187-1)**

The Defendants contend that the transcript from Mr. Wyatt's 2017 interview can't be used at all because it's inadmissible hearsay, not sworn testimony.

On summary judgment, the contents of the non-movant's evidence must be admissible at trial, even if the current form of the evidence is not. *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). Here, Plaintiff has not demonstrated that Mr. Wyatt will testify at trial. He invoked his Fifth Amendment right to silence during the criminal trial, (*see* Dkt. 146-4 at 3:25–5:10), and there is no reason to believe he might be willing to testify now. And Plaintiff failed to secure his deposition or a sworn declaration while discovery was open. (*See* Dkt. 192 at 3:21–23 (admitting Plaintiff could not require Mr. Wyatt's cooperation).)

Therefore, the transcript from Mr. Wyatt's interview should be disregarded because it's inadmissible hearsay and Plaintiff has not shown she will be able to present the evidence at trial. If the Court does consider any part of the transcript, the County Defendants provided the full transcript to correct Plaintiff's mischaracterization of Mr. Wyatt's statements.

Under Federal Rule of Evidence 106, if part of a statement is introduced, "an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Here, if the Court considers the portions of Mr. Wyatt's interview submitted by Plaintiff, the Court should also consider Mr. Wyatt's statements that undermine Mr. Simmers' testimony and Plaintiff's arguments about alleged fabrication of evidence. For instance, rather than denying any knowledge of the murder, Mr. Wyatt stated that he witnessed Mr. Simmers spontaneously confess to the murder immediately after being arrested. (*See* Dkt. 187-1 at 10:24–12:5, 13:12–19; 23:19–24:13.) Mr. Wyatt also stated it was "totally possible" he witnessed the murder but blocked it out. (*Id.* at 27:22–28:8.)

The Bothell Defendants submitted an additional portion of the statement of Wyatt

DEFS.' JT. RESPONSE TO PL.'S SUR-REPLY RE EVIDENCE & ARGUMENTS IN REPLY BRIEFS- 2
(No. 2:21-cv-00100-BJR)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

under the rule of completeness, which was proper. Rule 106 codified the common law Rule of Completeness, which exists to avert "misunderstanding or distortion" caused by introduction of only part of a document. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 172 (1988); *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). The Estate submitted limited portions of Wyatt's statement to support its argument that officers used abusive detention measures toward Wyatt and therefore must have used abusive detention measures toward Mr. Simmers. The example of taking their clothing into evidence and executing a search warrant was specifically called to the Court's attention. However, the Estate distorted the record by omitting the key statement that preceded the searches – Simmers confessing to the murder while being driven to the precinct. Plaintiff now claims Wyatt was "mistaken" when he said Simmers told police in the car that he stabbed the guy on the trail, and argues the Court should strike this fact from the record. However, Rule 106 and LCR 7(b) permit it to be considered. Plaintiff placed Wyatt's statement into evidence, not the Defendants. The Estate cannot sanitize the other relevant portions of the statement – *i.e.*, *why* Wyatt and Simmers were treated as potential suspects – by asking the Court to strike the portion of the statement that implicates Simmers.

**2.    Bothell's Response regarding Donna Berube's testimony (Dkt. 185-2)**

Plaintiff spent a lot of time arguing in its response that Simmers did not understand his rights or what it meant to waive his rights. The Bothell Defendants submitted additional excerpts from his mother's deposition testimony highlighting the number of times Simmers had encountered police officers, and been arrested, and been placed in juvenile detention, in order to reply to the Estate's response on this issue. This was not a new argument – it furthered the initial argument made by Defendants that Simmers knowingly and voluntarily waived his rights.

**3.    Bothell's Response regarding Kevin Olsen's testimony (Dkt. 185-3)**

Plaintiff argued Detective Hopkins decided to fabricate Kevin Olsen's testimony about Simmers confessing in jail after he allegedly learned of the DNA test results. The

DEFS.' JT. RESPONSE TO PL.'S SUR-REPLY RE EVIDENCE & ARGUMENTS IN REPLY BRIEFS- 3 (No. 2:21-cv-00100-BJR)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Bothell Defendants submitted additional evidence proving Simmers confessed to Olsen on November 12th prior to the DNA results. Using evidence submitted by Plaintiff, Defendants then argued the DNA test results were communicated to the King County prosecutor (not Hopkins) via U.S. Mail sent on November 14th with the date of actual receipt in the mail unknown; and there is no evidence Hopkins received any DNA test results before responding to Prosecutor Tod Bergstrom's call indicating Simmers had confessed to the murder to inmate Kevin Olsen. Once again, this evidence and argument is in direct reply to arguments made by Plaintiff in her response and is therefore proper and should not be stricken.

### 4. Plaintiff has not identified any new arguments in reply

Plaintiff did not identify any new arguments in the Defendants' reply briefs for the Court to disregard. Contrary to Plaintiff's contention, argument regarding the inferences from the audio recording of Mr. Simmers' confession is not new. The County Defendants argued in their summary-judgment motion that the audio recording confirmed Mr. Simmers was treated kindly and professionally by interviewing detectives, (Dkt. 137 at 8:16–18), and submitted a copy of the audio recording then, (Dkt. 140). So there is not a "new argument" to disregard.

DATED: May 21, 2024

| KEATING, BUCKLIN & McCORMACK | SEAMARK LAW GROUP |
|---|---|
| By: */s/ Shannon M. Ragonesi*<br>Shannon M. Ragonesi, WSBA #31951<br>Attorney for Defendants Hopkins, Miner, Ericks, Schlaegel, City of Bothell<br>801 Second Avenue, Suite 1210<br>Seattle, WA 98104<br>Phone: (206) 623-8861<br>Fax: (206) 223-9423<br>Email: sragonesi@kbmlawyers.com | *s/Nikki Carsley*<br>Geoff Grindeland, WSBA # 35798<br>Nikki Carsley, WSBA # 46650<br>Attorneys for King County, Maj. McSwain, & Capts. Baxter & Raftis<br>Seamark Law Group PLLC<br>400 Winslow Way E, Ste 230<br>Bainbridge Island, WA 98110<br>(206) 502-2510<br>geoff@seamarklaw.com<br>nikki@seamarklaw.com |

DEFS.' JT. RESPONSE TO PL.'S SUR-REPLY RE EVIDENCE & ARGUMENTS IN REPLY BRIEFS- 4
(No. 2:21-cv-00100-BJR)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
David B. Owens, WSBA #53856
LOEVY & LOEVY
c/o Civil Rights and Justice Center
University of Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110
Seattle, WA 98145-1110
T: 312-243-5900
Email: David@loevy.com; jon@loevy.com; gee@loevy.com

**Attorneys for Defendants McSwain, Raftus, Baxter, King County**
Geoffrey Grindeland, WSBA #35798
Nikki Carsley, WSBA #46650
SEAMARK LAW GROUP, PLLC
400 Winslow Way E, Suite 230
Bainbridge Island, WA 98110
Email: geoff@seamarklaw.com; nikki@seamarklaw.com

DATED: May 21, 2024

/s/ Shannon M. Ragonesi
Shannon M. Ragonesi, WSBA #31951
801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone: (206) 623-8861
Fax:   (206) 223-9423
Email: sragonesi@kbmlawyers.com

DEFS.' JT. RESPONSE TO PL.'S SUR-REPLY RE EVIDENCE & ARGUMENTS IN REPLY BRIEFS- 5
(No. 2:21-cv-00100-BJR)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423