The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF IAN SIMMERS, by and through administrator, Donna Berube.,

    Plaintiff,

v.

KING COUNTY, *et al.*,

    Defendants.

NO. 21-cv-100-BJR

**ORDER DENYING MOTION FOR ORDER REQUIRING PLAINTIFF TO PAY DR. WELNER'S INVOICE**

This matter comes before the Court on Defendants' Motion for Order Requiring Plaintiff to Pay Dr. Welner's Invoice. Dkt. No. 190. Having reviewed the motion, Plaintiff's opposition, and the remainder of the record, the Court finds as follows.[1]

Defendants seek to shift $4,218.75 in costs incurred by their retained expert, Dr. Michael Welner, in complying with the Court's May 12, 2023 Order requiring production of certain reports

---

[1] The motion was filed in May 2024 and shortly thereafter, this Court granted summary judgment to Defendants, dismissing this lawsuit. Dkt. 203. Plaintiff appealed to the Ninth Circuit and the parties agreed to defer ruling of Defendants' motion until after resolution of the appeal. Dkt. 214.

ORDER DENYING MOTION FOR ORDER REQUIRING PLAINTIFF TO PAY DR. WELNER'S INVOICE

- 1

and invoices from prior cases.[2]  When a court compels compliance with a subpoena over objection, Federal Rule of Civil Procedure 45(d)(2)(B)(ii) requires the court to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." The dispositive inquiry, therefore, is whether the subpoena imposed a "significant expense" on the non-party. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

On the record presented, Defendants have not shown that the expenses at issue meet that threshold. The compelled production was limited in scope and required the identification and production of a discrete set of largely pre-existing materials. Moreover, Dr. Welner is a retained expert who regularly engages in forensic work in litigation, and the tasks described fall within the ordinary course of such work. Under these circumstances, the Court cannot conclude that the claimed expenses constitute a "significant expense" warranting cost shifting under Rule 45(d)(2)(B)(ii).

Accordingly, Defendants' Motion for Order Requiring Plaintiff to Pay Dr. Welner's Invoice (Dkt. No. 190) is DENIED.

DATED this 30th day of April 2026.

Barbara Jacobs Rothstein
United States District Judge

---

[2]This motion was originally brought by all Defendants, but Plaintiff has since reached a settlement with the Bothell Defendants. Therefore, while the motion originally sought to impose $8,437.50 on Plaintiff, the remaining King County Defendants now only seek $4,218.75.

ORDER DENYING MOTION FOR ORDER REQUIRING PLAINTIFF TO PAY DR. WELNER'S INVOICE

- 2